Jahan C. Sagafi (Cal. Bar No. 224887)
Julia Rabinovich (Cal. Bar No. 290730)
OUTTEN & GOLDEN LLP
One Embarcadero Center, 38th Floor
San Francisco, CA 94111
jsagafi@outtengolden.com
jrabinovich@outtengolden.com
Telephone: (415) 638-8800
Facsimile: (415) 638-8810

*Attorneys for Plaintiff and Proposed Collective and Class Members*

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| RAVI WHITWORTH, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>SOLARCITY CORP.,<br><br>    Defendant. | Case No. _____<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT FOR VIOLATION OF FLSA AND STATE LAW**<br><br>CLASS ACTION, COLLECTIVE ACTION, AND REPRESENTATIVE ACTION<br><br>**DEMAND FOR JURY TRIAL** |

Complaint

Plaintiff Ravi Whitworth ("Plaintiff"), on behalf of himself and all others similarly situated file this class and representative action (the "Complaint") against SolarCity Corp. ("Defendant" or "SolarCity"), and allege as follows:

## <u>INTRODUCTION</u>

1.      SolarCity designs, finances, and installs solar photovoltaic systems for customers throughout the United States.  SolarCity employs certain nonexempt, hourly-paid workers to install, repair, and/or maintain solar power units located in customers' homes or worksites, with job titles such as Photo Installer, Junior Installer, Crew Lead, and other titles (the "Covered Positions").

2.      Plaintiff worked for SolarCity in a Covered Position.  Plaintiff brings this action on behalf of all similarly situated individuals, defined as all individuals who performed work in a Covered Position during the applicable statute of limitations in the relevant geography, as set forth in the class definitions in paragraphs 23-24 below.  Plaintiff and the individuals similarly situated to him are referred to herein generally as "Class Members."

3.      SolarCity maintained a policy and practice of failing to pay Plaintiff and Class Members for all hours worked, such as time that they spent traveling to and from worksites during the workday.  Plaintiff and Class Members spent significant time performing this work off the clock, and SolarCity did not pay them for this time.  Because much of this time qualifies as overtime within the meaning of applicable federal and state laws, Plaintiff and Class Members also were not paid overtime for this time.

4.      Plaintiff, individually and on behalf of all others similarly situated, seeks to recover unpaid wages and other damages owed under (1) the Fair Labor Standards Act ("FLSA") as a 29 U.S.C. § 216 collective action, (2) California Labor Code §§ 510 and 1194 for unpaid

Complaint

overtime compensation as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, (3) California Labor Code §§ 1182.12, 1194, 1197, 1194.2 and 1198 for unpaid minimum wages as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, (4) California Labor Code §§ 226.7 and 512 for meal and rest break violations as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, (5) California Labor Code §§ 201-203 and 256 for failure to timely pay wages upon termination as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, (6) California Labor Code § 226 for failure to provide accurate wage statements as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, (7) California Labor Code § 2802 for failure to indemnify employees' expenses and losses as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, (8) the Private Attorney General Act ("PAGA"), and (9) California Business & Professions Code § 17200 *et seq.* as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## <u>JURISDICTION</u>

5.   This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1367.

6.   This Court also has original jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because this is a class action in which: (1) there are 100 or more members in the proposed classes; (2) at least some members of the proposed classes have a different citizenship from Defendant; and (3) the claims of the proposed class members exceed $5,000,000 in the aggregate.

7.   This Court has jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367 because the state law claim and the federal claim are so closely related that they form part of the same case or controversy under Article III of the United States Constitution.

Complaint

8.   This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## **VENUE**

9.   Venue is proper in the Northern District of California because a substantial portion of the events forming the basis of this suit occurred in the Northern District of California.

## **INTRADISTRICT ASSIGNMENT**

10.   A substantial part of the events or omissions which give rise to the claims occurred in San Mateo County, Alameda County, and other counties in the San Francisco and Oakland Divisions, and therefore this action is properly assigned to the San Francisco or Oakland Division.  N.D. Cal. Local Rule 3-2(c)-(d).  SolarCity's headquarters is based in San Mateo County, and Plaintiff Whitworth worked for SolarCity in Alameda County.

## **PARTIES AND PERSONAL JURISDICTION**

### **Plaintiff Ravi Whitworth**

11.   Plaintiff Ravi Whitworth is an individual currently residing in California. Plaintiff Whitworth worked for SolarCity as a Photo Installer II from approximately August 24, 2015 to approximately November 10, 2015, based at its Berkeley, California location.  Plaintiff Whitworth was employed as a nonexempt, hourly-paid employee.

12.   Plaintiff Whitworth recalls working uncompensated hours during the week of November 4-10, 2015.  A more precise number of those uncompensated hours will be determinable once SolarCity provides copies of Plaintiff Whitworth's timekeeping data, which he has requested but not received.

