Jahan C. Sagafi, Cal. Bar No. 224887
Julia Rabinovich, Cal. Bar No. 290730
OUTTEN & GOLDEN LLP
One Embarcadero Center, 38th Floor
San Francisco, CA 94111
Telephone:  415-638-8800
Facsimile:  415-638-8810
E-Mail:  jsagafi@outtengolden.com
E-Mail:  jrabinovich@outtengolden.com

Robert N. Fisher, Cal. Bar No. 302919
OUTTEN & GOLDEN LLP
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  212-245-1000
Facsimile:  646-509-2059
E-Mail:  rfisher@outtengolden.com

*Attorneys for Plaintiff, Aggrieved Employees, and Proposed Class Members*

William Fred Norton, Cal. Bar No. 224725
Peter Urias, Cal. Bar No. 255306
Muizz Rafique, Cal. Bar No. 259052
SOLARCITY LEGAL DEPARTMENT
SOLARCITY CORPORATION
3055 Clearview Way
San Mateo, CA 94402
Telephone: 650-963-5149
E-Mail:  fnorton@solarcity.com
E-Mail:  purias@solarcity.com
E-Mail:  mrafique@solarcity.com

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| RAVI WHITWORTH, individually and on behalf of all others similarly situated, | Case No. 3:16-cv-01540-JSC |
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT** |
| v. | |
| SOLARCITY CORP., | Date:         October 13, 2016<br>Time:         1:30 p.m.<br>Courtroom: F, 15th  Floor |
| Defendant. | Judge:       Hon. Jacqueline Scott Corley |

Plaintiff Ravi Whitworth ("Plaintiff") and Defendant SolarCity Corporation ("SolarCity") jointly submit this Case Management Statement. Counsel for the parties have worked together cooperatively to try to find common ground where possible and, where it was not possible to agree, have set forth the parties' respective positions.

I.      **Jurisdiction and Service**

Plaintiff alleges that this Court has subject matter jurisdiction over Plaintiff's claim arising under section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), pursuant to 28 U.S.C. § 1331.

Plaintiff alleges that this Court has original jurisdiction over his claims under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because this is a class action in which (1) there are 100 or more members in the proposed Class; (2) at least some members of the proposed Class have a different citizenship from SolarCity; and (3) the claims of the proposed Class Members exceed $5,000,000 in the aggregate. SolarCity denies that the claims of the proposed Class Members in this matter exceed $5,000,000 and reserves its right to oppose jurisdiction under CAFA.

Plaintiff alleges that the Court has supplemental jurisdiction under 28 U.S.C. § 1367 over his state law claims because Plaintiff contends those claims are so closely related to his federal claim that they form part of the same case or controversy. SolarCity reserves its right to contest supplemental jurisdiction.

SolarCity has been served. No questions exist regarding personal jurisdiction or venue except that SolarCity contends that this case must be submitted to arbitration.[1] Plaintiff believes that this Court is the appropriate forum for the claims and that they must not be submitted to arbitration. SolarCity has filed a motion to compel arbitration which is discussed in more detail in Section 4 below.

II.     **Facts**

Plaintiff's Statement:

Plaintiff was employed by SolarCity as a Photo Installer II from approximately August 24,

---

[1] The parties agree that SolarCity's participation in submitting this document does not constitute or support an argument that it has waived any power to compel arbitration here.

2015 to approximately November 10, 2015.  On March 29, 2016, Plaintiff filed this action alleging that SolarCity (1) has failed to pay him and other nonexempt hourly-paid employees involved in the installation and maintenance of solar systems such as Photo Installers, Junior Installers, and Crew Leads ("Installers") for travel time during the workday, (2) has not provided California Installers with statutorily protected meal and rest breaks, and (3) has failed to indemnify California Installers for reasonable business expenses such as the purchase of tools necessary for solar panel installation and for the use of personal cell phones for SolarCity employment purposes.  In light of these violations, Plaintiff alleges that SolarCity has committed related violations, including failure to furnish accurate wage statements and failure to timely pay wages upon termination.  In addition, Plaintiff alleges that SolarCity has failed to make sanitation facilities accessible to its mobile employees in violation of Occupational Safety and Health Administration ("OSHA") regulations.  Plaintiff has brought his claims under the FLSA; the California Labor Code; California's Private Attorney General Act; and California Business and Professions Code § 17200 on behalf of himself and classes of employees nationwide and throughout California, as appropriate.  There are an estimated 700 potential class members in California and an additional 1,300 potential class members outside of California.

