UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAVI WHITWORTH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SOLARCITY CORP.,<br><br>　　　　Defendant. | Case No.16-cv-01540-JSC<br><br>**ORDER DENYING SOLARCITY'S MOTION TO COMPEL ARBITRATION**<br><br>Re: Dkt. No. 15 |

In this putative class and collective action, Plaintiff Ravi Whitworth ("Plaintiff") contends that his employer, SolarCity Corporation ("SolarCity"), failed to pay overtime wages and failed to compensate employees for all hours worked in violation of federal and state labor laws. Now pending before the Court is SolarCity's Motion to Compel Arbitration pursuant to an arbitration agreement under which participating employees and SolarCity agreed to submit any employment-related disputes to binding arbitration. (Dkt. No. 15.) The action was stayed pending the Ninth Circuit Court of Appeal's disposition of *Morris v. Ernst & Young, LLP*, No. 13-16599. Following the Ninth Circuit's decision, the Court lifted the stay. Having carefully considered the parties arguments, the Court DENIES the motion to compel as the class action waiver in the parties' arbitration agreement is invalid and unenforceable under the National Labor Relations Act (NLRA) as held by *Morris v. Ernst & Young*, 834 F.3d 975 (9th. Cir. 2016).[1]

**BACKGROUND**

SolarCity provides solar power systems for public and private customers throughout the United States. (Complaint at ¶ 34.) It pays its employee installers on an hourly nonexempt basis

---

[1] Both parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 6 & 10.)

to provide installation, repair, and maintenance services to its customers.  (*Id.* at ¶¶ 36-37.)  Plaintiff worked for SolarCity as a Photo Installer II from August 24, 2015 to November 10, 2015 in their Berkeley location as a nonexempt hourly employee. (*Id.* at ¶ 11.)  In March 2016, Plaintiff filed this putative class and collective action on behalf of himself and a class of similarly situated individuals alleging nine claims for relief under the Fair Labor Standards Act ("FLSA"), the California Labor Code, California's Private Attorney General Act ("PAGA"), and California Business & Professions Code § 17200 et seq.  (Complaint at ¶¶ 73-128.)  Plaintiff contends that SolarCity failed to (1) pay employees involved in the installation and maintenance of solar systems for travel time during the workday; (2) provide these same employees with statutorily protected meal and rest breaks; and (3) indemnify these employees for reasonable business expenses.  (*Id.* at ¶¶ 40-48.)

Plaintiff received an offer packet from SolarCity prior to commencing his employment.  The packet contained (1) an offer letter, (2) an employment agreement, and (3) a compensation acknowledgement form. (Dkt. No. 15-1 at 14-38 (Exhibits B-D).[2])  The offer letter required Plaintiff to sign the employment agreement and noted that Plaintiff must agree that all disputes would be fully and finally resolved by binding arbitration.  (Dkt. No. 15-1 at 16.)  The agreement—titled "At-will employment, confidential information, invention assignment, and arbitration agreement"—is governed by the Federal Arbitration Act and covers "any disputes."  (*Id.* at 25, ¶ 12.)  Among other things, it states:

> I expressly agree to waive any right to pursue or participate in any dispute on behalf of, or as part of, any class or collective action, except to the extent such waiver is expressly prohibited by law. Accordingly, to the maximum extent permitted by law, no dispute by the parties hereto shall be brought, heard or arbitrated as a class or collective action, and no party hereto shall serve as a member of any purported class, or collective proceeding, including without limitation pending but not certified class actions ("Class Action Waiver"). I understand and acknowledge that this Agreement affects my ability to participate in class or collective actions. The Company and I expressly agree that any disputes regarding the validity or enforceability of the foregoing Class Action Waiver may only be resolved by a civil court of competent jurisdiction and not by an

---

[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

> arbitrator. In any case in which (a) a party files a dispute as a class or collective action, and (b) a civil court of competent jurisdiction finds all or part of the Class Action Waiver invalid or unenforceable, then such elements of the dispute for which the court determined that the Class Action Waiver was unenforceable shall be permitted to proceed in a court of competent jurisdiction, but any remaining portion of the dispute must still be resolved in arbitration, including any individual claims or grievances (and in no event shall an arbitrator have authority to arbitrate any class, collective, representative, or private attorney general action).

