Jahan C. Sagafi, Cal. Bar No. 224887
Julia Rabinovich, Cal. Bar No. 290730
OUTTEN & GOLDEN LLP
One Embarcadero Center, 38th Floor
San Francisco, CA 94111
Telephone: 415-638-8800
Facsimile: 415-638-8810
E-Mail: jsagafi@outtengolden.com
E-Mail: jrabinovich@outtengolden.com

Robert N. Fisher, Cal. Bar No. 302919
OUTTEN & GOLDEN LLP
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: 212-245-1000
Facsimile: 646-509-2060
E-Mail: rfisher@outtengolden.com

*Attorneys for Plaintiff, Aggrieved Employees, and Proposed Class Members*

Richard H. Rahm, Cal. Bar No. 130728
Lisa Lin Garcia, Cal. Bar No. 260582
LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
Telephone: 415-433-1940
E-Mail: rrahm@littler.com
E-Mail: llgarcia@littler.com

*Attorneys for Defendant*

[Additional Counsel Listed on Following Page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| RAVI WHITWORTH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SOLARCITY CORP.,<br><br>Defendant. | Case No. 3:16-cv-01540-JSC<br><br>**SECOND JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: December 8, 2016<br>Time: 1:30 p.m.<br>Courtroom: F, 15th Floor<br>Judge: Hon. Jacqueline Scott Corley |

1  William Fred Norton, Cal. Bar No. 224725
   Peter Urias, Cal. Bar No. 255306
2  Muizz Rafique, Cal. Bar No. 259052
   SOLARCITY LEGAL DEPARTMENT
3  SOLARCITY CORPORATION
   3055 Clearview Way
4  San Mateo, CA 94402
   Telephone: 650-963-5149
5  E-Mail: fnorton@solarcity.com
   E-Mail: purias@solarcity.com
6  E-Mail: mrafique@solarcity.com

7  *Attorneys for Defendant*

Plaintiff Ravi Whitworth ("Plaintiff") and Defendant SolarCity Corporation ("SolarCity") jointly submit this Case Management Statement. Counsel for the parties have worked together cooperatively to try to find common ground where possible and, where it was not possible to agree, have set forth the parties' respective positions.

**I.      Jurisdiction and Service**

Plaintiff alleges that this Court has subject matter jurisdiction over Plaintiff's claim arising under section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), pursuant to 28 U.S.C. § 1331.

Plaintiff alleges that this Court has original jurisdiction over his claims under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because this is a class action in which (1) there are 100 or more members in the proposed Class; (2) at least some members of the proposed Class have a different citizenship from SolarCity; and (3) the claims of the proposed Class Members exceed $5,000,000 in the aggregate. SolarCity denies that the claims of the proposed Class Members in this matter exceed $5,000,000 and reserves its right to oppose jurisdiction under CAFA.

Plaintiff alleges that the Court has supplemental jurisdiction under 28 U.S.C. § 1367 over his state law claims because Plaintiff contends those claims are so closely related to his federal claim that they form part of the same case or controversy. SolarCity reserves its right to contest supplemental jurisdiction.

SolarCity has been served. No questions exist regarding personal jurisdiction or venue except that SolarCity contends that this case must be submitted to arbitration. Plaintiff believes that this Court is the appropriate forum for the claims and that they must not be submitted to arbitration. The Court denied SolarCity's motion to compel arbitration and Defendant intends to appeal the Court's order, as discussed in more detail in Section 4 below.

**II.     Facts**

Plaintiff's Statement:

Plaintiff was employed by SolarCity as a Photo Installer II from approximately August 24, 2015 to approximately November 10, 2015. On March 29, 2016, Plaintiff filed this action alleging that SolarCity (1) has failed to pay him and other nonexempt hourly-paid employees

involved in the installation and maintenance of solar systems such as Photo Installers, Junior Installers, and Crew Leads ("Installers") for travel time during the workday, (2) has not provided California Installers with statutorily protected meal and rest breaks, and (3) has failed to indemnify California Installers for reasonable business expenses such as the purchase of tools necessary for solar panel installation and for the use of personal cell phones for SolarCity employment purposes. In light of these violations, Plaintiff alleges that SolarCity has committed related violations, including failure to furnish accurate wage statements and failure to timely pay wages upon termination. In addition, Plaintiff alleges that SolarCity has failed to make sanitation facilities accessible to its mobile employees in violation of Occupational Safety and Health Administration ("OSHA") regulations. Plaintiff has brought his claims under the FLSA; the California Labor Code; California's Private Attorney General Act; and California Business and Professions Code § 17200 on behalf of himself and classes of employees nationwide and throughout California, as appropriate. There are an estimated 700 potential class members in California and an additional 1,300 potential class members outside of California.

