January 24, 2017

**VIA ECF**
Honorable Jacqueline Scott Corley
USDC Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   *Ravi Whitworth v. SolarCity Corp.*, U.S. District Court Case No. 3:14-cv-01540JSC

Dear Judge Corley:

  In this wage and hour action, Plaintiff Ravi Whitworth requests that SolarCity produce a class list containing the following information for each proposed collective or class member: (1) name; (2) mailing address; (3) email address; (4) personal phone number; (5) work location; (6) job title; (7) dates of employment; and (8) social security number for purposes of identifying updated contact information for the potential class member if his or her contact information is stale and communication to him or her is returned as undeliverable.  SolarCity disputes Plaintiff's entitlement to this class list, and Counsel have met and conferred in an attempt to resolve the dispute.

**Plaintiffs' Position**

  Plaintiffs[1] seek organizational and contact information (the "Class List") for all potential class members employed by SolarCity during the liability period.  Plaintiffs seek the Class List both as a routine matter of discovery, as usually happens in wage and hour class actions, and in order to protect the class members' interests in the event of a stay pending resolution of various issues on appeal.  Plaintiffs' ability to speak with class members will be critical in (a) ensuring class members know about the litigation and can preserve evidence, and (b) allowing class members to make informed decisions in response to any ex parte communications by SolarCity to collect evidence from them or negotiate releases of their claims.  Production of the Class List will put the parties on more equal footing, as SolarCity is aware of the litigation and can take steps to protect its interests during any stay, and because SolarCity may try to elicit information, evidence, or waivers from class members without Plaintiffs' knowledge.

  Courts routinely order production of Class Lists, despite various objections by defendants and find protective orders sufficient to protect the minimal privacy concerns implicated.  *See, e.g.*, *McCowen v. Trimac Transp. Servs. (W.), Inc.*, No. 14-CV-02694, 2015 WL 5184473, at *3-4 (N.D. Cal. Sept. 4, 2015) (Corley, M.J.) (holding that *Mantolete v. Bolger*, 767 F.2d 1416, 1424-25 (9th Cir. 1985) did not preclude precertification discovery and indicating that "numerous courts in this District have found that disclosure of class members' contact information is appropriate in pre-certification class actions") (collecting cases); *Benedict v. Hewlett-Packard Co.*, No. 13 Civ. 0119, 2013 WL 3215186, at *3 (N.D. Cal. June 25, 2013) (ordering production of class list for attorneys' eyes only without opt out notice); *Artis v. Deere & Co.*, 276 F.R.D. 348, 353 (N.D. Cal. 2011) (same; protective order adequate to protect privacy

---

[1] Four additional plaintiffs will soon join the litigation, due to consolidation with the *Carranza* action.

Honorable Jacqueline Scott Corley
Case No. 3:14-cv-01540JSC
Page 2

interests in class list); *Currie-White v. Blockbuster, Inc.*, No. 09 Civ. 2593, 2010 WL 1526314, at *4 (N.D. Cal. Apr. 15, 2010) (same); *Tierno v. Rite Aid Corp.*, No. 05 Civ. 02520, 2008 WL 3287035, at *3 (N.D. Cal. July 31, 2008) (Plaintiff's need to identify witnesses in discovery outweighed the "not . . . 'serious' invasion of privacy" caused by disclosing contact information); *see also Bottoni v. Sallie Mae, Inc.*, No. 10 Civ. 03602, 2012 WL 8304347, at *3 (N.D. Cal. June 1, 2012) ("protective orders are enough" absent "special privacy concerns"). Production of social security numbers has also been ordered, *see Babbitt v. Albertson's, Inc.*, No. C-92-1883, 1992 WL 605652, at *6 (N.D. Cal. Nov. 30, 1992), to help locate class members whose addresses have changed during the pendency of the case. *See, e.g.*, *Rees v. Souza's Milk Transp., Co.*, No. 1:05-CV-00297, 2006 WL 3251829, at *1 (E.D. Cal. Nov. 8, 2006) ("The disclosure of names, addresses, social security numbers, and employment dates of putative class members is a common practice . . . so that putative class members can be located. . . ."). Plaintiffs agree that entry of a protective order to ensure confidentiality is appropriate.

