WILLIAM FRED NORTON, Bar No. 224725
fnorton@solarcity.com
PETER URIAS, Bar No. 255306
purias@solarcity.com
MUIZZ RAFIQUE, Bar No. 259052
mrafique@solarcity.com
SOLARCITY LEGAL DEPARTMENT
SOLARCITY CORPORATION
3055 Clearview Way
San Mateo, CA 94402
Telephone:   650.963.5149

RICHARD H. RAHM, Bar No. 130728
rrahm@littler.com
LISA LIN GARCIA, Bar No. 260582
llgarcia@littler.com
LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA  94104
Telephone: 415.433.1940

Attorneys for Defendant
SOLARCITY CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAVI WHITWORTH, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SOLARCITY CORP.,<br><br>Defendant. | Case No.  3:16-cv-01540-JSC<br><br>**DEFENDANT SOLARCITY CORPORATION'S REPLY IN SUPPORT OF ITS MOTION TO STAY ALL DISTRICT COURT PROCEEDINGS**<br><br>Before the Honorable Jacqueline Scott Corley<br><br>Date: March 9, 2017<br>Time: 9:00 a.m.<br>Court: F<br><br>Complaint Filed:  March 29, 2016 |

## I. INTRODUCTION

Plaintiff Ravi Whitworth ("Plaintiff") opposes SolarCity's motion to stay primarily on the grounds that even if SolarCity's appeal is successful, SolarCity will not be able to compel arbitration of two individuals who will be added as named plaintiffs to this action. This misstates the standard for a stay, and it mischaracterizes SolarCity's burden. There is no dispute that the enforceability of class waivers is a serious question on the merits, and SolarCity has also demonstrated a probability of prevailing on its appeal. And Plaintiff's attempts to minimize its effect by claiming mere ordinary litigation costs if the case is not stayed are simply unpersuasive as courts have found irreparable harm when a defendant is confronted with class litigation. Further, Plaintiff will not be prejudiced, and there is no real doubt that a stay would serve the public interests by conserving judicial resources and respecting the strong federal policy in favor of arbitration agreements. These interests would be hindered if SolarCity were forced to litigate a class and collective action while SolarCity's appeal is pending. Thus, the district court proceedings should be stayed pending SolarCity's appeal to the Ninth Circuit and the U.S. Supreme Court's disposition in *Ernst & Young LLP v. Morris*, 2017 U.S. LEXIS 689 (Jan. 17, 2017).

## II. THE ACTION SHOULD BE STAYED UNTIL AFTER THE U.S. SUPREME COURT DECIDES *MORRIS*.

The relevant inquiry for a stay is well settled. *See In Re Apple & ATTM Antitrust Litigation*, 2010 WL 11489069, *2 (N.D. Cal. Sept. 15, 2010). A court considers the four factors on a sliding scale; a party can demonstrate "a probability of success on the merits and . . . irreparable harm" on the one end, or that "serious legal questions are raised and the balance of hardships tips sharply" toward the moving party on the other. *Id.* Under any version of the test, SolarCity has made a strong showing under every factor.

### A. SolarCity's Appeal Raises a Serious Legal Issue on the Merits on Which It Should Prevail.

There is no real dispute that the enforceability of class action waivers, which is at the crux of SolarCity's appeal of this Court's order denying the motion to compel arbitration, is a serious legal issue. This action was previously stayed pending the Ninth Circuit Court of Appeal's decision in

