UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAVI WHITWORTH, ET AL.,<br>    Plaintiffs,<br>v.<br>SOLARCITY CORP.,<br>    Defendant. | Case No.16-cv-01540-JSC<br><br>**ORDER RE: DEFENDANT'S MOTIONS TO COMPEL ARBITRATION AND TO STAY**<br><br>Re: Dkt. Nos. 56, 57 & 71 |

Plaintiff Ravi Whitworth brought this putative class and collective action against his former employer Defendant SolarCity Corporation ("Defendant"). The Court previously denied a motion to compel arbitration as to Plaintiff Whitworth. SolarCity then moved to stay the case pending the United States Supreme Court's decision in *Ernst & Young LLP v. Morris*. (Dkt. No. 56.) Before the Court heard argument on that motion, Whitworth filed his First Amended Complaint adding four additional Plaintiffs. (Dkt. No. 68.) At the hearing on the motion to stay, SolarCity indicated that it intended to move to compel arbitration as to these newly added Plaintiffs. SolarCity's motion to compel arbitration or alternatively stay proceedings pending a decision in *Morris* is now fully briefed. (Dkt. No. 71.) Having considered the parties' briefs, and having had the benefit of oral argument on March 9 and May 11, 2017, the Court GRANTS IN PART AND DENIES IN PART SolarCity's motions.

**BACKGROUND**

**A. Factual Background**

SolarCity provides solar power systems for public and private customers throughout the United States. (First Amended Complaint ("FAC") ¶ 1.) Plaintiff Whitworth worked for SolarCity as a Photo Installer II for less than three months in 2015. (*Id*. ¶ 11.) Plaintiff Greg Carranza has worked for SolarCity since August 2015 as a Photo Installer I and II. (*Id*. ¶ 13.) Plaintiff Javier Frias worked for SolarCity as a Photo Installer I and II from August 2014 through May 2016. (*Id*. ¶ 15.) Plaintiff Cris Farrohki worked for SolarCity as a PV Installer from June through October 2013. (*Id*. ¶ 17.) Plaintiff Michael Whitford worked for SolarCity as a Jr. PV Installer and a Crew Lead from June to October 2013. (*Id*. ¶ 19.)

There is no dispute that each Plaintiff was required to sign an arbitration agreement as a condition of employment and that each arbitration agreement contains a waiver of Plaintiffs' rights to participate in a class, collective, or representative action. (Dkt. No. 41 at 2; Dkt. No. 71-3 at ¶¶ 12, 21, 30, 38.[1]) Each arbitration agreement also provides that any arbitration must be on an individual basis and that the arbitrator must decide whether Plaintiffs are "aggrieved persons for purposes of any representative or private attorney general proceeding." (Dkt. No. 71-4 at 23, 53; Dkt. No. 71-5 at 13, 38-39.) Plaintiff Farrohki and Whitford's arbitration agreements also include clauses which provide that the representative and class action waiver clauses are non-severable from the agreement. (Dkt. No. 71-5 at 13, 38.)

**B. Procedural Background**

In March 2016, Plaintiff Whitworth filed this putative class and collective action on behalf of himself and a class of similarly situated individuals alleging nine claims for relief under the Fair Labor Standards Act ("FLSA"), the California Labor Code, California's Private Attorney General Act ("PAGA"), and California Business & Professions Code § 17200 et seq. (Complaint at ¶¶ 73-128.) Plaintiff contends that SolarCity failed to (1) pay employees involved in the installation and maintenance of solar systems for travel time during the workday; (2) provide these same

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

2

1 employees with statutorily protected meal and rest breaks; and (3) indemnify these employees for reasonable business expenses. (*Id*. at ¶¶ 40-48.)

Shortly after Plaintiff filed this action, SolarCity moved to compel arbitration seeking to enforce the arbitration agreement and class action waiver Plaintiff signed prior to commencing employment. (Dkt. No. 15.) The Court stayed the motion pending the Ninth Circuit Court of Appeal's decision in *Morris v. Ernst & Young, LLP*, No. 13-16599. (Dkt. No. 30.) Following the Ninth Circuit's *Morris* decision that class action waivers in arbitration agreements are invalid and unenforceable under the National Labor Relations Act (NLRA), the Court denied SolarCity's motion to compel arbitration. *See Morris v. Ernst & Young*, 834 F.3d 975 (9th. Cir. 2016). On January 13, 2017, United States Supreme Court granted certiorari in *Morris*. *Ernst & Young, LLP v. Morris*, No. 16-300, 2017 WL 125665 (U.S. Jan. 13, 2017). Defendant thereafter filed the now pending motion to stay. (Dkt. No. 56.)

