United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAVI WHITWORTH, ET AL., <br> Plaintiffs, <br> v. <br> SOLARCITY CORP., et al., <br> Defendants. | Case No.16-cv-01540-JSC <br><br> **ORDER RE: MOTION TO COMPEL ARBITRATION AND MOTION TO STAY** <br><br> Re: Dkt. No. 116 |

Plaintiff Ravi Whitworth brought this putative class and collective action against his former employer Defendant SolarCity Corporation. Plaintiff later amended his complaint to include the claims of four additional named Plaintiffs. (Dkt. No. 68.) The Court denied SolarCity's motion to compel arbitration given the Ninth Circuit's decision in *Morris v. Ernst & Young*, 834 F.3d 975 (9th. Cir. 2016), holding that employment arbitration agreements containing class action waivers are invalid and unenforceable under the National Labor Relations Act (NLRA). (Dkt. Nos. 41 & 81.) On May 21, 2018, the Supreme Court reversed the Ninth Circuit's decision in *Morris*. *See Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612 (2018).

The parties have submitted supplemental briefing regarding the motion to compel arbitration following *Epic*. Having reviewed the parties' original and supplemental briefs, and having had the benefit of oral argument on August 9, 2018, the Court DENIES the motion to compel arbitration of Plaintiffs Whitworth, Carranza, and Frias's PAGA claims, but GRANTS the motion to compel arbitration of their individual claims and GRANTS the motion to compel as to Plaintiffs Farrohki and Whitford's individual claims. The Court also GRANTS SolarCity's motion to stay proceedings pending arbitration.

**DISCUSSION**

Following the Supreme Court's decision in *Epic*, the Court held a Status Conference to discuss how to proceed in this action. (Dkt. No. 114.) As a threshold matter, the parties agree that three of the five Plaintiffs—Whitworth, Carranza, and Frias—have valid arbitration agreements and that these agreements contain representative action waivers which preclude them from pursuing representative actions. The parties also agree that Plaintiffs Whitworth, Carranza, and Frias cannot bring class claims and that their individual non-PAGA claims must be arbitrated. The parties cannot agree, however, about whether Plaintiffs Farrohki and Whitford have valid arbitration agreements or how the Court should handle Plaintiffs Whitworth, Carranza, and Frias's PAGA claims.

The Court thus directed the parties to provide supplemental briefing regarding three issues. (Dkt. No. 116.) First, whether *Epic* overruled *Sakkab v. Luxottica Retail N. Am., Inc*., 803 F.3d 425, 431 (9th Cir. 2015), such that Plaintiffs Whitworth, Carranza, and Frias's PAGA claims must be compelled to arbitration along with their other claims. Second, to address SolarCity's argument that the Court must compel Plaintiffs to arbitrate their PAGA claims first.[1] Finally, whether the Court must compel Plaintiffs Farrohki and Whitford to arbitrate their individual claims. Subsumed within this question are whether the arbitration agreements are invalid because they include non-severable waivers of representative actions including PAGA claims, and the question of whether Farrohki and Whitford have standing to challenge the validity of their arbitration agreements on this ground given that they have not pled PAGA claims. Upon review of the original motion to compel briefing, as well as the parties' supplemental submissions, and having had the benefit of oral argument, the Court rules as follows.

**A.     Plaintiffs Whitworth, Carranza, and Frias's PAGA Claims**

There are two issues with respect to Plaintiffs Whitworth, Carranza, and Frias's PAGA claims. First, whether *Epic* overruled *Sakkab* such that Plaintiffs must now arbitrate their PAGA

---

[1] While the Court understood this to be the issue following the Case Management Conference, the parties' briefing indicates that the real issue is whether the Court should stay Plaintiffs' PAGA claims pending arbitration or whether those should proceed in this Court.

2

claims with their other claims. Second, whether Plaintiffs' PAGA claims based on violations of Labor Code section 558 must be arbitrated even if their other PAGA claims cannot be compelled to arbitration.