13.   Plaintiff Whitworth's written consent form is attached hereto as Exhibit A.

- 4 -

Complaint

**Defendant SolarCity**

14.     Defendant SolarCity is a domestic for-profit corporation doing business in California.

15.     This Court has personal jurisdiction over SolarCity because it is a California corporation.  SolarCity also purposefully availed itself of the privileges of conducting activities in the state of California and established minimum contacts sufficient to confer jurisdiction over SolarCity, and the assumption of jurisdiction over SolarCity will not offend traditional notions of fair play and substantial justice and is consistent with the Constitutional requirements of due process.

16.     SolarCity has and continues to have continuous and systematic contacts with the state of California sufficient to establish general jurisdiction over SolarCity.

17.     In particular, SolarCity contracts with residents and businesses in California for its services provided by its workforce.  SolarCity advertises in California.  SolarCity also has multiple offices in California.

18.     SolarCity advertises, employs workers, owns property, and contracts with residents and businesses in California.  SolarCity provides solar panel design, installation, and maintenance services by California residents hired to perform said work.

19.     This cause of action arose from or relates to the contacts of SolarCity with California residents, thereby conferring specific jurisdiction over SolarCity as well.

20.     This cause of action arose from or relates to work done in California for which SolarCity owes earned wages.

21.     In particular, SolarCity employed California citizens and failed to pay them for compensable travel time spent traveling to and from worksites during the workday.  SolarCity

- 5 -

Complaint

also failed to pay these citizens for hours worked in excess of forty hours in accordance with the FLSA and the California Labor Code.  This claim is based on the exact contact that SolarCity has had with the forum state.

22.     Furthermore, SolarCity engaged in activities constituting business in the state of California in that SolarCity contracted with California residents, performance of the agreements with its customers in whole or in part thereof was to occur in California and SolarCity recruits or has recruited California residents for employment inside or outside this state.

## CLASS AND COLLECTIVE DEFINITIONS

23.     Plaintiff brings this action on behalf of a proposed nationwide collective of all individuals working in a Covered Position anywhere in the United States from March 29, 2013 onward, under the Fair Labor Standards Act ("FLSA"), as set forth in more detail below (the "FLSA Collective").  The FLSA Collective Members are similarly situated to Plaintiff and to each other.

24.     Plaintiff brings this action on behalf of a proposed nationwide collective of all individuals working in a Covered Position anywhere in California from March 29, 2012 onward, under California state law, as set forth in more detail below (the "California Class").

## FLSA COVERAGE

25.     At all material times, SolarCity has been an employer within the meaning of section 3(d) of the FLSA.  29 U.S.C. § 203(d).

26.     At all material times, SolarCity has been an enterprise within the meaning of section 3(r) of the FLSA.  29 U.S.C. § 203(r).

27.     At all material times, SolarCity has been an enterprise in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA because

Complaint

SolarCity has had and continues to have employees engaged in commerce.  29 U.S.C. § 203(s)(1).

28.    SolarCity has an annual gross business volume of not less than $500,000.

29.    SolarCity controlled the hours to be worked by Plaintiff and Class Members.

30.    SolarCity provided training to Plaintiff and Class Members.

31.    SolarCity directed the work of Plaintiff and Class Members.

32.    SolarCity maintained communication with Plaintiff and Class Members and received updates as to the status of their work.

33.    SolarCity provided direction on how each assigned task was to be performed by Plaintiff and Class Members.

## **FACTS**

34.    SolarCity is a service provider of solar power systems for various customers, including government agencies, corporations, and private individuals, throughout the United States.

35.    SolarCity operates its business throughout the United States, including in the following states: Arizona, California, Colorado, Connecticut, Delaware, Washington, D.C., Hawaii, Maryland, Massachusetts, Nevada, New Hampshire, New Jersey, New Mexico, New York, Oregon, Pennsylvania, Rhode Island, Texas, Vermont, and Washington.

36.    SolarCity contracts with companies, government agencies, and private individuals to provide installation, repair, and maintenance services to their solar power units throughout the United States.

37.    SolarCity employs installers on an hourly, nonexempt basis to provide these services for its customers.

Complaint

38.     Plaintiff's primary job duty was to install, repair, and maintain SolarCity's customers' solar photovoltaic systems.

39.     Plaintiff was treated and held out by SolarCity as an employee and he performed job duties which reflected such status.

40.     SolarCity failed to pay Plaintiff for all time worked, including travel time from one worksite to another, resulting in hours of off-the-clock work per day for which Plaintiff was never compensated.

41.     SolarCity failed to compensate Plaintiff and Class Members for substantial work time during their shifts by failing to properly record their work time.  For example, SolarCity allowed, encouraged, or required Plaintiff and Class Members to clock out during their shifts, including during time spent traveling from one job site to another.