As discussed below in Section 8, SolarCity has produced payroll data that supports Plaintiff's overtime and meal break claims.

SolarCity's Statement:

As set forth in SolarCity's pending Motion to Compel, Plaintiff's claims should be compelled to binding individual arbitration.

Plaintiff was employed by SolarCity for just over two months.  During that time, SolarCity paid Plaintiff for all hours worked, in accordance with its Company policies, including for any otherwise non-compensable travel time during the workday.  SolarCity also provided Plaintiff applicable meal and rest breaks, as well as its policy for the reimbursement of all reasonable and necessary business expenses in accordance with California law.  As a result, Plaintiff was provided accurate wage statements and timely paid all wages upon his separation.  SolarCity appropriately made sanitation facilities available in accordance with Occupational

1  Safety and Health Administration ("OSHA") regulations.  Contrary to Plaintiff's allegations,

2  SolarCity's informal production of Plaintiff's timesheets and payroll data confirms that Plaintiff

3  recorded and was paid for all hours worked, including travel time and that he was provided all

4  meal breaks and permitted all rest breaks in accordance with applicable law.  Additionally,

5  SolarCity's policy provided that Plaintiff would be reimbursed for all reasonable and necessary

6  business expenses.

7       SolarCity's policies concerning the above areas are in compliance with applicable federal

8  and state law. As a result, Plaintiff cannot show that there was any common policy or plan that

9  violated the law.  Further, to the extent that Plaintiff or any other putative class members contend

10  they were not paid for all hours worked, not provided meal periods or permitted rest breaks and/or

11  not reimbursed for business expenses (which SolarCity denies), those instances would have been

12  in contravention of SolarCity's own policies. As a result, they would require an individualized

13  inquiry into the reason why SolarCity policies were not followed.

14       The principal factual issues in dispute are:

15       Whether the parties are bound by the Arbitration Agreement;

16       Whether Plaintiff's claims may proceed in court;

17       Whether the court has supplemental jurisdiction over Plaintiff's California Labor Code

18  claims;

19       Whether some or all of Plaintiff's travel time was compensable under California or federal

20  law;

21       Whether the individuals whom Plaintiff seeks to represent are similarly situated to him;

22       Whether Plaintiff and proposed Class Members worked more than 40 hours per week or

23  eight hours per day;

24       Whether SolarCity failed to provide Plaintiff with required meal and rest breaks;

25       Whether SolarCity failed to pay Plaintiff California's minimum wage;

26       Whether SolarCity failed to pay Plaintiff all wages due upon his termination;

27       Whether SolarCity failed to provide Plaintiff with accurate wage statements;

28

Whether SolarCity failed to indemnify Plaintiff for his necessary expenditures or losses incurred by in direct consequence of the discharge of his duties;

Whether SolarCity failed to provide employees with access to sanitation facilities;

Whether any of the individuals who have opted in to the lawsuit are similarly situated as required by 29 U.S.C. § 216(b);

Whether there are individuals similarly situated to Plaintiff who are so numerous that joinder would be impracticable;

Whether there are questions of law or fact common to the alleged class;

Whether the claims of the representative party are typical of the claims of the interest of the alleged class;

Whether the representative party will fairly and adequately protect the interests of the alleged class.

**III.    Legal Issues**

Whether the class waiver arbitration agreement between Plaintiff and SolarCity is enforceable;

Whether there are other employees who are similarly situated to Plaintiff;

Whether Plaintiff and other similarly situated California employees were entitled to meal and rest breaks under California law;

Whether Plaintiff and other similarly situated employees were entitled to overtime pay under the FLSA;

Whether Plaintiff and other similarly situated California employees were paid the minimum wage required by the California Labor Code

Whether Plaintiff and other similarly situated California employees were entitled to overtime under the California Labor Code;

Whether some or all of the travel time of Plaintiff and other situated California employees was compensable under either California or federal law;

Whether Plaintiff and other similarly situated California employees were entitled to meal and rest breaks under the California Labor Code;

1    Whether the wage statements provided to Plaintiff and other similarly situated California

2    employees satisfied the legal requirements of the California Labor Code;