(*Id*. at 26, ¶ 12(A)(2).)  The agreement further provides that to the extent any court allows a class or collective action notwithstanding the waiver, the employee may proceed with such action in court only after an arbitrator first determines to what extent the employee has been injured as an individual.  (*Id*. at 27-28 ¶ 12(A)(4).)  There is no dispute that Plaintiff signed the agreement prior to his employment.  The compensation acknowledgement form—which Plaintiff likewise signed—required Plaintiff to "submit to binding arbitration."  (*Id*. at 38.)  SolarCity's arbitration policy is also contained in their employee handbook and prior to commencing work Plaintiff signed an "Employee Handbook Acknowledgment and Agreement" which stated that he had read the alternative dispute resolution policy and that he "underst[oo]d SolarCity's promise to arbitrate all employment-related disputes" and that any dispute was "subject to binding arbitration."  (*Id*. at 45.)

Shortly after Plaintiff filed this action, SolarCity moved to compel arbitration seeking to enforce the arbitration agreement and class action waiver.  (Dkt. No. 15.) The Court stayed the motion pending the Ninth Circuit Court of Appeal's decision in *Morris v. Ernst & Young, LLP*, No. 13-16599.  (Dkt. No. 30.)  Following the Ninth Circuit's ruling, the Court lifted the stay and held a Case Management Conference.  (Dkt. No. 35)  Although SolarCity sought permission to file a supplemental brief addressing the Ninth Circuit's decision in *Morris*, it subsequently decided not to do so. (Dkt. No. 40.)

## LEGAL STANDARD

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 2-16, provides that arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  Under the FAA, "arbitration agreements [are] on an equal footing with other contracts," and therefore courts are required to enforce arbitration

3

agreements according to their terms. *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 66 (2010). "Like other contracts, however, they may be invalidated by 'generally applicable contract defenses, such as fraud, duress, or unconscionability.'" *Id.* (internal citations and quotations omitted).

The FAA espouses a general policy favoring arbitration agreements. *AT&T Mobility v. Concepcion*, 563 U.S. 333, 131 S. Ct. 1740, 1745-46, (2011). Federal courts are required to rigorously enforce an agreement to arbitrate. *See Hall St. Assoc., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008). The court must direct parties to proceed to arbitration should it determine: (1) that a valid arbitration agreement exists; and (2) that the agreement encompasses the dispute at issue. *Kilgore v. KeyBank, Nat'l Ass'n*, 718 F.3d 1052, 1058 (9th Cir. 2013); *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008); *see also* 9 U.S.C. § 4 ("If a court . . . [is] satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement."). The party seeking to compel arbitration bears the burden of proving the existence of a valid agreement by a preponderance of the evidence. *See Bridge Fund Capital Corp. v. Fastbucks Franchise Corp.*, 622 F.3d 996, 1005 (9th Cir. 2010). Courts shall resolve any "ambiguities as to the scope of the arbitration clause itself . . . in favor of arbitration." *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Jr. Univ.*, 489 U.S. 468, 476 (1989).

## DISCUSSION

**I.  The PAGA Claim Cannot be Compelled to Arbitration.**

The Ninth Circuit has specifically held that a district court cannot compel a plaintiff to arbitrate a PAGA claim. *Sakkab v. Luxottica Retail N. Am., Inc.*, 803 F.3d 425, 431 (9th Cir. 2015). SolarCity's only response is that *Sakkab* was wrongly decided. That argument, of course, is for the United States Supreme Court or an en banc panel of the Ninth Circuit, but not for this Court.

**II.  The Class and Collective Action Claims Cannot be Compelled to Arbitration.**

Plaintiff argues that he cannot be compelled to arbitration because the class action waiver is unenforceable as it violates the NLRA prohibition on interference with the right of employees to

4

engage in concerted activity and the Norris-LaGuardia Act of 1932, 29 U.S.C. § 101, et. seq., prohibition on the same. Plaintiff also argues that a recent decision by the National Labor Relations Board concluding that the SolarCity arbitration agreement violated the NLRA collaterally estops SolarCity from seeking to enforce the arbitration agreement here. The first argument is dispositive in light of *Morris v. Ernst & Young*, 834 F.3d 975 (9th. Cir. 2016).