As discussed below in Section 8, SolarCity has produced payroll data that supports Plaintiff's overtime and meal break claims.

<u>SolarCity's Statement:</u>

Plaintiff's claims should have been compelled to arbitration. Regardless, because of its own legally compliant policies, SolarCity will prevail on Plaintiff's individual claims and will defeat class certification.

As set forth in SolarCity's Motion to Compel, Plaintiff's claims should be compelled to binding individual arbitration pursuant to an arbitration agreement into which he entered with Defendant. Pursuant to this agreement, Plaintiff waived his right to bring a class and collective action. SolarCity expects the Supreme Court to reverse the Ninth Circuit's decision in *Morris v. Ernst & Young*, 834 F. 3d 975 (9th Cir. 2016), at which time SolarCity will move this Court for reconsideration of its motion to compel arbitration.

Even if Plaintiff's claims are not compelled to arbitration, SolarCity will prevail on Plaintiff's individual and class claims. During Plaintiff's brief two-month employment with

SolarCity, the Company paid its employees above minimum wage for all hours worked, including any otherwise non-compensable travel time during the workday. SolarCity also provided its employees with legally compliant meal and rest breaks; maintained a legally compliant reimbursement policy; provided accurate wage statements; paid its terminated employees within the legally-mandated time periods; and provided sanitation facilities in accordance with Occupational Safety and Health Administration ("OSHA") regulations. Indeed, SolarCity's informal production of Plaintiff's timesheets and payroll data confirms that Plaintiff recorded and was paid for all hours worked, including travel time, and that he was provided all meal and rest breaks in accordance with applicable law. Moreover, because SolarCity's policies comply with applicable federal and state law, any alleged violations would have been in contravention of SolarCity's own policies, requiring an individualized inquiry into the reason why SolarCity policies were not followed. Plaintiff will accordingly not be able to certify a class of these claims.

The principal factual issues in dispute are:

Whether Plaintiff's claims may proceed in court;

Whether the court has supplemental jurisdiction over Plaintiff's California Labor Code claims;

Whether some or all of Plaintiff's travel time was compensable under California or federal law;

Whether the individuals whom Plaintiff seeks to represent are similarly situated to him;

Whether Plaintiff and proposed Class Members worked more than 40 hours per week or eight hours per day;

Whether SolarCity failed to provide Plaintiff with required meal and rest breaks;

Whether SolarCity failed to pay Plaintiff California's minimum wage;

Whether SolarCity failed to pay Plaintiff all wages due upon his termination;

Whether SolarCity failed to provide Plaintiff with accurate wage statements;

Whether SolarCity failed to indemnify Plaintiff for his necessary expenditures or losses incurred by in direct consequence of the discharge of his duties;

Whether SolarCity failed to provide employees with access to sanitation facilities;

Whether any of the individuals who have opted in to the lawsuit are similarly situated as required by 29 U.S.C. § 216(b);

Whether there are individuals similarly situated to Plaintiff who are so numerous that joinder would be impracticable;

Whether there are questions of law or fact common to the alleged class;

Whether the claims of the representative party are typical of the claims of the interest of the alleged class;

Whether the representative party will fairly and adequately protect the interests of the alleged class; and

Whether Plaintiff properly exhausted requisite administrative remedies before bringing his claims.

### III. Legal Issues

Whether there are other employees who are similarly situated to Plaintiff;

Whether Plaintiff and other similarly situated California employees were entitled to meal and rest breaks under California law;

Whether Plaintiff and other similarly situated employees were entitled to overtime pay under the FLSA;

Whether Plaintiff and other similarly situated California employees were paid the minimum wage required by the California Labor Code

Whether Plaintiff and other similarly situated California employees were entitled to overtime under the California Labor Code;

Whether some or all of the travel time of Plaintiff and other situated California employees was compensable under either California or federal law;

Whether Plaintiff and other similarly situated California employees were entitled to meal and rest breaks under the California Labor Code;

Whether the wage statements provided to Plaintiff and other similarly situated California employees satisfied the legal requirements of the California Labor Code;

Whether Plaintiff and other similarly situated California employees were entitled to indemnification for necessary expenditures or losses incurred by in direct consequence of the discharge of their duties;

Whether SolarCity's alleged conduct violates California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*;

Whether the Court should conditionally certify a collective action and permit the sending of notice to potential collective action members pursuant to the Supreme Court's decision in *Hoffmann-La Roche v. Sperling*, 493 U.S. 165 (1989) and subsequent case law; and

Whether a class or classes of SolarCity employees should be certified pursuant to Federal Rule of Civil Procedure 23 as to causes of action under state law.

**IV.     Motions**

On November 16, 2016, the Court denied SolarCity's Motion to Compel Arbitration and directed SolarCity to file a responsive pleading within 14 days. Dkt No. 41.

Plaintiff's Statement:

Now that SolarCity's Arbitration Motion has been denied, the litigation should proceed as normal, with the parties engaging in discovery. Plaintiff believes that SolarCity's future request for a stay would not be appropriate, because a complete reversal would require reversal of the Ninth Circuit's decisions in both *Morris v. Ernst & Young*, LLP, 834 F.3d 975 (9th Cir. 2016) and *Sakkab v. Luxottica Retail N. Am., Inc.*, 803 F.3d 425 (9th Cir. 2015), and any such decision would be highly unlikely and not likely to be reached soon.

SolarCity's Statement:

SolarCity intends to appeal the Court's Order denying its Motion to Compel Arbitration and to seek a stay pending final resolution of this arbitration issue. A stay will serve the interests of judicial economy and efficiency and will help prevent the parties from expending resources on unnecessary litigation. Without a stay, the parties may needlessly proceed with discovery and litigation, defeating one of the key benefits of arbitration. However, should this action proceed, SolarCity will consider filing a motion for summary judgment on all or some of the claims.

## V. Amendment of Pleadings

The parties have reached an agreement to allow the plaintiffs in *Carranza v. SolarCity Corp.*, No. 16-CV-01887 (Santa Cruz Co. Super. Ct.; complaint filed July 25, 2016) to dismiss their case and join this action. Plaintiff intends to seek amendment of the complaint, preferably by stipulation, to add the plaintiffs from this state court case with substantially overlapping claims in order to consolidate the two cases.

Plaintiff also anticipates that he may seek to amend the complaint to add plaintiffs asserting additional state law claims and additional Rule 23 class allegations. Plaintiff anticipates seeking leave to amend through a stipulation with SolarCity, but if SolarCity declines to stipulate, then Plaintiff will bring a motion seeking leave to file an amended complaint.

In Plaintiff's counsel's experience, in hybrid FLSA/state law actions like this one, when class members learn of the litigation from the FLSA notice, some of them contact Plaintiff's counsel and ask to join the action as named class representatives asserting claims under state law on a Rule 23 basis. Therefore, Plaintiff proposes that the deadline for amendment be 60 days after (a) the close of the opt-in period following FLSA certification or (b) the denial of Plaintiffs' FLSA certification motion.

SolarCity proposes that the deadline for amendment should be 30 days from the date of the case management conference.

## VI. Evidence Preservation

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information. The parties will confer regarding reasonable and proportionate steps to preserve ESI as appropriate once the scope of the claims before the Court is determined.

The parties understand their duty to preserve records, including paper and electronic copies, and have taken steps to preserve all documents potentially relevant to this action in their possession.

## VII. Disclosures

Plaintiff has served his initial disclosures. After the Court rules on Defendant's forthcoming Motion to Stay, Defendant will meet and confer with Plaintiff on a date to serve its

initial disclosures.

## VIII. Discovery

The parties do not anticipate limitations or modifications of the discovery rules at this time.

On June 20, 2016, Plaintiff served his first set of requests for production, seeking documents regarding SolarCity's employment practices, time recording by Installers, compensation of Installers, meal and rest break policies and practices, expense reimbursement policies and practices, the class list, and other topics relevant to Plaintiff's and the proposed Class Members' claims. Courts routinely permit pre-conditional certification discovery "for defining the proposed class or determining whether the named plaintiffs are similarly situated to members of the proposed class." *Allen v. Mill-Tel, Inc.*, 283 F.R.D. 631, 635 (D. Kan. 2012) (internal citation omitted); *see also Hibbs-Rines v. Seagate Techs., LLC*, No. C 08-05430 SI, 2009 WL 513496 (N.D. Cal. Mar. 2, 2009) (Illston, J.) (noting that discovery "is integral to developing the shape and form of a class action") (citation and internal quotation marks omitted).

To date, SolarCity has informally produced payroll data and time entry data for Plaintiff and the two opt-ins.

On July 25, 2016, SolarCity responded to Plaintiff's discovery requests by objecting to each request on the ground that the requests are "premature and noncompliant with this Court's Order Staying Action (the 'Order'), dated July 8, 2016" (among other objections).

Plaintiff expects that SolarCity will shortly respond to his June discovery requests.

## IX. Class Actions

Plaintiff's complaint asserts claims on behalf of a proposed nationwide FLSA collective and a state law class Rule 23 class or classes. Should additional plaintiffs step forward who wish to represent classes under the laws of states other than California, Plaintiff may seek to amend the complaint to include those plaintiffs as proposed class representatives and include those state law classes in the Rule 23 motion.

## X. Related Cases

The parties know of no related cases in this District in which a number of potential class

members' claims are at issue.

At the initial CMC on October 13, 2016, the Court instructed the parties to alert the Court and each other to any potentially overlapping case, including a proposed representative action (E.g., a proposed class action, collective action, PAGA action, etc.).

Below is a list of the cases that Defendant believes to be related to this action in that the class, collective or representative claims overlap with the claims asserted by Plaintiff in this action:

- *Irving v. SolarCity Corporation*, Superior Court of the State of California, County of San Mateo, Case No. CIV525975.
- *Zazueta v. SolarCity Corporation*, Superior Court of the State of California, County of Los Angeles, Case No. BC623066.
- *Carranza et al. v. v. SolarCity Corporation*, Superior Court of the State of California, County of Santa Cruz, Case No. 16-CV-01887.

## XI. Relief

Plaintiff's Statement:

Plaintiff seeks, on behalf of himself and all collective and class action members, the relief set forth in the Complaint, including compensation for off-the-clock work; liquidated damages; penalties for waiting time violations, record-keeping violations, failure to pay all wages upon termination, failure to provide accurate wage statements, failure to indemnify employees for business expenses for California Class Members and missed rest and meal breaks; penalties under PAGA; interest; injunctive relief; class representative service award(s); and attorneys' fees and costs.

Plaintiff cannot currently calculate damages because SolarCity has not yet produced payroll information from which to determine Class Members' regular hourly rates and time periods worked. Further, Plaintiff does not have contact information for the potential Class Members, so he cannot interview them regarding the hours they worked, breaks they missed, and expenses not reimbursed.

SolarCity's Statement:

SolarCity denies that Plaintiff or any of the putative class members suffered any damages or are entitled to any relief.

## XII. Settlement and ADR

On June 28, 2016, the parties participated in an ADR Phone Conference. The parties have agreed on five mediators to submit to the ADR Program, per its normal process for selecting a mediator and intend to move forward with that process shortly.

## XIII. Consent to Magistrate Judge for All Purposes

The parties have both consented to this Magistrate Judge for all purposes.

## XIV. Other References

The parties agree that the case is not suitable for reference to a special master or to the Judicial Panel on Multidistrict Litigation.

## XV. Narrowing of Issues

The parties are currently unaware of any issues that can be narrowed by agreement or by motion.

## XVI. Expedited Schedule

The parties are not aware of any issues that can be handled on an expedited basis.

## XVII. Scheduling

The parties propose the following schedule:

- Deadline for Plaintiff to file his Motion for FLSA Conditional Collective Action Certification and Issuance of Notice: approximately 120 days after the Court's ruling on the stipulation or motion to amend the complaint;
- Deadline for the parties to file Stipulation And Proposed Order Granting Leave To (further) Amend Complaint, or Plaintiff to file Motion For Leave To Amend Complaint:

    Plaintiff's proposal: 30 days after Court-set deadline for additional collective action class members to opt in (if Plaintiff's Motion for Conditional Certification of Collective Action is granted) or 60 days after Court denies that motion;

Defendant's proposal: 30 days from the date of the case management conference;
- Deadline for Plaintiff to file Motion for Class Certification:
  Plaintiff's proposal: to be set after the Court rules on Plaintiffs' FLSA certification motion;
  Defendant's proposal: approximately 120 days after the Court's ruling on the stipulation or motion to amend the complaint; and
- All subsequent deadlines for the designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference, and trial to be set after resolution of Plaintiff's Motion for Class Certification.

## XVIII. Trial

Plaintiff has demanded a jury trial. The parties believe that it is premature to discuss any schedule or length for the trial until after any further amendment of the complaint, and if applicable, a Rule 23 decision.

## XIX. Disclosure of Non-Party Interested Entities or Persons

Plaintiff has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. Plaintiff knows of any non-party that has (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding.

Defendant will file before the case management conference a Certification of Interested Entities or Persons in which it will identify the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities to have (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: (1) Tesla Motors, Inc.; (2) Elon R. Musk; and (3) Fidelity Management & Research Company.

## XX. Professional Conduct

All attorneys of record for Plaintiff have reviewed the Guidelines for Professional Conduct for the Northern District of California.

### XXI. Other Matters

Plaintiff's Statement:

SolarCity has indicated its intent to appeal the Court's Order denying its motion to compel arbitration and to seek a stay of this case pending final resolution of the appeals process. Plaintiff believes that such a stay should not be granted because the Ninth Circuit decisions in *Morris* and *Sakkab* are clearly controlling on the issues that would be raised on appeal. Additionally, reversal of the decision here would require an *en banc* decision or a decision by the Supreme Court and either of those results would require an exceedingly long stay, which would be prejudicial to Plaintiff.

However, if the Court determines that a stay is appropriate, Plaintiff intends request a short notice be sent the class advising putative class members of the pending case and the importance of preserving evidence, so that they are on the same footing as SolarCity in being able to protect their rights. Although the Court previously denied Plaintiff's request for notice while the parties awaited the Ninth Circuit's ruling in *Morris*, that stay was only on the order of a few months, while any stay pending final resolution of the appeals process would likely last for over a year.

SolarCity's Statement:

SolarCity intends to appeal the Court's Order denying its Motion to Compel Arbitration and to seek a stay pending final resolution of this arbitration issue. A stay will serve the interests of judicial economy and efficiency and will help prevent the parties from expending resources on unnecessary litigation. Without a stay, the parties may needlessly proceed with discovery and litigation, when the Court might ultimately be required to dismiss the claims and compel arbitration, defeating one of the primary benefits of arbitration. Similarly, SolarCity opposes Plaintiff's request to send a class notice. It is premature to provide such a notice in light of SolarCity's intent to appeal the arbitration agreement issue. Should the arbitration agreement be deemed enforceable, Plaintiff's class and collective claims would be dismissed.

| | | |
|---|---|---|
| Dated: December 1, 2016 | By: | /s/ Jahan C. Sagafi |
| | | Jahan C. Sagafi |

Jahan C. Sagafi, Cal. Bar No. 224887
Julia Rabinovich, Cal. Bar No. 290730
OUTTEN & GOLDEN LLP
One Embarcadero Center, 38th Floor
San Francisco, CA 94111
Telephone: 415-638-8800
Facsimile: 415-638-8810
E-Mail: jsagafi@outtengolden.com
E-Mail: jrabinovich@outtengolden.com

Robert N. Fisher, Cal. Bar No. 302919
OUTTEN & GOLDEN LLP
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: 212-245-1000
Facsimile: 646-509-2060
E-Mail: rfisher@outtengolden.com

*Attorneys for Plaintiff, Aggrieved Employees, and Proposed Class Members*

| | | |
|---|---|---|
| Dated: December 1, 2016 | By: | /s/ Richard H. Rahm |
| | | Richard H. Rahm |

Richard H. Rahm, Cal. Bar No. 130728
Lisa Lin Garcia, Cal. Bar No. 260582
LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
Telephone: 415-433-1940
E-Mail: rrahm@littler.com
E-Mail: llgarcia@littler.com

William Fred Norton, Cal. Bar No. 224725
Peter Urias, Cal. Bar No. 255306
Muizz Rafique, Cal. Bar No. 259052
SOLARCITY LEGAL DEPARTMENT
SOLARCITY CORPORATION
3055 Clearview Way
San Mateo, CA 94402
Telephone: 650-963-5149
E-Mail: fnorton@solarcity.com
E-Mail: purias@solarcity.com
E-Mail: mrafique@solarcity.com

*Attorneys for Defendant*

# **ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), the filer of this document attests that concurrence in the filing of this document has been obtained from the other signatory above.

Dated: December 1, 2016 By: */s/ Jahan C. Sagafi*
Jahan C. Sagafi