Production of the Class List will allow Plaintiffs' counsel to advise potential class members of the existence of this lawsuit so they can protect their rights by preserving evidence. Absent class members do not know – as SolarCity already does – of the existence of the litigation and the importance of preserving evidence. In addition, production of the Class List will enable class member witnesses to provide information to Plaintiffs' counsel about, *e.g.*, their overtime hours worked, and meal and rest breaks missed, so that Plaintiffs can present argument regarding FLSA and Rule 23 class certification. *See Perez v. Safelite Grp. Inc.*, 553 F. App'x 667, 669 (9th Cir. 2014) (a district court's denial to a plaintiff of precertification discovery on the existence and scope of a proposed class is "an abuse of discretion."), *as amended on denial of reh'g and reh'g en banc* (Mar. 7, 2014); *see also* Fed. R. Civ. P. 26(a)(1)(A)(i) (duty to disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information"); *Pioneer Elecs. (USA), Inc. v. Superior Court*, 40 Cal. 4th 360, 373-74 (2007) (plaintiff is entitled to "learn the names of other persons who might assist in prosecuting the case[,]" which "could improve his chances of marshalling a successful class action against [defendant], thus perhaps ultimately benefiting some, if not all," of those individuals).

If the case is stayed, production of the Class List becomes all the more appropriate, because of the risk of lost evidence. *See, e.g.*, *Bradberry v. T-Mobile USA, Inc.*, 2007 WL 2221076, at *4 (N.D. Cal. Aug. 2, 2007) (Wilken, J.) (observing that "the risk of lost evidence" and "the delay in litigation constitute a substantial injury to plaintiff"). As time passes, former employees become harder to find (and more numerous due to turnover), because they move residences without notifying their former employer. *See Rosen v. J.M. Auto Inc.*, No. 07-61234-CIV, 2009 WL 7113827, at *2 (S.D. Fla. May 20, 2009) (ordering class list produced immediately, over defendant's objection, despite pending appeal of class certification order). Class members have a due process right under Rule 23 to reasonable notice of certification developments. The Court has an opportunity to prevent their contact information from going stale during SolarCity's appeal. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 174 (1974) ("The reasonableness and hence the constitutional validity of any chosen method [of notice] may be defended on the ground that it is in itself reasonably certain to inform those affected.") (internal quotations and citations omitted).

Relatedly, absent production of the Class List, the class members are at risk of abuse. The Manual for Complex Litigation (4th) recognizes that "[d]irect communications with class members . . . can lead to abuse," such as attempts by defendants to obtain releases from class members without informing them of the pendency of a class action. If the Court ultimately stays the case, production of the Class List will protect class members from *ex parte* communications from SolarCity, which could erode their rights and undermine this Court's case management authority. *In re Sch. Asbestos Litig.*, 842 F.2d 671, 680 (3d Cir. 1988) ("Rule 23 specifically empowers district courts to issue orders to prevent abuse of the class action process."); *Gulf Oil v. Bernard*, 452 U.S. 89, 100 (1981) ("[A] district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties.").

The possibility of forced arbitration does not reduce the need for class members to protect their rights. Plaintiffs and the class members will pursue their claims either in a class action or, if *Morris v. Ernst & Young*, 834 F.3d 975 (9th Cir. 2016), *cert. granted*, (U.S. Jan. 13, 2017) is overturned in 2017 or 2018, in arbitration. Regardless, a year or two may pass before a factfinder addresses their claims. During that time, they have the right to know of the litigation and make informed decisions about preserving evidence and deciding whether to release their claims (*e.g.*, through severance agreements). *See Crab Addison, Inc. v. Superior Court*, 169 Cal. App. 4th 958, 967 (2008) (employees "may reasonably be supposed to want their information disclosed to counsel whose communications in the course of investigating the claims asserted in [plaintiffs'] lawsuit may alert them to similar claims they may be able to assert"). Because arbitration is not meant to abridge or alter substantive rights but merely effect a change in forum, the normal practice of producing a Class List should be followed here. Furthermore, the representative PAGA action will proceed in this Court, as there is no indication that the Ninth Circuit's ruling in *Sakkab v. Luxottica Retail N. Am., Inc.*, 803 F.3d 425 (9th Cir. 2015), will be overturned soon. This reinforces this Court's interest in managing the litigation to avoid erosion of absent parties' rights.

**Defendant's Position**

A.  **The Court Should Stay Ruling On Plaintiff's Request For A Class List Until After The U.S. Supreme Court Decides *Morris*.**

SolarCity requests that the Court stay ruling on the present dispute until after the U.S. Supreme Court decides the appeal of *Morris v. Ernst & Young, LLP*, 834 F. 3d 975 (9th Cir. 2016), as this will determine whether Plaintiff Ravi Whitworth ("Plaintiff") should be compelled to arbitrate his claims on an individual basis.

SolarCity moved to compel Plaintiff to arbitrate his claims because he executed an agreement obligating him to arbitrate any disputes arising out of his employment with SolarCity and to waive his right to have any dispute brought, heard or arbitrated as a class or collective action. *See* Dkt. No. 15. In his opposition, Plaintiff argued such a waiver violated the National Labor Relations Act ("NLRA"), and the Court stayed the action (and its ruling on SolarCity's Motion) pending the Ninth Circuit's disposition of *Morris*. *See* Dkt. No. 30. After the Ninth Circuit held in *Morris* that a class action waiver violates the NLRA, the Court denied SolarCity's

Motion to Compel Arbitration, which SolarCity appealed. *See* Dkt. No. 41. On January 13, 2017, the U.S. Supreme Court granted review of *Morris* and two other cases regarding the class action waiver issue. *See Ernst & Young LLP v. Morris*, No. 16-300, 2017 U.S. LEXIS 689 (Jan. 13, 2017); *Nat'l Labor Relations Bd. v. Murphy Oil USA, Inc.*, No. 16-307, 2017 U.S. LEXIS 680 (Jan. 13, 2017); *Epic Sys. Corp. v. Lewis*, No. 16-285, 2017 U.S. LEXIS 691 (Jan. 13, 2017).

The Court should stay ruling on the present discovery dispute because the Supreme Court's forthcoming decision will determine whether an arbitration agreement requiring a waiver of class claims violates the NLRA. If the arbitration agreement is enforceable, Plaintiff's class and collective claims must be dismissed, making Plaintiff's class-list request wholly inappropriate. Because the Supreme Court's ruling could materially alter the course of this litigation, a stay is warranted. *See Roman v. Northrop Grumman Corp.*, 2016 U.S. Dist. LEXIS 173022, *7-8 (C. D. Cal. Dec. 14, 2016) (staying action pending *Morris*); *Del Rio v. CreditAnswers, LLC*, 2010 U.S. Dist. LEXIS 89181, *9 (S.D. Cal. 2010) (granting stay pending appeal where a "substantial question [was] presented by virtue of the recent grant of certiorari by the United States Supreme Court"); *McArdle v. AT&T Mobility LLC*, 2010 U.S. Dist. LEXIS 73519, *12 (N.D. Cal. Jul. 20, 2010) (granting a motion to stay the case "pending the United States Supreme Court's final action in *Concepcion*."); *Leiva-Perez v. Holder*, 640 F.3d 962, 967-68 (9th Cir. 2011) (a stay may be necessary while the Ninth Circuit resolves the "serious legal question[s]" presented); *Karimy v. Associated Gen. Contractors of Am.*, 2009 U.S. Dist. LEXIS 103043, *3-4 (S.D. Cal. Nov. 5, 2009) (noting "a difference in how procedural unconscionability is viewed by California and federal courts," and concluding that the "apparent divergence presents a serious legal question and opens the possibility of stay pending appeal"). SolarCity accordingly requests that any ruling on Plaintiff's request for production of a class list be stayed until after the U.S. Supreme Court decides the *Morris* case.[2]

**B.    In Any Event, Plaintiff's Overbroad Request Violates The Putative Class Members' Privacy Rights.**

Even if the Court does not stay its ruling on Plaintiff's class-list request, it should still deny Plaintiff's overbroad discovery because it violates the putative class members' privacy rights.

Plaintiff is not simply asking for a list of the names of the putative class members. He is asking for their contact information, their social security numbers, their job titles, job locations, and dates of employment. Such information has long been recognized as protected by Article I, Section 1 of the California Constitution, which protects an individual's right to privacy as an inalienable right. *Board of Trustee v. Superior Court*, 119 Cal.App.3d 516, 524-30 (1981). California law recognizes that a discovery order impinges on non-parties' "substantial" privacy interests by compelling disclosure of their addresses and telephone numbers and their social security numbers. *See Planned Parenthood Golden Gate v. Superior Court*, 83 Cal. App. 4th 347, 359 (2000) (denying request for name and contact information of third-party individuals);

---

[2] In addition to the request to stay in this letter, Defendant filed a motion to stay all district court proceedings pending *Morris* and its appeal on January 23, 2017. *See* Dkt. No. 56.

*City of San Jose v. Superior Court*, 74 Cal. App. 4th 1008, 1023-24 (1999) (third parties "have a significant privacy interest in their names, addresses, and telephone numbers" under the California Public Records Act); *Vander Vennet v. Am. Intercontinental Univ. Online*, 2006 U.S. Dist. LEXIS 22309 (N.D. Ill. Apr. 5, 2006) (providing sensitive personal data such as a social security number is not to be done lightly).

      Plaintiff fails to demonstrate a compelling need for such personal information of the putative class members. The social security numbers and employment history of the putative class members are unnecessary for Plaintiff to locate any putative class member. Nor has Plaintiff made a *prima facie* showing that the class action can be certified under Rule 23. *See Mantolete v. Bolger,* 767 F.2d 1416, 1424-25 (9th Cir.1985) (plaintiff offering two other complaints of epileptics suing the Postal Service established no compelling basis for expanding discovery to a national class and provided no likelihood that discovery measures will "produce persuasive information substantiating the class action allegations"). In failing to justify the need for such class information, Plaintiff fails to demonstrate how the need for that information outweighs the privacy interest of SolarCity's current and former employees.

      If the Court is inclined to grant Plaintiff's class-list request, Defendant would request that the Parties be allowed to submit additional briefing on this issue such that a protocol can be put in place to safeguard the putative class members' privacy. Defendant requests that such a protocol (i) require counsel to inform each potential class members of the right not to talk to counsel and that if he or she declines to talk with counsel, counsel must immediately terminate the conversation and will not contact that individual again; (ii) require counsel to inform each potential class member that the Court compelled SolarCity to disclose their class list information and that the communication is highly confidential; and (iii) require all communications to be fair and accurate and not misleading, intimidating or coercive.

                            Respectfully submitted,

| | |
|---|---|
| /s/ Jahan Sagafi | /s/ Lisa Lin Garcia |
| Outten & Golden LLP | Littler Mendelson, P.C. |
| *Attorneys for Plaintiffs and Proposed Class members* | *Attorneys for Defendant* |

Honorable Jacqueline Scott Corley
Case No. 3:14-cv-01540JSC
Page 6

## **ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), the filer of this document attests that concurrence in the filing of this document has been obtained from the other signatory above.

Dated: January 24, 2017

By: */s/ Jahan C. Sagafi*
Jahan C. Sagafi