*Morris*.  SolarCity is simply seeking a follow-up stay pending the Supreme Court's final determination in *Morris*.[1]  *See Ernst & Young LLP v. Morris*, 2017 U.S. LEXIS 689 (Jan. 17, 2017). As discussed in SolarCity's motion, district courts have regularly stayed actions pending decisions before the U.S. Supreme Court in similar situations. *See Roman v. Northrop Grumman Corp.*, 2016 U.S. Dist. LEXIS 173022, *7-8 (C.D. Cal. Dec. 14, 2016) (staying action pending the Supreme Court's review of *Morris*); *Stoican v. Cellco P'ship*, 2010 U.S. Dist. LEXIS 141318, *4-5 (W.D. Wash. Dec. 8, 2010) ("even the Ninth Circuit seems inclined to delay the resolution of cases like this one until the Supreme Court resolves [*AT&T Mobility LLC v.*] *Concepcion*"); *Del Rio v. CreditAnswers, LLC*, 2010 U.S. Dist. LEXIS 89181, *9 (S.D. Cal. Aug. 26, 2010) ("A second substantial question is presented by virtue of the recent grant of certiorari by the United States Supreme Court in . . . *Concepcion* . . ., which concerns the issue of whether the Federal Arbitration Act preempts California's rules regarding the enforceability of arbitration agreements prohibiting class-wide arbitration."); *McArdle v. AT&T Mobility LLC*, 2010 U.S. Dist. LEXIS 73519, *9 (N.D. Cal. July 20, 2010) ("Plaintiff acknowledges that the Supreme Court's recent actions have raised substantial questions regarding whether this case can proceed as a class action, if at all. Because such questions exist, a stay is warranted if the balance of hardships tips in Defendants' favor."); *Meijer, Inc. v. Abbott Labs.*, 2009 U.S. Dist. LEXIS 27582, *14-15 (N.D. Cal. Mar. 18, 2009) (staying a case where an appellate court's decision would have a "direct bearing" on it); *see also Cuadras v. MetroPCS Wireless, Inc.,* 2011 U.S. Dist. LEXIS 9082, *5 (C.D. Cal. Jan. 21, 2011) ("The Court finds that it is appropriate to stay the case pending the Supreme Court's decision in *Concepcion*. Courts in this circuit, including this Court, have considered whether to issue *Landis* stays pending

---

[1] The two cases Plaintiff cites for the proposition that a stay is inappropriate are unpersuasive.  In *Echevarria v. Areotek,* 2017 U.S. Dist. LEXIS 1047 (N.D. Cal. Jan. 3. 2017), the court refused to postpone its ruling on the defendant's motion to compel arbitration pending the Supreme Court's disposition of the petition for writ of certiorari in *Morris*.  Thus, in *Echevarria*, not only had the Supreme Court not yet granted review, unlike here, but there was no pending appeal by the defendant.  Further, the proposed stipulation in *New York Tax Workers Alliance v. Uber, Inc.*, No. 16-cv-8299 (S.D.N.Y. Jan. 13, 2017), attached as Exhibit 3 to Mr. Sagafi's declaration is even less relevant.  The exhibit includes a notation from (apparently) the judge declining to sign the stipulation.  (*See* Sagafi Decl., Ex. 3 [Dkt No. 61-3].)  There is no order, much less any indication of the court's reasoning, and therefore, this case cannot be said to support Plaintiff's argument.

the Supreme Court's decision in *Concepcion*, and the weight of authority appears to be decidedly in favor of granting such stays."); *Kwan v. Clearwire Corp.*, 2011 U.S. Dist. LEXIS 38047, *7 (W.D. Wash. Mar. 29, 2011) (noting a "significant possibility" that the arbitrability of the plaintiffs' claims will turn on the Supreme Court's opinion in *Concepcion*.).

Here, Plaintiff does not—and cannot—dispute that SolarCity's appeal raises a serious legal issue as to Plaintiff's claims and/or that SolarCity has a substantial likelihood of prevailing on its appeal if the Supreme Court overturns the Ninth Circuit's *Morris* ruling. *See* Opp. 6:14-15. Instead, Plaintiff attempts to hold SolarCity to a higher standard, arguing that a stay is not necessary because the different arbitration agreements of two future plaintiffs, not yet in the case, will be unenforceable no matter how the Supreme Court rules in *Morris*. This mischaracterizes SolarCity's burden, and it substantially and improperly expands the scope of the inquiry before the court. Though the parties have agreed to add these new plaintiffs to the case, they are not yet in the case. More significantly, the enforceability of these two individuals' arbitration agreements has not been evaluated by this Court, and they are certainly not a part of SolarCity's appeal. Plaintiff's suggestion that this Court not only consider these new arbitration agreements but determine that they are not enforceable (or worse, *assume* their unenforceability) as part of this motion to stay is without legal support.[2]

Indeed, SolarCity is not required to prove that this Court will compel the arbitration of these future plaintiffs as part of its motion for a stay nor is SolarCity required to demonstrate that the final determination of its appeal or *Morris* would result in the enforceability of all arbitration agreements entered by future plaintiffs and class members. As discussed in the Motion, as an alternative to a

---

[2] Though it is not relevant to this motion, SolarCity disputes Plaintiff's characterization that the arbitration agreements entered by Cris Farrohki and Michael Whitford are unenforceable. Preliminarily, the agreements are not admissible because Plaintiff's counsel lacks the requisite personal knowledge to properly authenticate them. *See* Fed. R. Evid. 901. Even if the Court is to consider the agreements, Plaintiff's interpretation of the agreements is inaccurate. The agreements do not contain a "non-severable PAGA waiver clause that is unenforceable." *See* Opp, 5:16-17. The agreements specifically provide that "private attorney general representative actions are not covered within the scope of this Agreement and may be maintained in a court of law." Moreover, Plaintiff's reliance on *Altman v. SolarCity Corporation*, 2016 Cal. App. Unpub. LEXIS 3536 (2016) and *Wan v. SolarCity Corporation*, 2017 Cal. App. Unpub. LEXIS 14 (2017) are unpersuasive as they are both unpublished California Courts of Appeal decisions and therefore not precedential. *See Credit Suisse First Boston Corp v. Grunwald*, 400 F.3d 1119, 1126, n. 8 (2003) (an unpublished opinion does not constitute binding precedent).

---

DEF'S REPLY ISO MOTION TO STAY ALL DISTRICT COURT PROCEEDINGS | 3. | CASE No. 3:16-cv-01540-JSC

"serious legal question," SolarCity need only show a "reasonable probability" or "fair prospect" of success on the merits. *See Leiva-Perez v. Holder*, 640 F. 3d 962, 967-68 (9th Cir. 2011); *see also Alliance for the Wild Rockies v. Cottrell*, 632 F. 3d 1127, 1135 (9th Cir. 2011). The Ninth Circuit has explicitly rejected the type of stringent requirement to prove the ultimate merits of a case that Plaintiff urges, because it would require the court:

> to predict with accuracy the resolution of often-thorny legal issues without adequate briefing and argument. Such pre-adjudication adjudication would defeat the purpose of a stay, which is to give the reviewing court the time to "act responsibly," rather than doling out "justice on the fly."

*Leiva-Perez*, 640 F.3d at 967; *Guifu Li v. A Perfect Franchise, Inc.*, 2011 U.S. Dist. LEXIS 60814, *9 (N.D. Cal. June 8, 2011) (a moving party need not demonstrate that success on an appeal is more likely than not). Here, there is a reasonable probability that SolarCity will prevail on its appeal, pending the Supreme Court's determination in *Morris*.

Further, the Court need not consider the other grounds that Plaintiff is now raising concerning the enforceability of the arbitration agreements entered by individuals other than him. In *Cuadras,* 2011 U.S. Dist. LEXIS 9082, the plaintiff argued that staying the case pending the Supreme Court's decision in *AT&T Mobility LLC v. Concepcion* was unnecessary because the defendant's motion to compel arbitration would be denied based on issues unaffected by the Supreme Court's *Concepcion* decision. The district court rejected the argument, explaining:

> The Supreme Court's decision in *Concepcion* is likely to simplify whether the arbitration clause contained in [the defendant's] "Terms and Conditions" is unconscionable and unenforceable. If the provision is unenforceable, defendant will most likely be unable to compel plaintiff to arbitrate her claims, and plaintiff's other arguments in opposition to defendant's motion to compel arbitration will be moot. Furthermore, it is in the interest of judicial economy to assess defendant's motion to compel arbitration in its entirety rather than in a piecemeal fashion

*Cuadras,* 2011 U.S. Dist. LEXIS 9082 at *6-7. The same is true here. If the Supreme Court decides to affirm the Ninth Circuit's *Morris* decision, the arbitration agreements signed by Plaintiff and any future plaintiffs as a condition of employment with Defendant would likely be found to be unenforceable and there would be no need to litigate any unique, secondary arguments relating to the

enforceability of their agreements. In the interest of judicial economy, the entire action should be stayed pending *Morris* and SolarCity's appeal.

### B. The Balance Of Hardships Weighs Heavily In Favor Of A Stay.

#### 1. SolarCity Will Face Irreparable Harm Without a Stay.

If SolarCity is forced to litigate this class action while the enforceability of its arbitration agreement is appealed, it will be irreparably harmed because the benefits of arbitration that it contracted for—speed and economy—are forever lost. *See Murphy v. DirecTV, Inc.*, 2008 U.S. Dist. LEXIS 123185, *7-8 (C.D. Cal. Jul. 1, 2008). Plaintiff does not squarely respond to this argument, and instead reductively summarizes SolarCity's concerns as "the expense of discovery and motion practice," which it argues are insufficient to demonstrate irreparable harm. *See* Opp. 7:8-9. While it is true that litigation expenses alone do not usually amount to irreparable harm, the majority of courts have found that the result in class actions is different. *See, e.g., Stiener v. Apple Computer, Inc.*, 2008 U.S. Dist. LEXIS 90335, *17-18 (N.D. Cal. 2008) (granting a stay in part because of the additional costs and burdens associated with class litigation); *Pokorny v. Quixtar Inc.*, 2008 U.S. Dist. LEXIS 91951, *5 (N.D. Cal. Apr. 17, 2008) (granting a stay in a putative class action and holding "[a]bsent a stay, Defendants could spend substantial time and resources on the litigation, only to have the appellate court reverse the Order and compel arbitration after the fact. In that situation, the primary benefits of ADR – speed and economy – would have been lost."). Similarly, despite Plaintiff's attempt to gloss over it, courts have also highlighted the difference between discovery in federal court and discovery in arbitration. *See Del Rio*, 2010 U.S. Dist. LEXIS 89181 at *10-11 (rejecting the plaintiff's argument that merits discovery would be the same whether taking place in individual arbitration or in court); *Kaltwasser v. Cingular Wireless LLC*, 2010 U.S. Dist. LEXIS 78644, *7 (N.D. Cal. June 21, 2010) ("[T]he nature and extent of discovery in private arbitration is fundamentally different from that allowed in class-action litigation."); *Karimy v. Associated Gen. Contractors of Am.*, 2009 U.S. Dist. LEXIS 103043, *7-8 (S.D. Cal., Nov. 5, 2009) ("[W]ithout a stay, Defendant will suffer irreparable harm. ... [D]iscovery under Federal Rules of Civil Procedure is structured and formal, whereas discovery as provided under [arbitration] Rules is informal.").

Moreover, Plaintiff's argument ignores the fact that if SolarCity's arbitration is enforceable, Plaintiff will not be entitled to class discovery, including the Class List he is seeking.[3] *Kwan*, 2011 U.S. Dist. LEXIS 38047 at *7 ("The burdens associated with discovery in a putative class action are substantially greater than in an individual arbitration."). Thus, Plaintiff's argument that such discovery is "inevitable" is not well taken. Even pre-certification discovery requires a showing by plaintiff that the Rule 23 class action requirements or to show "that discovery is likely to produce substantiation of the class allegations." *See, e.g., McCowen v. Trimac Transportation Services (Western), Inc.*, 2015 U.S. Dist. LEXIS 118578, *8 (N.D. Cal. Sept. 4, 2015). But this kind of showing is impossible and premature when the issue on appeal is whether the case can continue as a class action at all. *See Pena v. Taylor Farms Pac., Inc.*, 2015 U.S. Dist. LEXIS 115718, *12 (E.D. Cal. Aug. 27, 2015) ("In similar circumstances, many courts have found the costs of pretrial litigation, incurred unnecessarily, would constitute irreparable harm.")

Plaintiff's PAGA claim does not change this result. Plaintiff essentially argues, without legal citation, that he will be entitled to class discovery as to his PAGA claim, regardless of whether his class claims get dismissed. But class discovery in a PAGA claim is not at all automatic either. Moreover, the scope of Plaintiff's PAGA claim is very different from the scope of his class claims. Beyond that, SolarCity will argue that Plaintiff is not entitled to discovery regarding all "aggrieved employees" until he himself establishes that he is himself aggrieved. SolarCity will further argue that Plaintiff's PAGA claim should be limited to his immediate co-workers. Plaintiff's suggestion that his PAGA claim inevitably entitles him to class-wide discovery is premature and unsupported by law.

None of Plaintiff's cited cases change this result. *Morse v. ServiceMaster Global Holdings, Inc.*, 2013 U.S. Dist. LEXIS 3663 (N.D. Cal. Jan. 8, 2013) involved two plaintiffs and is not a class or collective action. Significantly, that case is also distinguishable because the court specifically

---

[3] The Request for Production that is the basis of Plaintiff's class list request was propounded solely by Plaintiff and not any of the other future plaintiffs to be added in the case. Therefore, should Plaintiff's claims be stayed, Plaintiff's request for the class list and any other class discovery should likewise be stayed.

found that there was no novel legal issue for the appellate court to consider; here, there indisputably is. *See id.* *11-12. Similarly, in *Guifu Li*, 2011 U.S. Dist. LEXIS 60814 at *5-11, the court did not find there to be a serious *legal* question as the court denied the underlying motion to compel arbitration because, due to spoliation of evidence, the defendants could not prove that the plaintiffs and putative class members had even signed an arbitration agreement. And finally, in *O'Connor v. Uber Techs., Inc.*, 2015 U.S. Dist. LEXIS 171494, *12 (N.D. Cal. Dec. 22, 2015), in refusing to stay the case pending appeal, the court specifically found that regardless of the appellate ruling, Uber would be subject to a class action trial as they chose not to appeal the court's denial of its motion to compel arbitration as to a group of the certified class. As such, these cases are inapposite.

### 2. Plaintiff Will Not Be Substantially Injured By A Stay Of This Action.

In a futile attempt to demonstrate his own harm, Plaintiff conclusorily claims that a stay would delay "the possibility of injunctive relief to reform SolarCity's employment practices," but a review of the Complaint reveals only a general prayer for injunctive relief, and no factual allegations that would support such an injunction at all. *See* Opp. 9:13-16. Because Plaintiff primarily seeks monetary relief, "the delay does not prevent the balance of hardships from tipping sharply" in SolarCity's favor. *Pena*, 2015 U.S. Dist. LEXIS 115718 at *13-14 (when the plaintiff seeks damages, "appropriate relief can offset any harm arising from delayed monetary payments"). Further, as a former employee, Plaintiff has no standing to seek injunctive relief. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 364-65 (2011); *Delodder v. Aerotek, Inc.*, 2009 U.S. Dist. LEXIS 109256, *10 (C.D. Cal. Nov. 9, 2009).

Plaintiff's argument that the stay will result in a loss of evidence is similarly not well taken. First, the Supreme Court will likely decide the case in its 2017 Term, which begins in October 2017, meaning that Defendant is simply seeking a stay of several months. Such a stay does not give credence to Plaintiff's vague concerns about finding class members, failing memories, or losing evidence. Moreover, SolarCity is well aware of its duties as a litigant under federal law, and it will still be under a litigation hold pending the stay. Though it is not necessary, if the Court feels it is necessary to further avoid prejudice, it could also specifically issue an order preserving evidence pending the stay. *See Pena*, 2015 U.S. Dist. LEXIS 115718 at *13-14. But Plaintiff's non-specific

1  concerns about the passage of time are insufficient to shift the balance of hardships from SolarCity. *McArdle*, 2010 U.S. Dist. LEXIS 73519 at *10 ("The balance of hardships tips in Defendants' favor. The litigation expenses that Defendants would incur in defending this action outweigh Plaintiff's unsubstantiated fear concerning the wrongful destruction of call records.").

### 3.  A Stay Serves The Public Interest.

Despite Plaintiff's attempt to recharacterize the public interest at stake, a strong federal policy encouraging arbitration has been repeatedly recognized as a public interest that supports a stay. *Del Rio,* 2010 U.S. Dist. LEXIS 89181 at *12-13 ("A stay pending the outcome of the appeal will serve the public interest by potentially preserving judicial resources and promoting the 'strong federal policy encouraging arbitration as a prompt, economical and adequate method of dispute resolution for those who agree to it.'") (quoting *A.G. Edwards & Sons, Inc. v. McCollough*, 967 F.2d 1401, 1404 n.2 (9th Cir. 1992)); *see also Kwan*, 2011 U.S. Dist. LEXIS 38047 at *9 ("Given the significant possibility that the arbitrability of plaintiff's claims under Washington law will turn on the Supreme Court's opinion in *Concepcion*, the court finds it inefficient to proceed with litigation of this case."). Plaintiff's mischaracterization of the issue as "forced arbitration" does not change this result.

Plaintiff, on the other hand, cites no case law to support the idea that a "long-standing federal policy to allow employees to engage in 'concerted activities'" under the National Labor Relations Act reflects a similar public interest, particularly given the fact that the issue on appeal is whether this policy even applies to this case. *See* Opp. 10:15-19.

Similarly, as discussed about, Plaintiff's argument that class discovery should be allowed "because we know it will be conducted at some point" is without support. A stay is in the public interest. *Pena*, 2015 U.S. Dist. LEXIS 115718 at *14-15 ("[A stay] will avoid unnecessary litigation and suspend the case in place while the Ninth Circuit resolves the defendants' appeal. The landscape going forward will depend heavily on the circuit court's decision: the appeal tests this court's order granting class certification.").

### III. CONCLUSION

There is no dispute that serious legal issues are raised in SolarCity's appeal of the Court's Order denying its Motion to Compel Arbitration, and if the stay is not granted, SolarCity will suffer irreparable harm, whereas Plaintiff will not be substantially prejudiced. A stay would also promote the interests of justice. Accordingly, this action should be stayed until after the U.S. Supreme Court decides whether class action waivers are enforceable and after Defendant's appeal.

Dated: February 13, 2017

*/s/ Lisa Lin Garcia*
WILLIAM FRED NORTON
PETER URIAS
MUIZZ RAFIQUE
RICHARD H. RAHM
LISA LIN GARCIA

Attorneys for Defendant
SOLARCITY CORPORATION

Firmwide:145718174.4 088784.1001