The day after SolarCity filed its motion to stay, the parties filed a Joint Discovery Letter Brief wherein Plaintiff seeks production of a list consisting of each class member's: (1) name; (2) mailing address; (3) email address; (4) personal phone number; (5) work location; (6) job title; (7) dates of employment; and (8) social security number for purposes of identifying updated contact information for the class member. (Dkt. No. 57.)

Then, less than a week before the hearing on the motion to stay, Plaintiff filed a First Amended Complaint (FAC) adding four Plaintiffs: Greg Carranza, Javier Frias, Cris Farrohki, and Michael Whitford, as well as a claim under California Labor Code Section 223 for payment of wages below the designated rate. (Dkt. No. 68.) Notably, the PAGA claim is pled only as to Plaintiffs Carranza, Frias, and Whitworth. (FAC ¶¶ 134-144.)

The Court heard argument on SolarCity's motion to stay on March 9, 2017, but the Court agreed to reserve ruling on the motion to allow SolarCity to move to compel arbitration as to the newly added Plaintiffs. That motion is now fully briefed. (Dkt. No. 71.)

**DISCUSSION**

SolarCity moves for an order compelling the additional Plaintiffs to arbitration, or alternatively, to stay proceedings pending the Supreme Court's disposition of *Morris*. Plaintiffs

3

oppose both requests, and ask the Court to allow discovery; namely, production of a class list even if the Court is inclined to grant the stay.

### A.     SolarCity's Motion to Compel Arbitration

SolarCity moves to compel the newly added Plaintiffs to arbitrate their claims. SolarCity's motion must be denied for the same reasons the Court denied the motion as to Plaintiff Whitworth—the Court is bound by the Ninth Circuit's decision in *Morris* holding that employment arbitration agreements containing class action waivers are invalid and unenforceable under the National Labor Relations Act (NLRA). *See Whitworth v. Solarcity Corp.*, No. 16-CV-01540-JSC, 2016 WL 6778662, at *2 (N.D. Cal. Nov. 16, 2016); *see also McElrath v. Uber Techs., Inc.*, No. 16-CV-07241-JSC, 2017 WL 1175591, at *3 (N.D. Cal. Mar. 30, 2017). Further, Plaintiffs Carranza and Frias cannot be compelled to arbitrate their PAGA claims because their arbitration agreements contain unenforceable PAGA waivers. *See Sakkab v. Luxottica Retail N. Am., Inc.*, 803 F.3d 425, 431 (9th Cir. 2015); *Iskanian v. CLS Transportation Los Angeles*, LLC, 59 Cal. 4th 348, 384 (2014); *see also Perez v. U-Haul Co. of California*, 3 Cal. App. 5th 408, 421 (Cal. Ct. App. 2016) ("California law prohibits the enforcement of an employment agreement provision that requires an employee to individually arbitrate whether he or she qualifies as an aggrieved employee under PAGA, and then (if successful) to litigate the remainder of the representative action in the superior court").

### B.     SolarCity's Motion to Stay

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In deciding whether to grant a stay, a court may weigh the following: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."[2] *CMAX, Inc.*

---

[2] Instead of applying *Landis*, the parties apply the stay standard from *Nken v. Holder*, 129 S. Ct. 1749, 1761 (2009), which relies on the Supreme Court's prior decision in *Hilton v. Braunskill*, 481

4

*v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (internal citations and quotation omitted). However, "[o]nly in rare circumstances will a litigant in one case be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis*, 299 U.S. at 255. A district court's decision to grant or deny a *Landis* stay is a matter of discretion. *See Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007). The proponent of a stay has the burden of proving such a discretionary stay is justified. *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

SolarCity moves to stay this action pending the Supreme Court's review of the Ninth Circuit's decision in *Morris*. SolarCity maintains that a stay is necessary to save the parties from engaging in potentially unnecessary class litigation and to ensure the orderly course of justice. At oral argument, SolarCity insisted that a stay was appropriate because *Morris* will likely be overruled and under the then-enforceable arbitration agreements, Plaintiffs would not have any class claims and their individual claims would be subject to arbitration rather than court litigation. However, Plaintiffs Whitworth, Carranza, and Frias all have PAGA claims which will be litigated in this Court rather than in arbitration regardless of *Morris*. Further, notwithstanding SolarCity's insistence that *Morris* will be overturned, this is nothing more than reading tea leaves at this juncture and *Morris*—which renders the arbitration agreements here unenforceable—is the law in the Ninth Circuit which this Court is bound to follow.

Plaintiffs have articulated specific harms to Plaintiffs and the putative class in the event of a stay: (1) delay of any monetary or injunctive relief, (2) restraint on Plaintiffs' efforts to gather evidence in support of their claims, and (3) an increased risk that with the passage of time class members may inadvertently destroy evidence because they are unaware of the litigation. Plaintiffs' first argument as to delay in any monetary or injunctive relief is unpersuasive. Any stay

---

U.S. 770, 776 (1987). The parties offer no explanation for why the *Nken* standard, rather than the *Landis* standard applies, and the Court can see none. *Landis* sets forth the standard "where a party seeks to stay a district court proceeding pending the resolution of another action. The *Hilton* standard, in contrast, applies where a party seeks to stay enforcement of a judgment or order pending an appeal of that same judgment or order in the same case." *Lal v. Capital One Fin. Corp.*, No. 16-CV-06674-BLF, 2017 WL 282895, at *2 (N.D. Cal. Jan. 23, 2017) (internal citation omitted).

would likely be of a relatively short duration and the Ninth Circuit has held monetary recovery should not serve as the foundation to deny a stay. *See Lockyer v. Mirant Corp*., 398 F.3d 1098, 1110 (9th Cir. 2005); *McElrath*, 2017 WL 1175591, at *5 ("Although it is unlikely *Morris* will be resolved this Supreme Court term, it does not appear that a decision on the merits is more than a year away. While any estimate regarding when the Supreme Court will issue its *Morris* opinion is necessarily somewhat speculative, two factors are concrete: this case is in its early stages, and the outcome of *Morris* will have a significant impact on this case. Thus, this factor weighs slightly in favor of a stay."). The Court is, however, persuaded as to Plaintiffs' concerns regarding the loss of evidence over the months' long stay awaiting disposition of *Morris*.

Courts in this district are split as to whether a stay is warranted in similar cases pending *Morris*. In both *Rivera v. Saul Chevrolet, Inc*., and *Daugherty v. SolarCity Corp*., the courts denied stays because "much of the discovery at issue in this case will aid both this action and any eventual arbitration." *Rivera*, No. 16-CV-05966-LHK, 2017 WL 1862509, at *5 (N.D. Cal. May 9, 2017); *Daugherty*, 2017 WL 386253, at *4 (N.D. Cal. Jan. 26, 2017). Likewise, in *Cashon v. Kindred Healthcare Operating, Inc*., the court denied a stay because "[t]here is no evidence that the case is likely to settle or that the Supreme Court is likely to reverse the Ninth Circuit's decision in *Morris*. While Defendants will be forced to spend time and money litigating claims they might ultimately arbitrate, a stay will further deprive Cashon and other plaintiffs the relief allegedly owed to them. Overall, the interests of justice do not warrant a continuance or a stay." *Id*., No. 16-CV-04889-RS, Dkt. No. 41 (N.D. Cal. Feb. 6, 2017). However, courts have granted stays in an equal number of cases. *See, e.g*., *McElrath*, 2017 WL 1175591, at *5; *Mackall v. Healthsource Global Staffing*, Inc., No. 16-cv-03810-WHO, Dkt. No. 55 (N.D. Cal. Jan, 18, 2017). *Echevarria v. Aerotek, Inc*., No. 16-CV-04041-BLF, Dkt. No. 70 (N.D. Cal. April 3, 2017). Notably, the case in which this Court granted a stay did not include a PAGA claim. *McElrath*, 2017 WL 1175591, at *2.

Here, Plaintiffs Whitworth, Carranza, and Frias all have PAGA claims which will proceed in this Court regardless of what happens in *Morris*, and discovery as to all the Plaintiffs'

6

individual claims will be relevant either here or in any arbitration.³ *Rivera*, 2017 WL 1862509, at *5; *Daugherty*, 2017 WL 386253, at *4. The Court thus denies the motion to stay as to discovery regarding the individual and representative PAGA claims. Further, while the Court is not persuaded that the harms articulated by Plaintiffs warrant wholesale denial of a stay, the Court is persuaded that notice of the litigation to the putative class is appropriate to ensure that evidence is not lost during the pendency of the stay of the class and collective claims.

The Court thus turns to Plaintiffs' request for a class list. (Dkt.No. 57.) At the March 9, 2017 hearing, Plaintiffs modified their request to seek a limited class list containing only names and addresses. SolarCity argues that production of such a class list is improper because the Supreme Court's decision in *Morris* may foreclose Plaintiffs' class claims entirely. However, SolarCity has not identified any prejudice to it if the members of the putative class are sent a letter notifying them of the existence of this action. That additional individuals may become aware of their rights does not constitute prejudice; rather, notifying the putative class members of the existence of the action will ameliorate the effect of the delay in the action while the class claims are stayed. *See, e.g.*, *Bradberry v. T-Mobile USA, Inc.*, No. 06-6567 CW, 2007 WL 2221076, at *4 (N.D. Cal. Aug. 2, 2007) ("risk and the delay in litigation [during a stay pending appeal] constitute a substantial injury to Plaintiff"); *see also Perez v. Safelite Grp. Inc.*, 553 F. App'x 667, 669 (9th Cir. 2014), as amended on denial of reh'g and reh'g en banc (Mar. 7, 2014) (holding that once a plaintiff shows that class discovery is likely to substantiate class allegations "it is an abuse

---

³ In their opposition brief, Plaintiffs argued that the Court should declare Plaintiffs Farrohki and Whitford's arbitration agreements void and unenforceable because they contain non-severable PAGA waivers. In so arguing, Plaintiffs rely on two unpublished California Court of Appeals decisions voiding SolarCity arbitration agreements containing identical non-severability clauses. *See Wan v. SolarCity Corp.*, No. H042103, 2017 WL 25497, at *1 (Cal. Ct. App. Jan. 3, 2017), review denied (Mar. 22, 2017); *Altman v. SolarCity Corp.*, No. D067582, 2016 WL 2892733, at *3 (Cal. Ct. App. May 13, 2016), reh'g denied (June 8, 2016), review denied (July 27, 2016). However, unlike the plaintiffs in *Wan* and *Altman*, neither Farrohki nor Whitford have pled PAGA claims, and according to SolarCity, they are now time barred from doing to so. As discussed at oral argument, the Court is not persuaded that either Farrohki or Whitford has Article III standing to challenge the PAGA waiver since they have not pled PAGA claims; however, the Court declines to reach this issue now because it may ultimately be unnecessary to do so following a decision in *Morris*.

of discretion to deny precertification discovery"); *McCowen v. Trimac Transportation Servs. (W.), Inc.*, No. 14-CV-02694-RS (JSC), 2015 WL 5184473, at *4 (N.D. Cal. Sept. 4, 2015) (noting that "numerous courts in this District have found that disclosure of class members' contact information is appropriate in pre-certification class actions" and collecting cases regarding the same).

Accordingly, the parties are ordered to meet and confer to draft a proposed notice to the putative class and a plan for its distribution.

## CONCLUSION

For the reasons stated above, the Court GRANTS IN PART and DENIES IN PART SolarCity's motions to compel arbitration and to stay. The motion to compel arbitration is DENIED, the motion to stay is GRANTED IN PART and DENIED IN PART. Discovery regarding the individual Plaintiffs' claims and the PAGA claims of Plaintiffs Whitworth, Carranza, and Frias' may proceed. The parties shall meet and confer by June 2, 2017 regarding the form and plan for notice to the putative class.

The Court sets a further Case Management Conference for June 15, 2017 at 1:30 p.m., Courtroom F, 450 Golden Gate Ave., San Francisco, California. One week prior to the conference the parties shall file a joint statement regarding the status of their meet and confer regarding the notice, outlining any issues of dispute, and attaching the proposed form of notice. If the parties are able to reach an agreement regarding notice, they shall promptly notify the Court and the Case Management Conference will be vacated.

This Order disposes of Docket Nos. 56, 57 & 71.

**IT IS SO ORDERED.**

Dated: May 15, 2017

JACQUELINE SCOTT CORLEY
United States Magistrate Judge