### 1) *Epic* did not overrule *Sakkab*

As a general rule, "circuit precedent, authoritative at the time that it issued, can be effectively overruled by subsequent Supreme Court decisions that are closely on point, even though those decisions do not expressly overrule the prior circuit precedent." *Miller v. Gammie*, 335 F.3d 889, 899 (9th Cir. 2003) (internal citation and quotation marks omitted). While "the issues decided by the higher court need not be identical in order to be controlling [], the relevant court of last resort must have undercut the theory or reasoning underlying the prior circuit precedent in such a way that the cases are *clearly irreconcilable*." *Id*. at 900 (emphasis added). SolarCity argues *Epic* is clearly irreconcilable with *Sakkab* because *Morris* (which *Epic* overruled) and *Sakkab* both rest on the same interpretation of the FAA's savings clause, an interpretation which *Epic* rejected. In particular, SolarCity contends:

> The Supreme Court [in *Epic*] thus emphatically held that a rule attacking a contract for requiring individualized arbitration—even when based on a general contract defense of illegality—cannot be preserved by the FAA's saving clause if that rule does not "render any contract enforceable," but only renders arbitration agreements unenforceable."

(Dkt. No. 122 at 10.[2])

Accepting SolarCity's characterization of *Epic,* it is still not clearly irreconcilable with *Sakkab*. *Sakkab* applied the same interpretation of the savings clause as articulated by SolarCity: the court held that the FAA's savings clause "requires that a state contract defense place arbitration agreements on equal footing with the non-arbitration agreements." 803 F.3d at 432. It then went on to hold that "[t]he *Iskanian* rule complies with this requirement. The rule bars any waiver of PAGA claims, regardless of whether the waiver appears in an arbitration agreement or a non-arbitration agreement." *Id.* SolarCity ignores that in *Iskanian* the California Supreme Court

---

[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

3

found that a waiver of representative actions bars a PAGA claim on behalf of the state in its entirety; even if an employee could bring and therefore arbitrate an individual PAGA claim, such individual's claims "do not 'result in the penalties contemplated under the PAGA to punish and deter employer practices that violate the rights of numerous employees under the Labor Code." *Sakkab*, 803 F.3d at 431 (quoting *Iskanian*, 59 Cal. 4th at 383). As *Sakkab* explained, "[a]n agreement to waive 'representative' PAGA claims—that is, claims for penalties arising out of violations against other employees—is effectively an agreement to limit the penalties an employee-plaintiff may recover on behalf of the state." *Id.*; *see also id.* at 739 ("PAGA action is a statutory action for penalties brought as a proxy for the state, rather than a procedure for resolving the claims of other employees."). *Epic* does not require an interpretation of the FAA that allows a private party to immunize itself from liability under a particular law, especially a law prosecuted on behalf of a state.

In sum, *Sakkab* is not clearly irreconcilable with *Epic*; rather, there remains a "meaningful basis for the [*Sakkab*] rule." *Morton v. De Oliveira*, 984 F.2d 289, 292 (9th Cir. 1993). Therefore, in the absence of Ninth Circuit authority stating otherwise, this Court must follow *Sakkab*.

### 2) Plaintiffs' Section 558 Claims are Not Subject to Arbitration

SolarCity next insists that even if the Court is not persuaded that *Epic* implicitly overruled *Sakkab*, the Court should nonetheless compel arbitration of the PAGA claims to the extent that the claims are predicated on California Labor Code section 558. SolarCity's argument is based on an unpublished Ninth Circuit Court of Appeals decision favoring one of two diverging California Court of Appeals cases on this question. *See Mandviwala v. Five Star Quality Care, Inc.*, 723 F. App'x 415, 417-18 (9th Cir. Feb. 2, 2018) (discussing *Esparza v. KS Indus., L.P.*, 13 Cal. App. 5th 1228, 1234 (2017); *Lawson v. ZB, N.A.*, 18 Cal.App.5th 705 (2017), as modified (Dec. 21, 2017), review granted March 21, 2018)). However, *Mandviwala*—as an unpublished decision—is not binding; instead, this Court must "attempt to determine how the California Supreme Court might decide the issue." *Ileto v. Glock Inc*., 349 F.3d 1191, 1200 (9th Cir. 2003); *see also* 9th Cir. Rule 36-3(a) ("Unpublished dispositions and orders of this Court are not precedent, except when relevant under the doctrine of law of the case or rules of claim preclusion or issue preclusion.").

4

Labor Code section 558(a) provides that:

> (a) Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:
>
> (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.
>
> (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.
>
> (3) Wages recovered pursuant to this section shall be paid to the affected employee.

The *Esparza* court held when a plaintiff seeks to recover lost wages under Labor Code section 558(a) through a PAGA claim, the *Iskanian* rule does not apply because such wage claims are private disputes arising out of the employment contract with the employer, and therefore subject to arbitration. *Esparza*, 13 Cal. App. 5th at 1246. The court reasoned that because the wage portion of the section 558 civil penalty is not allocated at all to the state, the *Iskanian* rule does not prevent the underpaid wage portion of the section 558(a) claim from being compelled into arbitration. *Id.* at 1234. In particular, the court held "[a]lthough the statute refers to the amount 'as a penalty,' it does not constitute a 'civil penalty' as that term is used in *Iskanian* because it is payable to the employees and not a state agency." *Id.* at 1242.

In *Lawson*, in contrast, the court held that the unpaid wage portion of a section 558(a) PAGA claim is part of the civil penalty and therefore *Iskanian* applies; the trial court thus had erred by bifurcating the unpaid wages portion of the plaintiff's section 538(a) claim and ordering arbitration of that portion of the 558(a) claim. 18 Cal.App. 5th at 712. The court reasoned that it had previously held that the unpaid wages portion of a section 558(a) claim is a civil penalty. *Id.* at 722; *see also Thurman v. Bayshore Transit Mgmt., Inc.*, 203 Cal. App. 4th 1112, 1147-48 (2012). Further, in *Iskanian* the court "made it clear that the distinction between civil penalties and victim specific statutory damages hinges in large measure on whether, prior to enactment of

5

the PAGA, they could only be recovered by way of regulatory enforcement or whether they supported a private right of action." Because section 558(a) is only enforceable by the state or through PAGA, it falls within *Iskanian's* definition of civil penalties. *Id.* at 724. Finally, while *Iskanian* "also relied on the fact the penalties it was considering were 'largely' payable to the state," the "civil penalty" recoverable under section 538(a) is also "largely" payable to the state, even when the unpaid wages are included in that civil penalty bucket. *Id.* The California Supreme Court granted review of *Lawson* in March 2018.

*Mandviwala* concluded—without analysis— that *Esparza* was "more consistent with the ruling of *Iskanian* [because] *Esparza* specifically distinguished between individual claims for compensatory damages (such as unpaid wages) and PAGA claims for civil penalties, which is more consistent with *Iskanian* and reduces the likelihood that *Iskanian* will create FAA preemption issues." *Mandviwala*, 723 F. App'x at 417–18 (9th Cir. 2018). Only one district court has considered this issue since *Mandviwala* and it too adopted *Mandviwala's* favoring of *Esparza's* rationale without discussion. *See Cabrera v. CVS Rx Servs., Inc*., No. C 17-05803 WHA, 2018 WL 1367323, at *5 (N.D. Cal. Mar. 16, 2018) ("This order finds the reasoning of *Mandviwala* persuasive and agrees that claims for unpaid wages under PAGA may be pursued in arbitration.").

This Court respectfully disagrees and concludes that the California Supreme Court is most likely to follow *Lawson* for several reasons. First, *Esparza's* conclusion that a claim under section 558 "is a private dispute because, among other things, it could be pursued by Employee in his own right," 13 Cal.App.5th at 1246, is unsupported, and as *Lawson* explains, likely wrong. *Lawson*, 18 Cal. App. 5th at 723.

Second, *Esparza's* cursory treatment of the appellate court's prior decision in *Thurman*, 203 Cal.App.4th 1112, is not persuasive. *Thurman* analyzed the plain language of the statute and held that "the language of section 558, subdivision (a) is more reasonably construed as providing a civil penalty that consists of *both* the $50 or $100 penalty amount *and* any underpaid wages, with the underpaid wages going entirely to the affected employee or employees as an express exception to, the general rule that civil penalties recovered in a PAGA action are distributed 75 percent to the

6

Labor and Workforce Development Agency (LWDA) and 25 percent to the aggrieved employees." *Lawson*, 18 Cal. App. 5th at 717 (quoting *Thurman*, 203 Cal.App.4th at 1145) (emphasis in original). *Esparza* stated, without discussion, that "the *Thurman* court's determination that an award of unpaid wages under Labor Code section 558 is a civil penalty does not control how we interpret the term civil penalty as it is used in the *Iskanian* rule—a rule of nonarbitrability carefully crafted to avoid federal preemption." *Esparza*, 13 Cal. App. 5th at 1243. *Esparza* seems to have based this finding at least in part on the fact that *Thurman* was decided two years prior to *Iskanian*. *Lawson* rejected any such limitation on *Thurman*, reasoning that

> [w]hile we agree *Thurman* was decided before *Iskanian*, and that in *Thurman* we had no occasion to address the preemption issues discussed in *Iskanian*, those circumstances in no sense undermine the continuing validity of our holding in *Thurman*, to wit: in enacting section 558, the Legislature intended the underpaid wages recoverable under the statute, as well as the $50 and $100 assessments provided by the statute, be treated as civil penalties and that as civil penalties, neither type of recovery is severable for purposes of applying the PAGA.

*Lawson*, 18 Cal. App. 5th at 723–24. Indeed, "the court in *Iskanian* made it clear that the distinction between civil penalties and victim specific statutory damages hinges in large measure on whether, prior to enactment of the PAGA, they could only be recovered by way of regulatory enforcement or whether they supported a private right of action." *Lawson*, 18 Cal. App. 5th at 724. As *Lawson* concluded, there is no meaningful basis to distinguish *Thurman's* holding that all recovery under section 558 is a penalty from *Iskanian's* definition of a penalty for purposes of the preemption analysis.

Third, *Esparza's* heavy reliance on the fact that the unpaid wage portion of the section 558(a) penalty is paid to the employee rather than the state is also not persuasive. *Lawson* also noted that *Iskanian* focused on the fact that the penalties it was considering were "largely" payable to the state.[3] *Id*. at 724. Section 558 assesses a penalty of $50 for each initial violation and $100 for each subsequent violation in a pay period in addition to "an amount sufficient to recover

---

[3] When an employee recovers civil penalties under PAGA, 75 percent is allocated to the Labor and Workforce Development Agency and the remaining 25 percent is allocated to the aggrieved employees. *See* Cal. Lab. Code § 2699(i).

7

underpaid wages." Cal. Lab. Code § 558(a)(1)-(2). It was unlikely that "the predominate amounts recovered under section 558 w[ould] be in the form of underpaid wages payable to employees" because "depending upon how many violations occurred during a pay period and the effected employees' rate of pay, it [wa]s quite possible that, at least as to the rest break and meal break allegations, the underpaid wage portion of any recovery w[ould] fall within the 25 percent range implicitly approved by the court in *Iskanian*." *Lawson*, 18 Cal. App. 5th at 724. In other words, the $50 to $100 penalty per violation in a pay period would exceed any unpaid wage recovery and ensure that the majority of the recovery goes to the state as opposed to an individual.

Moreover, while both *Esparaza* and *Lawson* assume without analysis that in a PAGA action the unpaid wages portion of the section 558(a) civil penalty will go entirely to the aggrieved employees, this Court is not so certain. The PAGA was enacted *after* section 558, and provides that 75 percent of the civil penalties recovered by an aggrieved employee are allocated to the state. If the entire section 558 recovery is considered the penalty, including the unpaid wages portion, then pursuant to a PAGA claim 75 percent of that penalty, including 75 percent of the unpaid wages, are allocated to the state. To put it another way, when the State enforces section 558, the $50 or $100 per violation portion of the penalty goes to the state, and all of the unpaid wages portion goes to the aggrieved employees. On the other hand, when an employee brings a PAGA claim based on a section 558 violation, 75 percent of the penalty goes to the state and 25 percent to the employee, including 25 percent of the portion that in a state-enforcement action would go entirely to the state. This possible construction of PAGA and section 558 is another reason *Esparza* is not persuasive.

The Court thus concludes that the California Supreme Court is most likely to follow *Lawson* which is most consistent with the language and history of section 558(a) and *Iskanian*.

\* \* \*

The Court therefore denies SolarCity's motion to compel arbitration of Plaintiffs Whitworth, Carranza, and Frias's PAGA claims.

//

//

8

**B. Plaintiffs Farrohki and Whitford Must Arbitrate Their Claims**

Plaintiffs Farrohki and Whitford were added as Plaintiffs in the First Amended Complaint pleading wage and hour claims under the Fair Labor Standards Act and California Labor Code §§ 510 and 1194, as well as a claim under California Business & Professions Code § 17200 et seq. (Dkt. No. 68.) SolarCity moved to compel arbitration of these claims based on arbitration agreements signed by Farrohki and Whitford at the start of their employment with SolarCity. (Dkt. Nos. 71; 71-5 at 8 (Farrohki's Arbitration Agreement); 71-5 at 33 (Whitford's Arbitration Agreement).) In response to the motion to compel, Plaintiffs Farrohki and Whitford argued that their arbitration agreements are invalid due to the presence of an unlawful PAGA waiver. The Court declined to reach this issue because it denied the motion to compel arbitration based on *Morris*. In doing so, the Court suggested that it also had concerns regarding Farrohki and Whitford's standing to raise this challenge since they have not pled PAGA claims. In light of *Epic*, the Court must now decide whether it must compel Farrohki and Whitford to arbitrate their claims.

**1. Issue Preclusion Does not bar SolarCity From Enforcing the Arbitration Agreements**

Plaintiffs Farrohki and Whitford bring wage and hour claims on behalf of themselves and a putative class; they do not bring any PAGA claims. There is no dispute that they each signed employment agreements that require them to arbitrate their individual claims. (Dkt. No. 71-5 at 12, 37.) The arbitration agreements also waive their ability to bring the claims on behalf of a putative class or through a collective action. In particular, the waiver language of their arbitration agreements states:

> "In arbitration, the parties will have the right to conduct civil discovery, bring motions, and present witnesses and evidence as provided by the forum state's procedural rules applicable to court litigation as interpreted and applied by the arbitrator. **However, there will be no right or authority for any dispute to be brought, heard or arbitrated as a class or collective action ("Class Action Waiver"), or in a representative or private attorney general capacity on behalf of a class of persons or the general public.** Notwithstanding any other clause contained in this Agreement, the preceding sentence shall not be severable from this Agreement in any case in which the dispute to be arbitrated is brought as a class or collective action, or in a representative or private attorney general capacity on behalf of a class of persons or the general public."

9

(Dkt. No. 71-5 at 12-13, 39-40 ¶ 12(d) (emphasis added.)) After *Epic*, these arbitration provisions, including the class action waiver, are enforceable. *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1616 (2018). Plaintiffs nonetheless resist the motion to compel on the grounds that the arbitration agreements in their entirety are unenforceable because they contain non-severable PAGA waivers and two California appellate courts have previously held that SolarCity's arbitration agreements with nearly identical language were unenforceable under *Iskanian*.[4] *See Wan v. SolarCity Corp.*, No. H042103, 2017 WL 25497, at *1 (Cal. Ct. App. Jan. 3, 2017), review denied (Mar. 22, 2017); *Altman v. SolarCity Corp.*, No. D067582, 2016 WL 2892733, at *3 (Cal. Ct. App. May 13, 2016), reh'g denied (June 8, 2016), review denied (July 27, 2016).[5] Plaintiffs insist that offensive collateral estoppel or issue preclusion precludes SolarCity from enforcing these agreements against them. The Court disagrees.

Issue preclusion "prohibits the relitigation of issues argued and decided in a previous case, even if the second suit raises different causes of action." *DKN Holdings LLC v. Faerber*, 61 Cal.4th 813, 824 (2015). Issue preclusion applies "(1) after final adjudication (2) of an identical issue (3) actually litigated and necessarily decided in the first suit and (4) asserted against one who was a party in the first suit or one in privity with that party." *Id.* at 825.

In *Wan*, the plaintiff brought a PAGA claim against his former employer SolarCity following *Iskanian*. SolarCity unsuccessfully moved to compel arbitration of the plaintiff's status as an aggrieved employee for purposes of his PAGA claim. *Wan*, 2017 WL 25497, at *2. On appeal, the appellate court first concluded that the arbitration agreement's provision purporting to require arbitration of the plaintiff's aggrieved status for purposes of the PAGA claim was unenforceable under *Iskanian*. *Id.* at *9. The court next held that the arbitration agreement's waiver of the right to bring a representative PAGA claim in any forum, a provision that was unenforceable under *Iskanian*, was not severable from the arbitration agreement given that it

---

[4] At oral argument, SolarCity conceded that the agreements are identical in all material respects.
[5] Although *Wan* and *Altman* are unpublished California appellate court decisions, the Court is not precluded from citing them or relying on them for estoppel purposes. California Rule of Court 8.1115(b)(1), which governs citation of unpublished decisions, provides an exception for cases where "the opinion is relevant under the doctrines of law of the case, res judicata, or collateral estoppel."

10

states:
> "Notwithstanding any other clause contained in this Agreement, the preceding sentence shall not be severable from this Agreement in any case in which the dispute to be arbitrated is brought as a class action or collective action, or in a representative or private attorney general capacity on behalf of a class of persons or the general public."

*Id.* at *11. Because the plaintiff brought his case as a private attorney general action, the non-severability clause applied. The court therefore concluded: "the arbitration agreement contains an invalid PAGA waiver under *Iskanian*, and that because the waiver is not severable, the entire arbitration agreement is unenforceable." *Id.* at 12.

In *Altman*, the plaintiff brought wage and hour claims as a class action and also a representative PAGA action. 2016 WL 2892733 at * 1. SolarCity moved to compel arbitration of plaintiff's individual claims, including plaintiff's status an aggrieved employee, to dismiss the class claims, and to stay the PAGA claims pending arbitration. *Altman*, 2016 WL 2892733, at *1. The trial court denied SolarCity's motion, and on appeal the court held that the PAGA waiver was unenforceable under *Iskanian*. *Id*. at * 3 (citing *Securitas Security Services USA, Inc. v. Superior Court of San Diego County*, 234 Cal.App.4th 1109, 1116–1117 (2015)). Having determined that the waiver was unenforceable, the court next had to decide if it was nonetheless severable from the arbitration agreement. *Id.* at 4. Citing the same language as did the *Wan* court—"[n]otwithstanding any other clause in this Agreement, the preceding sentence shall not be severable from this Agreement in any case in which the dispute to be arbitrated is brought as a . . . representative action"—the court held that the invalid PAGA waiver was not severable and therefore the entire arbitration agreement was unenforceable. *See also Securitas*, 234 Cal.App.4th at 1126 (finding that a nearly identical arbitration agreement was unenforceable because it contained a nonseverable PAGA waiver).

Issue preclusion does not compel this Court to hold that Farrohki and Whitford's arbitration agreements are likewise unenforceable in their entirety. The holdings in *Wan* and *Altman* turned on the non-severability of the invalid PAGA waiver. The issue actually litigated and necessarily decided was whether the invalid PAGA waiver was not severable and therefore the arbitration agreement in its entirety unenforceable when the plaintiff brings a PAGA claim; these

11

cases did not address whether the invalid PAGA waiver is not severable under these agreements when the plaintiff does *not* bring a PAGA claim. Thus, *Wan* and *Altman* did not decide the issue presented here: whether the PAGA waiver is not severable, and the entire arbitration agreement unenforceable, when the plaintiff does not bring a PAGA claim. To put it another way, *Wan* and *Altman* did not involve the identical factual issues as here because there the plaintiffs brought PAGA claims and here they do not. *See Lucido v. Super. Ct.*, 51 Cal.3d 335, 342 (1990).

Plaintiffs' insistence that *Wan* and *Altman* held that the arbitration agreements are "void from the beginning" is not supported by the reasoning of those cases. After the courts determined that the arbitration agreements included an unenforceable PAGA waiver, they went on to analyze whether the waiver was severable. They held the waiver was not severable because the plain language of the non-severability clause applied; namely, the PAGA waiver was not severable because the plaintiffs sought to bring their actions as private attorney generals. *Wan*, 2017 WL 25497, at *10-11; *Altman*, 2016 WL 2892733, at *4. If, as Plaintiffs contend, the agreements were void from the beginning solely because of the presence of the PAGA waiver, there was no need for the courts to analyze whether the PAGA waiver was severable. It is thus unsurprising that Plaintiffs do not cite any case that holds an entire arbitration agreement is void *ab initio* merely because it includes a PAGA waiver. Thus, issue preclusion does not compel this Court to hold that Farrohki and Whitford's arbitration agreements are void and unenforceable in their entirety.

### 2. The Invalid PAGA Waiver is Severable

Having concluded that issue preclusion does not require a finding of unenforceability, the Court must still address the effect of the presence of the invalid PAGA waiver. The Court previously raised a concern as to whether Farrohki and Whitford have standing to challenge the enforceability of the arbitration agreement based on the invalid PAGA waiver given that they do not bring PAGA claims. And indeed, in similar circumstances, some courts have held that they do not. *See, e.g., Gerton v. Fortiss, LLC*, No. 15-CV-04805-TEH, 2016 WL 613011 *3 n.3 (N.D. Cal. Feb. 16, 2016) (holding that a plaintiff did not have standing to challenge a PAGA waiver invalid under *Iskanian* as a provision making the arbitration agreement unconscionable given that he did not and could not bring a PAGA claim).

12

In any event, assuming, without deciding, that Farrohki and Whitford can argue that the arbitration agreement in its entirety is unenforceable because it contains a PAGA waiver that does not apply to their claims, the Court concludes that the invalid PAGA waiver is severable. "Where a contract has several distinct objects, of which one at least is lawful, and one at least is unlawful, in whole or in part, the contract is void as to the latter and valid as to the rest." Cal. Civ. Code § 1599; *see also Fair v. Bakhtiari*, 195 Cal.App.4th 1135, 1157, 125 Cal.Rptr.3d 765 (2011) ("Civil Code section 1599 codifies the common law doctrine of severability of contracts.") That is, "[i]f the central purpose of the contract is tainted with illegality, then the contract as a whole cannot be enforced." *Marathon Entm't, Inc. v. Blasi*, 42 Cal.4th 974, 996 (2008) (internal quotation marks and citations omitted). However,"[i]f the illegality is collateral to the main purpose of the contract, and the illegal provision can be extirpated from the contract by means of severance or restriction, then such severance and restriction are appropriate." *Id*. "[C]ourts will generally sever illegal provisions and enforce a contract when nonenforcement will lead to an undeserved benefit or detriment to one of the parties that would not further the interests of justice." *Armendariz v. Found. Health Psychcare Servs*., Inc., 24 Cal. 4th 83, 127 (2000)

Farrohki and Whitford do not argue, and the Court does not find, that the central purpose of the parties' arbitration agreement is tainted with illegality; indeed, with the exception of the PAGA waiver, Plaintiffs do not contend that any other provision is invalid. Further, the single invalid provision—the PAGA waiver—has no applicability to Farrohki and Whitford's case given that they do not bring any PAGA claims. Thus, the PAGA waiver should be severed and the remainder of the agreement enforced.

Farrohki and Whitford nonetheless appear to assert that the Court cannot sever the PAGA waiver under the plain language of the arbitration agreements. In particular, because the agreements state that the class, collective and PAGA waiver "shall not be severable from this Agreement in any case in which the dispute to be arbitrated is brought as a class or collective action, or in a representative or private attorney general capacity on behalf of a class of persons or the general public," and Farrohki and Whitford bring their wage and hour claims as a class and collective action, the PAGA claims are not severable. The Court does not agree.

1         The agreements' requirement that Farrohki and Whitford arbitrate their individual claims and waive any class and collective claims is valid following *Epic*. It makes no sense to read the arbitration agreements as precluding the severability of the PAGA waiver because, in violation of their arbitration agreements, Farrohki and Whitford nonetheless filed suit in federal court and asserted claims on behalf of a class. To put it another way, the PAGA waiver is severable if no PAGA claim is brought. To hold otherwise would violate the "liberal federal policy favoring arbitration." *AT&T Mobility v. Concepcion*, 563 U.S. 333, 339 (2011).

        Accordingly, to the extent Plaintiffs have standing to challenge the invalid PAGA waiver, the Court severs the PAGA waiver and grants SolarCity's motion to compel arbitration of Farrohki and Whitford's claims.

### C.    A Stay Pending Arbitration is Appropriate

        Having concluded that Plaintiffs Whitworth, Carranza, and Frias's PAGA claims are not subject to arbitration, the question is whether these claims should proceed in this Court while the arbitration proceeds on all of Plaintiffs' individual claims or whether the claims should be stayed. SolarCity insists that the claims should be stayed and Plaintiffs oppose any such stay.

        Pursuant to 9 U.S.C. § 3, the Court must "stay litigation of arbitral claims pending arbitration of those claims 'in accordance with the terms of the agreement.'" *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011) (quoting 9 U.S.C. § 3). If a court "determines that all of the claims raised in the action are subject to arbitration," the court "may either stay the action or dismiss it outright." *Johnmohammadi v. Bloomingdale's Inc.*, 755 F.3d 1072, 1074 (9th Cir. 2014). "However, if a court finds that the plaintiff asserts both arbitrable and nonarbitrable claims, district courts have 'discretion whether to proceed with the nonarbitrable claims before or after the arbitration and [have] ... authority to stay proceedings in the interest of saving time and effort for itself and litigants.'" *Jenkins v. Sterling Jewelers, Inc.*, 2018 WL 922386, at *7 (S.D. Cal. Feb. 16, 2018) (quoting *Wilcox v. Ho-Wing Sit*, 586 F. Supp. 561, 567 (N.D. Cal. 1984) ); *see also Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979) (holding that the defendant "was not entitled to a stay pursuant to section 3 of the Arbitration Act" on a nonarbitrable claim, but noting that "sound reasons may exist" for the district court to stay the action based on its inherent

14

authority to control its docket).

While the PAGA claims are not identical to the claims compelled to arbitration (overtime, minimum wage, rest period, wages on termination, wage statements, indemnification, and unfair business practices claims), the factual allegations underlying the claims are the same. Further, "Plaintiffs[' ] PAGA claims are derivative in nature of [their] substantive claims that will proceed to arbitration, and the outcome of the nonarbitrable PAGA claims will depend upon the arbitrator's decision." *Shepardson v. Adecco USA, Inc*., No. 15-CV-05102-EMC, 2016 WL 1322994, at *6 (N.D. Cal. Apr. 5, 2016); *see also Hermosillo v. Davey Tree Surgery Co.*, 2018 WL 3417505 * 20 (N.D. Cal. July 13, 2018) (staying PAGA claim pending arbitration of individual wage and hour claims). While a stay is not mandatory, the Court in its discretion GRANTS SolarCity's request to stay the PAGA claims pending arbitration of the individual claims. A stay is most consistent with Rule 1 of the Federal Rules of Civil Procedure and these Plaintiffs' agreement to arbitrate their individual claims.

## CONCLUSION

For the reasons stated above, SolarCity's motion to compel arbitration is GRANTED IN PART AND DENIED IN PART: it is DENIED as to Plaintiffs Whitworth, Carranza, and Frias's PAGA claims; and it is GRANTED as to Plaintiffs Whitworth, Carranza, and Frias's non-PAGA claims and all of Plaintiffs Farrohki and Whitford's claims.

SolarCity's motion for a stay pending arbitration is GRANTED.

**IT IS SO ORDERED.**

Dated: August 21, 2018

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

15