42.     Much of this off-the-clock work qualifies as overtime under the FLSA and/or California law.

43.     Although SolarCity suffered or permitted Plaintiff and Class Members to work more than forty hours per workweek, which they frequently did due to SolarCity's scheduling practices and the off-the-clock work described above, SolarCity did not properly compensate them at the mandated time-and-a-half and double time rates as required by the FLSA and California law.

44.     No FLSA exemption applies to hourly-paid employees such as Plaintiff.

45.     Plaintiff was a nonexempt employee entitled to overtime wages under the FLSA and California law.

Complaint

46.     SolarCity's method of paying Plaintiff and Class Members in violation of the FLSA was willful, and was not based on a good faith or a reasonable belief that its conduct complied with the FLSA.

47.     SolarCity has also failed to provide Plaintiff and Class Members with statutorily mandated meal and rest breaks.

48.     SolarCity has also failed to indemnify Plaintiff and Class Members for reasonable business expenses.  One such category was the purchase of solar panel installation tools, incurred in the discharge of Plaintiffs' job duties.  Another category was mileage expenses incurred when Plaintiff and Class Members drove their own vehicles for work purposes.  A third category was use of a personal cell phone (a) to clock in and out of SolarCity's official timekeeping system using the LaunchPad application, to record hours worked, and (b) to watch training videos as required by SolarCity.

49.     SolarCity has moreover failed to timely pay wages upon termination of Plaintiff and other Class Members who are no longer employed with SolarCity and failed to timely provide Plaintiff and Class Members with accurate wage statements.

50.     Lastly, SolarCity has failed to ensure that its mobile work crew employees have immediately available transportation to readily accessible sanitation facilities in violation of Occupational Safety and Health Administration ("OSHA") regulations.  Specifically, OSHA regulations require that employers ensure that employees on mobile work crews have immediately available transportation to readily accessible sanitation facilities.  20 U.S.C. § 655; 29 CFR 1915.88(a).  Employees, including Plaintiff Whitworth, often had no such access while working at worksites.  This resulted in employees repeatedly having no alternative but to use bottles or buckets for urination and defecation outdoors.

Complaint

**FLSA COLLECTIVE ACTION ALLEGATIONS**

51.     Plaintiff has actual knowledge that the FLSA Class Members have also been denied overtime pay for hours worked over forty per workweek.  Plaintiff worked with other FLSA Collective Members, and as such, has personal knowledge of their existence, status as SolarCity's employees, lack of compensation for time spent traveling during the workday, and overtime violations.

52.     Other FLSA Collective Members worked for SolarCity in a similar capacity and were not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty hours per workweek.

53.     Plaintiff estimates that SolarCity has employed more than 2,000 FLSA Collective Members working throughout the United States, including in Arizona, California, Colorado, Connecticut, Delaware, Washington, D.C., Hawaii, Maryland, Massachusetts, Nevada, New Hampshire, New Jersey, New Mexico, New York, Oregon, Pennsylvania, Rhode Island, Texas, Vermont, and Washington during the last three years who were paid an hourly rate.

54.     SolarCity suffered or permitted such workers to work more than forty hours per week during at least one week in the last three years and failed to compensate them for work in excess of forty hours in a workweek.

55.     FLSA Class Members regularly work or have worked in excess of forty hours during a workweek.

56.     SolarCity's failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the FLSA Collective Members.

Complaint

57.     The experiences of Plaintiff, with respect to his pay, are typical of the experiences of the FLSA Collective Members.

58.     The specific job titles or precise job responsibilities of each FLSA Collective Member does not prevent collective treatment.

59.     All FLSA Collective Members, irrespective of their particular job requirements, are entitled to overtime compensation at the rate of time and a half for hours worked in excess of forty during a workweek.

60.     Although the exact amount of damages may vary among FLSA Collective Members, the damages for the Class Members can be readily calculated by reference to SolarCity's records and, if necessary, representative testimony.  The claims of all FLSA Collective Members arise from a common nucleus of facts.  Liability is based on a systematic course of wrongful conduct by the SolarCity that caused harm to all FLSA Collective Members.

## CALIFORNIA CLASS ALLEGATIONS

61.     Plaintiff incorporates all other paragraphs as though fully set forth herein.

62.     Plaintiff Whitworth brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the "California Class," as defined in paragraph 24, above.

63.     Numerosity.  Plaintiff estimates the size of  the California Class to be at least 700 individuals.  This size makes bringing the claims of each individual member of the class before this Court impracticable.  Likewise, joining each individual member of the California Class as a plaintiff in this action is impracticable.  The identity of the members of the California Class will be determined from SolarCity's records, as will the compensation paid to each of them.  As such,

Complaint

a class action is a reasonable and practical means of resolving these claims.  To require individual actions would prejudice the California Class and SolarCity.

64.     <u>Typicality</u>.  Plaintiff Whitworth's claims are typical of those of the California Class because like the members of the California Class Members, Plaintiff Whitworth was subject to SolarCity's uniform policies and practices and was compensated in the same manner as others in the California Class.  SolarCity failed to pay the California Class Members overtime compensation for all of their hours worked.  eight hoursforty hoursPlaintiff Whitworth and the California Class were paid at hourly rates below the correctly calculated overtime rate for hours worked over forty in a workweek and over eight in a work day.  Plaintiff Whitworth and the California Class Members have been uncompensated and/or under-compensated as a result of SolarCity's common policies and practices, which failed to comply with California law.

65.     <u>Adequacy</u>.  Plaintiff Whitworth is a representative party who will fairly and adequately protect the interests of the California Class because it is in his interest to effectively prosecute the claims herein alleged in order to obtain the unpaid wages and penalties required under California law.  Plaintiff Whitworth has retained attorneys who are competent in both class actions and wage and hour litigation.  Plaintiff Whitworth does not have any interest which may be contrary to or in conflict with the claims of the California Class he seeks to represent.

66.     <u>Commonality</u>.  Common issues of fact and law predominate over any individual questions in this matter.  The common issues of fact include, but are not limited to:

  a.   Whether Plaintiff Whitworth and the California Class Members worked more than eight hours in a day and/or more than forty hours in a workweek;

  b.   Whether SolarCity failed to pay Plaintiff Whitworth and the California Class Members overtime wages for all hours worked over eight hours in a

Complaint

day and/or forty hours in a workweek;

c.    Whether SolarCity failed to pay Plaintiff Whitworth and the California Class Members the correctly calculated overtime wage for hours worked;

d.    Whether SolarCity failed to provide or authorize meal periods and rest periods for Plaintiff Whitworth and the California Class Members;

e.    Whether SolarCity failed to pay Plaintiff Whitworth and the California Class Members all of their wages earned and due upon the termination of their employment;

f.    Whether SolarCity provided Plaintiff Whitworth and the California Class Members timely and accurate wage statements;

g.    Whether SolarCity failed to indemnify employees for their expenses and losses; and

h.    Whether SolarCity failed to provide its employees with access to sanitation facilities.

67.    The common issues of law include, but are not limited to:

a.    Whether time spent traveling between worksites is compensable time worked;

b.    Whether Plaintiff Whitworth and the members of the California Class, who are no longer employed by SolarCity, are entitled to waiting time penalties for SolarCity's failure to pay all of their wages upon termination of their employment;

c.    Whether SolarCity properly provided meal and rest periods in compliance with California law;

d.    Whether Plaintiff Whitworth and the California Class are entitled to compensatory damages;

e.    The proper measure of damages sustained by Plaintiff Whitworth and the California Class; and

f.    Whether SolarCity's actions were "willful."

68.    <u>Superiority</u>.  A class action is superior to other available means for the fair and efficient adjudication of this lawsuit.  Even in the event any member of the California Class

Complaint

could afford to pursue individual litigation against companies the size of SolarCity, doing so would unduly burden the court system.  Individual litigation would magnify the delay and expense to all parties and flood the court system with duplicative lawsuits.  Prosecution of separate actions by individual members of the California Class would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for SolarCity.

69.     Manageability.  A class action, by contrast, presents far fewer management difficulties and affords the benefits of uniform adjudication of the claims, financial economy for the parties, and comprehensive supervision by a single court.  By concentrating this litigation in one forum, judicial economy and parity among the claims of individual California Class Members are promoted.  Additionally, class treatment in this matter will provide for judicial consistency.  Trial of Plaintiff's class claims will be manageable because Plaintiff can rely on SolarCity's records, corporate testimony from SolarCity's management, and representative testimony from Class Members.

70.     Notice of the pendency and any resolution of this action can be provided to the California Class by mail, electronic mail, print, broadcast, internet and/or multimedia publication.  The identity of members of the California Class is readily identifiable from SolarCity's records.

71.     This type of case is well-suited for class action treatment because: (1) SolarCity's practices, policies, and/or procedures were uniform; (2) the burden is on SolarCity to prove that it properly compensated Plaintiff and Class Members; and (3) the burden is on SolarCity to accurately record hours worked by employees and meal periods taken.

72.     Ultimately, a class action is a superior form to resolve the California claims

Complaint

detailed herein because of the common nucleus of operative facts centered on the continued

failure of SolarCity to pay Plaintiff Whitworth and the California Class Members according to

applicable California laws.

**FIRST CAUSE OF ACTION**
**NATIONWIDE:  Failure To Pay Overtime**
**(Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*)**
**On Behalf of Plaintiff and the FLSA Collective**

73.     Plaintiff incorporates all other paragraphs as though fully set forth herein.

74.     At all relevant times, SolarCity has been, and continues to be, an "employer"

engaged in interstate commerce and/or in the production of goods for commerce, within the

meaning of the FLSA, 29 U.S.C. § 203.  At all relevant times, SolarCity has employed and

continues to employ, employees, including Plaintiff and the FLSA Collective.  At all relevant

times, upon information and belief, SolarCity has had gross operating revenues in excess of

$500,000.

75.     The FLSA requires each covered employer such as SolarCity to compensate all

nonexempt employees at a rate of not less than one-and-a-half times their regular rate of pay for

work performed in excess of forty hours in a workweek.

76.     Plaintiff and the FLSA Collective were not compensated for time spent traveling

between worksites even though this travel time occurred during the course of their workdays.

Much of this time qualifies as overtime hours worked, but Plaintiff and the FLSA Collective

were not paid overtime compensation for this time worked.

77.     Plaintiff and the FLSA Collective were entitled to be paid overtime compensation

for all overtime hours worked at the rate of one and one-half times their regular rate of pay.

78.     At all relevant times, SolarCity required Plaintiff and the FLSA Collective to

Complaint

work in excess of forty hours per workweek. Despite the hours worked by them, SolarCity willfully, in bad faith, and in knowing violation of the FLSA, failed and refused to pay Plaintiff and the FLSA Collective the appropriate overtime wages for all compensable time worked in excess of forty hours per workweek. By failing to compensate Plaintiff and the FLSA Collective at a rate of not less than one-and-a-half times the regular rate of pay for work performed in excess of forty hours in a workweek, SolarCity has violated the FLSA, 29 U.S.C. § 201 et seq., including 29 U.S.C. § 207(a)(1) and § 215(a).

79. Plaintiff, on behalf of himself and the FLSA Collective, seeks recovery of his damages, unpaid wages and unpaid overtime pay.

80. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

81. Plaintiff, on behalf of himself and the FLSA Collective, seeks recovery of his attorneys' fees and costs to be paid by SolarCity, as provided for by 29 U.S.C. § 216(b).

82. Plaintiff, on behalf of himself and the FLSA Collective, seeks recovery of liquidated damages.

83. As a result of SolarCity's willful and unlawful failure to pay Plaintiffs all of their earned overtime wages, Plaintiffs are entitled to recover their unpaid overtime wages, costs and reasonable attorneys' fees, and the relief requested below in the Prayer for Relief. Plaintiff, on behalf of himself and the FLSA Collective, seeks damages in the amount of his respective unpaid overtime compensation, liquidated damages from three years immediately preceding the filing of this action, plus interest and costs as allowed by law, pursuant to 29 U.S.C. §§ 216(b) and 255(a), and such other legal and equitable relief as the Court deems just and proper.

Complaint

## SECOND CAUSE OF ACTION
### CALIFORNIA:  Failure To Pay Overtime
### (California Labor Code §§ 510 and 1194)
### On Behalf of Plaintiff Whitworth and the California Class

84.    Plaintiff incorporates all other paragraphs as though fully set forth herein.

85.    At all relevant times, SolarCity was required to compensate its nonexempt employees for all hours worked.  Since at least four years prior to this lawsuit being filed to the present, SolarCity was required to compensate all of its employees for all overtime worked, at one-and-a-half times their regular rates of pay for hours worked in excess of eight hours per day or forty hours per workweek, and double-time for hours worked in excess of twelve (12) hours per day.  SolarCity was also required to pay one-and-a-half times the regular rate for the first eight hours worked on the seventh day of a workweek.

86.    SolarCity failed to properly record Plaintiff Whitworth's and the California Class Members' hours worked, including overtime.  For example, SolarCity allowed, encouraged, or required Plaintiff and the California Class Members to clock out during their shifts, including during time spent traveling from one job site to another.  Despite the provisions of California's overtime law, SolarCity has willfully failed and refused to pay the California Class, including Plaintiff Whitworth, overtime wages for any of the overtime hours they worked.

87.    The California Class, including Plaintiff Whitworth, has been deprived of their rightfully earned overtime wages as a direct and proximate result of SolarCity's failure and refusal to pay such compensation.

88.    SolarCity's conduct violates California Labor Code §§ 510 and 1194.  Therefore, pursuant to California Labor Code § 1194, the California Class, including Plaintiff Whitworth, is entitled to recover, and seeks to recover, damages for the nonpayment of overtime wages for all

Complaint

overtime hours worked in excess of eight hours per day, in excess of forty hours per workweek, for the first eight hours worked on the seventh day of a workweek, and double-time pay for the hours worked in excess of twelve in a day in addition to interest on such amounts pursuant to California Labor Code § 1194, plus reasonable attorneys' fees and costs of suit, and the relief requested below in the Prayer for Relief.

### THIRD CAUSE OF ACTION
**CALIFORNIA:  Failure To Pay Minimum Wage**
**(California Labor Code §§ 1182.12, 1194, 1197, 1194.2 and 1198)**
**On Behalf of Plaintiff Whitworth and the California Class**

89.     Plaintiff incorporates all other paragraphs as though fully set forth herein.

90.     At all relevant times, Plaintiff Whitworth and the California Class Members earned "wages" for labor or services rendered to SolarCity within the meaning of California Labor Code § 200(a) and/or "hours worked" within the meaning of the applicable Wage Order of the Industrial Wage Commission.

91.     Employers are required to pay their employees for all hours worked.  During all relevant times, SolarCity failed to properly pay Plaintiff Whitworth and the California Class Members for all the hours they worked and/or were subject to SolarCity's control.  Specifically, SolarCity failed to properly record all hours worked by the California Class Members.  For example, SolarCity allowed, encouraged, or required Plaintiff and Class Members to clock out during their shifts, including during time spent traveling from one job site to another.  SolarCity improperly withheld, deducted, and/or refused to pay wages for hours that Plaintiff Whitworth and the California Class Members worked.

92.     SolarCity's conduct deprived Plaintiff Whitworth and the California Class Members of full and timely payment for all hours worked in violation of the California Labor

- 18 -

Complaint

Code.

93.     SolarCity did not pay Plaintiff Whitworth and the California Class Members for all hours worked and did not properly pay Plaintiff Whitworth and the California Class Members, in violation of California Labor Code §§ 1182.12, 1194, 1197, and/or 1198.

94.     As a result of SolarCity's willful and unlawful failure to pay Plaintiff Whitworth and the California Class their earned wages, Plaintiff Whitworth and the California Class are entitled to recover their unpaid wages, liquidated damages, costs and reasonable attorneys' fees, and the relief requested below in the Prayer for Relief.

**FOURTH CAUSE OF ACTION**
**CALIFORNIA:  Failure to Provide Meal and Rest Periods**
**(California Labor Code §§ 226.7 and 512 *et seq*.)**
**On Behalf of Plaintiff Whitworth and the California Class**

95.     Plaintiff incorporates all other paragraphs as though fully set forth herein.

96.     California Labor Code requires employers to provide a 30-minute net meal period if the employee works more than five hours in a day, and a second 30-minute meal period if the employee works more than ten hours in a day.  See Cal. Lab. Code § 512.  This meal period must be free of all work duties.  The California Labor Code also requires employers to provide a 10-minute net rest period for each four-hour period worked, or major fraction thereof.

97.     SolarCity violated the meal and rest period laws by failing to provide meal periods to Plaintiff Whitworth and the California Class Members.

98.     Plaintiff Whitworth and the members of the California Class sue for all damages and penalties allowed under the law including payment of one additional hour of pay at the employees' regular rate of pay for each such violation.  *See* Cal. Lab. Code § 226.7.

Complaint

**FIFTH CAUSE OF ACTION**
**CALIFORNIA:  Failure To Pay All Wages Upon Termination**
**(California Labor Code §§ 201, 202, 203 and 256)**
**On Behalf of Plaintiff Whitworth and the California Class**

99.    Plaintiff incorporates all other paragraphs as though fully set forth herein.

100.    California Labor Code § 201 provides that any discharged employee is entitled to all wages due at the time of discharge.

101.    Where an employer willfully fails to pay discharged or resigning employees all wages due as required under the California Labor Code, the employer is liable to such employees under California Labor Code § 203 for waiting time penalties in the amount of one day's compensation at the employees' regular rate of pay for each day the wages are withheld, up to thirty days.

102.    During all relevant times, SolarCity knowingly and willfully violated California Labor Code §§ 201 and 202 by failing to pay Plaintiff Whitworth and members of the California Class who are no longer employed by SolarCity all wages owed as alleged herein.  SolarCity is therefore liable to Plaintiff Whitworth and members of the California Class who are no longer employed by SolarCity for waiting time penalties as required by California Labor Code § 203.

103.    Plaintiff Whitworth, individually and on behalf of the members of the California Class who are no longer employed by SolarCity, respectfully requests that the Court award all waiting time penalties due, and the relief requested below in the Prayer for Relief.

**SIXTH CAUSE OF ACTION**
**CALIFORNIA:  Failure to Provide Accurate Wage Statements**
**(California Labor Code § 226)**
**On Behalf of Plaintiff Whitworth and the California Class**

104.    Plaintiff incorporates all other paragraphs as though fully set forth herein.

105.    California Labor Code § 226 provides that an employer shall furnish its

- 20 -

Complaint

employees with accurate itemized statements in writing showing gross wages earned and total hours worked by the employee, among other items of information.

106.    During all relevant times, SolarCity knowingly and willfully violated California Labor Code § 226 by failing to provide Plaintiff Whitworth and members of the California Class with accurate wage statements as alleged herein.  SolarCity knowingly and willfully violated said Labor Code provision by providing Plaintiff Whitworth and members of the California Class with wage statements that systematically undercounted the number of hours that Plaintiff Whitworth and members of the California Class worked.  SolarCity is therefore liable to Plaintiff Whitworth and members of the California Class for providing inaccurate wage statements in violation of Labor Code § 226.

107.    Plaintiff Whitworth, individually and on behalf of the members of the California Class, respectfully requests that the Court award all penalties due, and the relief requested below in the Prayer for Relief.

### SEVENTH CAUSE OF ACTION
**CALIFORNIA:  Failure To Indemnify Employees' Expenses and Losses**
**(California Labor Code § 2802)**
**On Behalf of Plaintiff Whitworth and the California Class**

108.    Plaintiff incorporates all other paragraphs as though fully set forth herein.

109.    California Labor Code § 2802 provides that an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties.

110.    During all relevant times, SolarCity knowingly and willfully violated California Labor Code § 2802 by failing to pay Plaintiff Whitworth and members of the California Class all expenses owed as alleged herein.  SolarCity is therefore liable to Plaintiff Whitworth and

Complaint

members of the California Class for expenses incurred in direct consequence of the discharge of Plaintiffs' duties.

111.   Plaintiff Whitworth, individually and on behalf of the members of the California Class, respectfully requests that the Court award all expenses and losses due, and the relief requested below in the Prayer for Relief.

## EIGHTH CAUSE OF ACTION
### California PAGA Claims
### (California Labor Code §§ 2698 - 2699.5)
### On Behalf of Plaintiff Whitworth and the California Class

112.   Plaintiff incorporates all other paragraphs as though fully set forth herein.

113.   Under the California Private Attorneys General Act ("PAGA") of 2006, Cal. Labor Code §§ 2698-2699.5, an aggrieved employee, on behalf of himself or herself and other current or former employees as well as the general public, may bring a representative action as a private attorney general to recover penalties for an employer's violations of the California Labor Code and IWC Wage Orders.  These civil penalties are in addition to any other relief available under the Cal. Labor Code, and must be allocated 75% to California's Labor and Workforce Development Agency and 25% to the aggrieved employee, pursuant to Cal. Labor Code § 2699.

114.   Pursuant to Cal. Labor Code § 1198, SolarCity's failure to pay proper compensation to Plaintiff Whitworth and California Class Members, failure to provide them with meal and rest breaks, failure to pay them all wages due immediately upon discharge and within the time required by law after their employment ended, failure to provide Class Members with accurate wage statements, and failure to indemnify Class Members' expenses and losses is unlawful and constitutes violations of the Cal. Labor Code, each actionable under PAGA.

115.   Plaintiff Whitworth alleges, on behalf of himself and the California Class, as well

Complaint

as the general public, that SolarCity has violated the following provisions of the Cal. Labor Code and the following provisions of Cal. Wage Orders that are actionable through the Cal. Labor Code and PAGA, as previously alleged herein: Cal. Labor Code §§ 510, 1194, Cal. Labor Code §§ 1182.12, 1194, 1197, 1194.2 1198, Cal. Labor Code §§ 226.7, 512, Cal. Labor Code §§ 201-203, 205, and Cal. Labor Code §§ 226 & 2802.  Each of these violations entitles Plaintiff Whitworth, as private attorney general, to recover the applicable statutory civil penalties on his own behalf, on behalf of all aggrieved employees, and on behalf of the general public.

116.    Cal. Labor Code § 2699(a), which is part of PAGA, provides in pertinent part:

Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in § 2699.3.

117.    Cal. Labor Code § 2699(f), which is part of PAGA, provides in pertinent part:

For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows: … (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

118.    Plaintiff Whitworth is entitled to civil penalties, to be paid by SolarCity and allocated as PAGA requires, pursuant to Cal. Labor Code § 2699(a) for SolarCity's violations of the Cal. Labor Code and IWC Wage Orders for which violations a civil penalty is already specifically provided by law.  Further, Plaintiff Whitworth is entitled to civil penalties, to be paid by SolarCity and allocated as PAGA requires, pursuant to Cal. Labor Code § 2699(f) for SolarCity's violations of the Cal. Labor Code and IWC Wage Orders for which violations a civil

Complaint

penalty is not already specifically provided.

119.   On March 29, 2016, Class Representative Fowler provided written notice by certified mail to the California Labor & Workforce Development Agency ("LWDA") and to SolarCity of the legal claims and theories of this case contemporaneous with the filing of the Complaint in this action.

120.   Under PAGA, Plaintiff Whitworth and the State of California are entitled to recover the maximum civil penalties permitted by law for the violations of the Cal. Labor Code that are alleged in this Complaint.

121.   Plaintiff Whitworth, on behalf of himself and all California Class Members, also requests further relief set forth herein.

### NINTH CAUSE OF ACTION
**CALIFORNIA:  Unlawful and/or Unfair Competition Law Violations**
**(California Business & Professions Code § 17200 *et seq.*)**
**On Behalf of Plaintiff Whitworth and the California Class**

122.   Plaintiff incorporates all other paragraphs as though fully set forth herein.

123.   California Business & Professions Code § 17200 et seq. prohibits unfair competition in the form of any unlawful, unfair, deceptive, or fraudulent business practices.

124.   Plaintiff Whitworth brings this cause of action individually and as a representative of all others subject to SolarCity's unlawful acts and practices.

125.   During all relevant times, SolarCity committed unlawful, unfair, and/or fraudulent acts as defined by California Business & Professions Code § 17200.  SolarCity's unlawful, unfair, and/or fraudulent business practices include, without limitation, failing to pay overtime wages, failing to provide mandated meal and rest periods, failing to provide employees with accurate wage statements, failing to pay all wages upon termination in violation of California

Complaint

law, failing to indemnify employees' expenses and losses, and failing to provide employees with access to sanitation facilities in violation of OSHA regulations.

126.    As a result of these unlawful and/or unfair and/or fraudulent business practices, SolarCity reaped unfair benefits and illegal profits at the expense of Plaintiff Whitworth and the California Class.  SolarCity must disgorge these ill-gotten gains and restore to Plaintiff Whitworth and the California Class Members all wrongfully withheld wages, including, but not limited to minimum wages and overtime compensation.

127.    Plaintiff Whitworth, individually and on behalf of the members of the California Class, respectfully requests injunctive relief obligating SolarCity to comply with OSHA regulations.

128.    Plaintiff Whitworth, individually and on behalf of the members of the California Class, respectfully requests that judgment be awarded to provide restitution and interest, and the relief requested below in the Prayer for Relief.

## <u>PRAYER FOR RELIEF</u>

Plaintiff, on behalf of himself and all of the FLSA Collective Members and the California Class Members, pray for relief as follows:

A.  Certifying that this action may proceed as an FLSA collective action and California class action under Rule 23;

B.  Declaring that SolarCity's policies and/or practices of failing to pay overtime wages, to pay minimum wages, to provide and authorize meal and rest periods, to indemnify employees' expenses and losses, to provide accurate wage statements, to pay all wages earned upon termination of employment to the California Class, and to provide employees with access to sanitation facilities violate California

Complaint

law;

C. Declaring that SolarCity's above-mentioned policies and/or practices violate California Business and Professions Code § 17200 *et seq.*;

D. Preliminary, permanent, mandatory injunctive relief prohibiting SolarCity, its officers, agents, and all those acting in concert with it, from committing in the future those violations of law herein alleged;

E. Declaring that SolarCity's policies and/or practices of failing to pay overtime wages to the FLSA Collective Members violates the FLSA;

F. Awarding damages, liquidated damages, restitution, and/or statutory penalties to be paid by SolarCity for the causes of action alleged herein;

G. Awarding costs and expenses, including reasonable attorneys' fees and expert fees, pursuant to 29 U.S.C. § 216, state law, and as otherwise permitted by law;

H. Awarding class representative service payments to Plaintiff and all other class representatives for their service to the FLSA Collective Members, the Class Members, and the public; and

I. Ordering such other and further legal and equitable relief the Court deems just, necessary and proper.

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, on behalf of himself and all others similarly situated, respectfully demands a trial by jury.

Complaint

DATED:  March 29, 2016                    By: /s/ Jahan C. Sagafi

                                               Jahan C. Sagafi (Cal. Bar No. 224887)
                                               Julia Rabinovich (Cal. Bar No. 290730)
                                               OUTTEN & GOLDEN LLP
                                               One Embarcadero Center, 38th Floor
                                               San Francisco, CA  94111
                                               Telephone:  (415) 638-8800
                                               Facsimile:  (415) 638-8810
                                               jsagafi@outtengolden.com
                                               jrabinovich@outtengolden.com

                                               *Attorneys for Plaintiff and Proposed Collective*
                                               *and Class Members*

- 27 -

Complaint

# Exhibit A

## Consent To Join Form

I work or worked for SolarCity Corp. ("SolarCity") on or after March 29, 2012 as an exempt installation employee ("installer") and worked uncompensated overtime.

I choose to participate in the lawsuit titled *Whitworth v. SolarCity Corp.*, Case No. Civ. (N.D. Cal.), to recover unpaid overtime pay under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b), and other relief under state and federal law.

I choose to be represented in this action by the named plaintiff and Outten & Golden LLP ("Plaintiffs' Counsel").  I agree to be bound by their decisions in the litigation and by any adjudication of this action by a court, whether it is favorable or unfavorable.  I understand that reasonable costs expended by Plaintiffs' Counsel on my behalf will be deducted from any settlement or judgment amount on a pro-rata basis among all other plaintiffs.  I understand that Plaintiffs' Counsel will petition the Court to award them attorneys' fees from any settlement or judgment.

I also consent to join any separate or subsequent action to assert my claims against SolarCity, and/or any related entities or persons potentially liable.

Print Name: RAVI WHITWORTH

Signature:   RAVI WHITWORTH

Date:        03-26-2016