3    Whether Plaintiff and other similarly situated California employees were entitled to

4    indemnification for necessary expenditures or losses incurred by in direct consequence of the

5    discharge of their duties;

6    Whether SolarCity's alleged conduct violates California's Unfair Competition Law, Cal.

7    Bus. & Prof. Code § 17200, *et seq.*;

8    Whether the Court should conditionally certify a collective action and permit the sending

9    of notice to potential collective action members pursuant to the Supreme Court's decision in

10   *Hoffmann-La Roche v. Sperling*, 493 U.S. 165 (1989) and subsequent case law; and

11   Whether a class or classes of SolarCity employees should be certified pursuant to Federal

12   Rule of Civil Procedure 23 as to causes of action under state law.

13   **IV.    Motions**

14   Joint Statement

15   On May 26, 2016, SolarCity filed a motion to compel arbitration ("Arbitration Motion").

16   Initially, the hearing on SolarCity's motion was scheduled for the same day as the initial case

17   management conference ("Initial CMC"), June 30, 2016.  After the motion was fully briefed, the

18   Court (1) vacated the hearing and ordered the parties to submit supplemental briefing regarding

19   whether the Court should stay the matter pending the Ninth Circuit's disposition of *Morris v.*

20   *Ernst & Young, LLP*, No. 13-16599, and (2) continued the Initial CMC from June 30, 2016 to

21   August 18, 2016.  Dkt. No. 26.  The parties each submitted supplemental briefs acknowledging

22   that a stay was appropriate.  Dkt. Nos. 28 and 29.

23   On July 8, 2016, the Court stayed the action pending the disposition of *Morris*, directed

24   the parties to file a status report within 30 days of the decision in *Morris*, and vacated the Initial

25   CMC.

26   On August 22, 2016, the Ninth Circuit issued its decision in *Morris*.  2016 WL 4433080

27   (9th Cir. Aug. 22, 2016).  On September 21, 2016, the parties submitted a joint status report, ECF

28

1    No. 34.  On September 27, 2016, the Court scheduled the Initial CMC for October 13, 2016 at

2    1:30 p.m.

3            SolarCity's Arbitration Motion is fully briefed and ready for decision, and the parties

4    agree that the stay should remain in place until the motion has been decided.

5                    Plaintiffs' Statement

6            Plaintiff believes that *Morris* requires denial of SolarCity's motion, because the arbitration

7    agreement and SolarCity's efforts to require individualized arbitration constitute violations of

8    Plaintiff's and the proposed Classes of Installers' rights to engage in concerted activity to

9    improve the terms and conditions of employment under the National Labor Relations Act § 7.  29

10   U.S.C. § 157 (§ 7) (protecting "the right . . . to engage in other concerted activities for the purpose

11   of collective bargaining or other mutual aid or protection"); 29 U.S.C. § 158(a)(1) (§ 8) ("It shall

12   be an unfair labor practice for an employer . . . (1) to interfere with, restrain, or coerce employees

13   in the exercise of the rights guaranteed in section 7.").  Separately, Plaintiff's Private Attorney

14   General Act ("PAGA") claim cannot be compelled to arbitration.  *Sakkab v. Luxottica Retail N.*

15   *Am., Inc.*, 803 F.3d 425 (9th Cir. 2015).

16           Once the Arbitration Motion is decided, Plaintiff submits that the litigation should

17   proceed, with the parties continuing to engage in discovery.  Plaintiff believes that SolarCity's

18   anticipated request for a stay would not be appropriate, because any decision overturning both

19   *Morris* and *Sakkab* would be highly unlikely and not likely to be reached soon.

20           Plaintiff is likely to file any or all of the following motions:  (1) a Motion for FLSA

21   Conditional Collective Action Certification and (2) a Motion for Rule 23 Class Certification.

22   Plaintiff may also file a motion for summary judgment or summary adjudication.

23           In addition, Plaintiff may file a motion compelling SolarCity to produce the class list (i.e.,

24   the names and contact information for potential Class Members), in order to advise potential

25   Class Members that the lawsuit is pending, so that they are aware of the importance of preserving

26   documents and information and they can take steps to preserve their statutes of limitations.

27

28

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 16-CV-01540-JSC

1    SolarCity's Statement

2         SolarCity believes that this case should remain stayed until the question of whether or not

3    Plaintiff's claims are subject to individual arbitration has reached a final determination.

4         Further, depending on the outcome of other cases that also have arbitration motions

5    pending, it is possible that a number of other cases alluded to by Plaintiff, may become related to

6    this matter and would require official judicial coordination.  In order to promote judicial economy

7    and effective use of the Parties time and the Court's resources, the resolution of arbitrability of

8    not only this case, but the other pending cases is required.

9         If this case was to proceed, SolarCity may file a 12(b) motion and/or a motion for

10   summary judgment or partial summary judgment, including a possible motion to dismiss

11   Plaintiff's state-law claims for lack of jurisdiction.

12   **V.    Amendment of Pleadings**

13        Plaintiff anticipates that he may seek to amend the complaint to add plaintiffs asserting

14   additional state law claims and additional Rule 23 class allegations.  Plaintiff anticipates seeking

15   leave to amend through a stipulation with SolarCity, but if SolarCity declines to stipulate, then

16   Plaintiff will bring a motion seeking leave to file an amended complaint.

17        In Plaintiff's counsel's experience, in hybrid FLSA/state law actions like this one, when

18   class members learn of the litigation from the FLSA notice, some of them contact Plaintiff's

19   counsel and ask to join the action as named class representatives asserting claims under state law

20   on a Rule 23 basis.  Therefore, Plaintiff proposes that the deadline for amendment be 60 days

21   after (a) the close of the opt-in period following FLSA certification or (b) the denial of Plaintiffs'

22   FLSA certification motion.

23        SolarCity proposes that the deadline for amendment should be 30 days from the date of

24   the scheduling conference or, at the latest, 30 days after the final resolution of whether or not

25   Plaintiff's claims should be submitted to arbitration.

26   **VI.   Evidence Preservation**

27        The parties have reviewed the Guidelines Relating to the Discovery of Electronically

28   Stored Information.  The parties will confer regarding reasonable and proportionate steps to

1  preserve ESI as appropriate once the scope of the claims before the Court is determined after a

2  decision on Defendant's motion to compel arbitration.

3       The parties understand their duty to preserve records, including paper and electronic

4  copies, and have taken steps to preserve all documents potentially relevant to this action in their

5  possession.

6  **VII.**   **Disclosures**

7       Plaintiff has served his initial disclosures.

8       This case is currently stayed pending a final determination on SolarCity's motion to

9  compel arbitration.

10 **VIII.**  **Discovery**

11      Joint Statement:

12      The parties do not anticipate limitations or modifications of the discovery rules at this

13 time.

14      Plaintiff's Statement:

15      1.       Discovery in this action.   On June 20, 2016, Plaintiff served his first set of requests

16 for production, seeking documents regarding SolarCity's employment practices, time recording

17 by Installers, compensation of Installers, meal and rest break policies and practices, expense

18 reimbursement policies and practices, the class list, and other topics relevant to Plaintiff's and the

19 proposed Class Members' claims.   Courts routinely permit pre-conditional certification discovery

20 "for defining the proposed class or determining whether the named plaintiffs are similarly situated

21 to members of the proposed class."  *Allen v. Mill-Tel, Inc.*, 283 F.R.D. 631, 635 (D. Kan. 2012)

22 (internal citation omitted); *see also Hibbs-Rines v. Seagate Techs., LLC.*, No. C 08-05430 SI,

23 2009 WL 513496 (N.D. Cal. Mar. 2, 2009) (Illston, J.) (noting that discovery "is integral to

24 developing the shape and form of a class action") (citation and internal quotation marks omitted).

25      To date, SolarCity has informally produced payroll data and time entry data for Plaintiff

26 and the two opt-ins.

27

28

1    On July 25, 2016, SolarCity responded to Plaintiff's discovery requests by objecting to

2    each request on the ground that the requests are "premature and noncompliant with this Court's

3    Order Staying Action (the 'Order'), dated July 8, 2016" (among other objections).

4        Plaintiff submits that now that *Morris* has been decided, the stay should be lifted.

5        2.    Coordination with related cases.  Plaintiff is exploring coordination of discovery

6    with overlapping actions.  There are three potentially overlapping actions of which the parties are

7    aware:

8        (a)    *Irving v. SolarCity Corp.*, No. Civ. 525975 (San Mateo Co. Super. Ct.;

9    complaint filed Dec. 24, 2013).  *Irving* was brought by an energy advisor on behalf of all

10   nonexempt California employees, asserting overtime miscalculation and related claims.  Plaintiff

11   understands that *Irving* is unlikely to involve significant overlapping issues because it seems

12   unlikely that any certified class would overlap with any certified class in this action, since Irving

13   was an energy advisor, and Whitworth was an installer.

14       (b)    *Zazueta v. Solar City Corp.*, No. BC623066 (Los Angeles Co. Super Ct.;

15   complaint filed June 7, 2016).  *Zazueta* was brought by a PV installer on behalf of other

16   aggrieved employees in California, asserting some or all of the claims asserted herein.  Zazueta

17   may overlap substantially with this action.

18       (c)    *Carranza v. SolarCity Corp.*, No. 16-CV-01887 (Santa Cruz Co. Super.

19   Ct.; complaint filed July 25, 2016).  *Carranza* was brought by plaintiffs who "performed

20   installation, repair and maintenance duties" on behalf of similarly situated hourly employees in

21   California asserting claims for off-the-clock, meal and rest break, expense reimbursement, and

22   related violations.  *Carranza* overlaps substantially with this action, and Carranza's counsel have

23   expressed willingness to coordinate discovery with Plaintiffs in this action.

24       Depending on the results of Plaintiff's discussions with counsel for the plaintiffs in these

25   three cases, Plaintiff intends to seek coordination of discovery among some or all of the cases,

26   preferably through stipulation with SolarCity.

27       SolarCity's Statement:

28       All three above actions are also subject to pending motions to compel arbitration and

- 10 -

1    SolarCity's position is that each must be individually arbitrated.  If, however, it is ultimately

2    determined that these matters will proceed in court, they may become related actions and

3    SolarCity may seek judicial coordination of these actions.  Plaintiff's representations above

4    concerning the desire and necessity to coordinate discovery provide yet another basis to stay this

5    action until the arbitrability issue of all the related actions is resolved.

6    **IX.    Class Actions**

7         Plaintiff's complaint asserts claims on behalf of a proposed nationwide FLSA collective

8    and a state law class Rule 23 class or classes.  Should additional plaintiffs step forward who wish

9    to represent classes under the laws of states other than California, Plaintiff may seek to amend the

10   complaint to include those plaintiffs as proposed class representatives and include those state law

11   classes in the Rule 23 motion.

12   **X.    Related Cases**

13        The parties know of no related cases in this District in which a number of potential class

14   members' claims are at issue.

15        Plaintiff's Statement

16        Plaintiff seeks confirmation of the scope and importance of Local Rule 3-13(a), which

17   mandates:

18             Whenever a party knows or learns that an action filed or removed to
               this district involves all or a material part of the same subject matter
19             and all or substantially all of the same parties as another action
               which is pending in any other federal or state court, the party must
20             promptly file with the Court in the action pending before this Court
               and serve all opposing parties in the action pending before this
21             Court with a Notice of Pendency of Other Action or Proceeding.

22

23        Pursuant to that Rule, simultaneously with the filing of this CMC Statement, Plaintiffs are

24   filing a Notice of Pendency of Other Actions or Proceedings listing *Irving*, *Zazueta*, and

     *Carranza*.  No party has filed a Rule 3-13 Notice in this action to date.
25
          SolarCity appears to have a narrower interpretation of Local Rule 3-13 than Plaintiff does,
26
     and this creates uncertainty for the parties and Court.  Plaintiff believes that although the named
27
     parties in this action and *Irving*, *Zazueta*, and *Carranza* do not overlap, an overlap in proposed
28

1    classes, collectives, and/or groups of aggrieved employees is sufficient to trigger Rule 3-13,

2    because the rationale underlying Rule 3-13 so warrants.

3        Plaintiffs believe that this rule exists to ensure that courts and parties are aware of similar

4    cases outside this District (cases within the District are covered by Rule 3-12) that bear on the

5    litigation at hand.  Careful adherence to this rule is particularly critical in class, collective, and

6    other representative actions, because it minimizes the information disparity between plaintiffs and

7    defendants where there are multiple representative cases against one defendant.   The defendant

8    knows of the multiple cases, because it is named as a party in each action, but the plaintiffs often

9    do not know of each other's existence.  This information disparity gives defendants a strategic

10   advantage, creating opportunities for three types of problems.

11       First, a defendant with superior information can make procedural decisions to maximize

12   the chance of getting rulings in its favor (e.g., pursue a discovery issue in court A, which is more

13   receptive to its position than court B, and pursue a merits issue in court B, which is more

14   receptive to its position than court A).

15       Second, when plaintiffs do not know of the existence of parallel, overlapping litigation,

16   they invest resources inefficiently – for example, two different plaintiffs in different courts may

17   proceed to trial unaware of each other, creating opportunities for inconsistent rulings and wasted

18   attorney time and costs.

19       Third, a defendant can pursue a "reverse auction" with the plaintiff in the weaker

20   bargaining position by offering a low-value settlement, unbeknownst to the other plaintiff.  This

21   is "the practice whereby the defendant in a series of class actions picks the most ineffectual class

22   lawyers to negotiate a settlement with in the hope that the district court will approve a weak

23   settlement that will preclude other claims against the defendant."  *Reynolds v. Beneficial Nat.*

24   *Bank*, 288 F.3d 277, 282-83 (7th Cir. 2002) (Posner, J.) (citing authorities).  Rubenstein, 4

25   Newberg on Class Actions § 13:57 (5th ed.) ("[C]ourts are wary of situations in which there are

26   multiple class suits, defendants settle one of the cases in order to preclude the other actions, and

27   the settlement with that particular group of plaintiffs and their counsel seems suspicious.");

28   *Acosta v. Trans Union, LLC*, 243 F.R.D. 377, 399 (C.D. Cal. 2007) (preliminary approval denied

1    where the court "[could not] avoid the conclusion that the process by which [the settlement] was

2    reached is strikingly similar" to a reverse auction).

3          The mischief made possible by avoidance of Rule 3-13's coverage appears to be an

4    increasingly common problem.  For example, just last week Judge Chen chastised a defendant for

5    failure to file a Rule 3-13 notice in a class/PAGA action that was stayed pending arbitrations,

6    when an overlapping state court PAGA action and, several months later, settled, possibly wiping

7    out the *Cobarruviaz* PAGA claim.  *Cobarruviaz v. Maplebear, Inc.*, No. 3:15-cv-00697-EMC,

8    ECF No. 126 (N.D. Cal. Sep. 30, 2016).  Judge Chen explained:

9
10               The Court expresses strong dissatisfaction with Instacart's violation
                 of Rule 3-13.  Any doubts regarding the applicability of Rule 3-13
11               should be resolved in favor of disclosure, especially where there is
                 no harm suffered by such disclosure – other than a loss of a
12               strategic litigation advantage.  By taking a narrow view of Rule 3-
                 13, Instacart obtained a potential benefit for itself at the expense of
13               important public policies that undergird Rule 3-13.

14               [Rule 3-13] facilitates coordination among courts where there is
                 multiple parallel litigation. . . .  The existence of multiple
15               overlapping class actions raises the risk of reverse auctions where
                 the defendants pick the most vulnerable or compliant plaintiff with
16               which to settle and bind all other suits.  Even in the absence of a
                 reverse auction, coordination between overlapping class actions is
17               important.  Coordination among courts can avoid "[c]onflicts
                 between class actions, or between a class action and individual
18               actions," . . . and "reduce the costs, delays, and duplication of effort
                 that often stem from . . . dispersed litigation. . . ."  Without a proper
19               notice under Rule 3-13, that coordination cannot be obtained.

20   *Id.* at 3:3-4:1 (citations omitted).

21          For these reasons, Plaintiff respectfully request that, the Court confirm that Rule 3-13

22   applies to uncertified representative actions (including class actions, collective actions, and

23   PAGA actions).

24          SolarCity's Statement

25          SolarCity also welcomes the Court's clarification of Rule 3-13.

26

27

28

1   **XI.     Relief**

2           Plaintiff's Statement:

3           Plaintiff seeks, on behalf of himself and all collective and class action members, the relief

4   set forth in the Complaint, including compensation for off-the-clock work; liquidated damages;

5   penalties for waiting time violations, record-keeping violations, failure to pay all wages upon

6   termination, failure to provide accurate wage statements, failure to indemnify employees for

7   business expenses for California Class Members and missed rest and meal breaks; penalties under

8   PAGA; interest; injunctive relief; class representative service award(s); and attorneys' fees and

9   costs.

10          Plaintiff cannot currently calculate damages because SolarCity has not yet produced

11  payroll information from which to determine Class Members' regular hourly rates and time

12  periods worked.  Further, Plaintiff does not have contact information for the potential Class

13  Members, so he cannot interview them regarding the hours they worked, breaks they missed, and

14  expenses not reimbursed.

15          SolarCity's Statement:

16          SolarCity denies that Plaintiff or any of the putative class members suffered any damages

17  or are entitled to any relief.

18  **XII.    Settlement and ADR**

19          On June 28, 2016, the parties participated in an ADR Phone Conference.  The parties have

20  recently agreed on five mediators to submit to the ADR Program, per its normal process for

21  selecting a mediator.

22  **XIII.   Consent to Magistrate Judge for All Purposes**

23          The parties have both consented to this Magistrate Judge for all purposes.

24  **XIV.    Other References**

25          The parties agree that the case is not suitable for reference to a special master or to the

26  Judicial Panel on Multidistrict Litigation.  The parties disagree on whether arbitration is required.

27

28

## XV.   Narrowing of Issues

The parties are currently unaware of any issues that can be narrowed by agreement or by motion.

## XVI.   Expedited Schedule

The parties are not aware of any issues that can be handled on an expedited basis.

## XVII.   Scheduling

The parties propose that, after the Court rules on SolarCity's Arbitration Motion, the Parties meet and confer and make a proposal as to next steps.  Therefore, the parties do not currently propose deadlines for Plaintiff's FLSA certification motion, Plaintiff's Rule 23 class certification motion, other motions, expert designations, discovery cutoff, or trial.

## XVIII.   Trial

Plaintiff has demanded a jury trial.  The parties believe that it is premature to discuss any schedule or length for the trial until after the decision on the Arbitration Motion and, if applicable, the Rule 23 decision.

## XIX.   Disclosure of Non-Party Interested Entities or Persons

The parties have filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15.  Neither party knows of any non-party that has (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

## XX.   Professional Conduct

All attorneys of record for Plaintiff have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XXI.   Other Matters

The parties have no other matters to bring before the Court at this time.

1  Dated: October 6, 2016              By:   */s/ Jahan C. Sagafi*
                                            Jahan C. Sagafi
2

3                                      Jahan C. Sagafi, Cal. Bar No. 224887
                                       Julia Rabinovich, Cal. Bar No. 290730
                                       OUTTEN & GOLDEN LLP
4                                      One Embarcadero Center, 38th Floor
                                       San Francisco, CA 94111
5                                      Telephone:  415-638-8800
                                       Facsimile:  415-638-8810
6                                      E-Mail:  jsagafi@outtengolden.com
                                       E-Mail:  jrabinovich@outtengolden.com
7

8                                      Robert N. Fisher, Cal. Bar No. 302919
                                       OUTTEN & GOLDEN LLP
9                                      3 Park Avenue, 29th Floor
                                       New York, New York 10016
10                                     Telephone:  212-245-1000
                                       Facsimile:  646-509-2059
11                                     E-Mail:  rfisher@outtengolden.com

12                                     *Attorneys for Plaintiff, Aggrieved Employees, and*
                                       *Proposed Class Members*
13

14  Dated: October 6, 2016             By:   */s/ Peter Urias*
                                            Peter Urias
15

16                                      William Fred Norton, Cal. Bar No. 224725
                                        Peter Urias, Cal. Bar No. 255306
                                        Muizz Rafique, Cal. Bar No. 259052
17                                      SOLARCITY LEGAL DEPARTMENT
                                        SOLARCITY CORPORATION
18                                      3055 Clearview Way
                                        San Mateo, CA 94402
19                                      Telephone: 650-963-5149
                                        E-Mail:  fnorton@solarcity.com
20                                      E-Mail:  purias@solarcity.com
                                        E-Mail:  mrafique@solarcity.com
21
                                        *Attorneys for Defendant*
22

23

24

25

26

27

28

JOINT CASE MANAGEMENT STATEMENT
                                        CASE NO. 16-CV-01540-JSC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), the filer of this document attests that concurrence in the filing of this document has been obtained from the other signatory above.


Dated:  October 6, 2016                           By:   */s/ Jahan C. Sagafi*
                                                              Jahan C. Sagafi

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 16-CV-01540-JSC