In *Morris*, Ernst & Young moved to compel arbitration in response to plaintiffs' putative class and collective action under the FLSA and California labor law. *Id*. at 979. Ernst & Young contended that the action violated plaintiffs' employment agreements and in particular the "concerted action waiver" which required employees to "(1) pursue legal claims against Ernst & Young exclusively through arbitration and (2) arbitrate only as individuals and in "'separate proceedings.'" *Id*. In opposition, plaintiffs alleged the arbitration agreement's class waiver provision violated Section 7 of the NLRA, which grants employees the right to "self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection." 29 U.S.C. § 157. The district court granted the motion to compel arbitration and dismissed the case. The Ninth Circuit reversed.

In doing so, the Ninth Circuit noted that "Section 7 protects a range of concerted employee activity, including the right to seek to improve working conditions through resort to administrative and judicial forums." *Id*. at 981 (internal citation and quotation marks omitted). A lawsuit filed in good faith by a group of employees to achieve more favorable terms or conditions of employment is 'concerted activity' under § 7 of the National Labor Relations Act." *Id*. at 981–82. The NLRA thus "establish[es] the right of employees to pursue work-related legal claims, and to do so together." *Id*. at 982. The court concluded that Ernst & Young's requirement that employees pursue work related claims individually was the "very antithesis of § 7's substantive right to pursue concerted work-related legal claims." *Id*. at 983 (internal citation and quotation marks omitted). The concerted action waiver was therefore unenforceable under the NLRA. *Id*. at 983-84.

The same conclusion is required here. The SolarCity arbitration agreement contains a class

action waiver which prohibits any dispute from being "brought, heard or arbitrated as a class or collective action" and instead requires that it be brought on an individual basis only. (Dkt. No. 15-1 at 26-27.)  The arbitration agreement did not provide any opportunity for a prospective employee to opt-out of the agreement and was a condition of Plaintiff's employment. *Morris*, 834 F.3d at 982 n.4 (contrasting *Johnmohammadi v. Bloomingdale's Inc.*, 755 F. 3d 1072, 1077 (9th Cir. 2014), where there was no NLRA violation because the employee could have opted out of the arbitration agreement). (Dkt. No. 15-1 at 16).   SolarCity has not advanced any argument as to why *Morris's* conclusion regarding a class action waiver does not apply here and the Court can see none.  SolarCity's class action waiver is thus unenforceable.

### III.     The Class Action Waiver is not Severable.

The Court must consider whether the entire arbitration agreement is unenforceable or whether the unlawful class waiver can be severed from the rest of the agreement. *Morris*, 834 F.3d at 990. The arbitration agreement provides that if a court finds that the waiver is unenforceable then "any remaining portion of the dispute must still be resolved in arbitration, prior to any judicial proceeding, including any individual claims or grievances, and including determination of whether any party was 'aggrieved' for purposes of any representative action." (Dkt. No. 15-1 at 26, ¶ 12(A)(3).)   This clause seeks to compel Plaintiff to resolve his claims individually rather than collectively and is thus unenforceable for the same reason as the class action waiver. *See Gonzalez v. Ceva Logistics U.S., Inc.*, No. 16-CV-04282-WHO, 2016 WL 6427866, at *7 (N.D. Cal. Oct. 31, 2016) ("if the arbitration agreement is enforced, even without the class waiver, [plaintiff] would still be limited to pursuing individual actions in arbitration. And under *Morris*, such a procedure would violate the NLRA by preventing [plaintiff] from pursing her employment claims through collective action.").

And the Court cannot save the arbitration agreement by nonetheless ordering class-wide relief.  A court cannot compel arbitration of class claims where the parties did not contract to submit to class-wide arbitration. *Stolt-Nielsen S.A. v. Animal Feeds Int'l. Corp.*, 559 U.S. 662, 684 (2010).  Here, not only did the parties not contract for class-wide arbitration, the arbitration agreement expressly deprives an arbitrator of any authority to arbitrate any class, collective,

representative, or private attorney general action.  (Dkt. No. 15-1 at 26, ¶ 12(A)(2).)  The entire arbitration agreement is unenforceable.

## CONCLUSION

For the reasons stated above, SolarCity's motion to compel arbitration is DENIED.  (Dkt. No. 15.)  SolarCity shall file its responsive pleading within 14 days.

The Case Management Conference remains on calendar for December 8, 2016.

**IT IS SO ORDERED.**

Dated: November 16, 2016

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge