Jahan C. Sagafi (SBN 224887)
**OUTTEN & GOLDEN LLP**
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800
Facsimile: (415) 638-8810
Email: jsagafi@outtengolden.com

Christina A. Humphrey (SBN 226326)
**CHRISTINA HUMPHREY LAW, P.C.**
1117 State Street
Santa Barbara, CA 93101
Telephone: (805) 618-2924
Email: christina@chumphreylaw.com

*Counsel for Plaintiffs and the Aggrieved Employees*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| RAVI WHITWORTH, JAVIER FRIAS, GREG CARRANZA, and JOSHUA ARGUELLES on behalf of themselves, the State of California, and all other aggrieved employees,<br><br>Plaintiffs,<br><br>v.<br><br>SOLARCITY CORP. and TESLA ENERGY OPERATIONS, INC.,<br><br>Defendants. | Case No. 3:16-cv-01540-JSC<br><br>**SECOND SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF PRIVATE ATTORNEYS' GENERAL ACT (PAGA) SETTLEMENT**<br><br>Judge:      Jacqueline Scott Corley<br>Courtroom:  Courtroom 8—19th Floor |

# REDACTED – MOTION TO SEAL PENDING

-1-
SECOND SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFFS' UNOPPOSED
MOTION FOR APPROVAL OF PAGA SETTLEMENT

**GUNDZIK GUNDZIK HEEGER LLP**
Aaron C. Gundzik (SBN 132137)
Rebecca G. Gundzik (SBN 138446)
14011 Ventura Blvd., Suite 206E
Sherman Oaks, CA 91423
Telephone: (818) 290-7461
Facsimile: (818) 918-2316
Email: aaron.gundzik@gghllp.com

Plaintiffs Ravi Whitworth, Javier Frias, Greg Carranza, and Joshua Arguelles submit this supplemental briefing in response to the issues that the Court identified in its April 20, 2023 order on the hearing for Plaintiffs' Unopposed Motion for Approval of PAGA Settlement. ECF No. 199. In addition to this brief, Plaintiffs submit the Second Supplemental Declaration of Jahan C. Sagafi in Support of Plaintiffs' Unopposed Motion for Approval of PAGA Settlement ("Second Supplemental Sagafi Decl.")[1]; Supplemental Declaration of Christina Humphrey in Support of Plaintiffs' Unopposed Motion for Approval of PAGA Settlement ("Supplemental Humphrey Decl.")[2]; and Declaration of Aaron Gundzik in Support of Plaintiffs' Unopposed Motion for Approval of PAGA Settlement ("Gundzik Decl.").

## I. Issue 1:  The PAGA-Only Settlement Does Not Require Deduction for Payroll Taxes Because 100% of the Individual PAGA Payments Will Be Considered Penalties.

The Court asked Plaintiffs to address whether payroll taxes would be deducted from the Settlement Amount:

> **Payroll taxes**: Ms. Humphrey's declaration says that no payroll taxes will be deducted from the gross settlement amount and will be paid separately if required. As support she cites to the Settlement Agreement, p. 2, section I(8). (Dkt. No. 190-1 at 13.) But that Settlement Agreement section says nothing about payroll taxes and the Court's own review of the Agreement does not reveal any provision about payroll taxes.

ECF No. 199 at 1.

Because all monetary relief under the Settlement is in the form of PAGA civil penalties, 100% of the Individual PAGA Payments are being treated as non-wage income and are not subject to withholdings or deductions. ECF No. 190-1 at 74.

---

[1] Plaintiffs' Counsel provide a breakdown of hourly rates for each Outten & Golden LLP biller. Second Supplemental Sagafi Decl. ¶ 3. Plaintiffs' Counsel also provides cases where Outten & Golden's rates have been approved by other courts. *Id.* ¶ 3.

[2] The Court stated that "Ms. Humphrey's lodestar is calculated based on the same hourly rate as Mr. Sagafi[,] who has been practicing nine years longer." ECF No. 199 at 3. Plaintiffs note that Mr. Sagafi is a 2001 law school graduate, and Ms. Humphrey is a 2001 law school graduate. Supplemental Humphrey Decl. ¶ 6.

## II. Issue 2: Plaintiffs Provide Evidence that They Served the Settlement Agreement and Settlement Approval Motion on the LWDA.

The Court noted:

> **Notice to the LWDA:** While the Settlement Agreement requires Plaintiffs to serve the LWDA with a copy of the Agreement at the time the motion for approval is filed, Plaintiffs have not submitted a declaration attesting that they did so. (Dkt. No. 190-1, Settlement Agreement at § IV.9.)

ECF No. 199 at 1.

On January 13, 2023, the same day Plaintiffs submitted their Unopposed Motion for Approval of PAGA Settlement to the Court, Plaintiffs served the Settlement Agreement and motion on the LWDA. Attached is the PAGA Notice Public Search - Case, which evidences Plaintiffs' service of the documents on the LWDA. *See* Second Supplemental Sagafi Decl. ¶ 1, Ex. A.

## III. Issue 3: Plaintiffs Submit that the Attorneys' Fees and Costs Request Is Reasonable for the Reasons Addressed Below in Addition to the Reasons in Plaintiffs' Motion and Supplemental Motion.

### A. The Law Firm of Gundzik Gundzik Heeger LLP ("GGH") Performed Work on the Now-Dismissed Los Angeles County Superior Court Case on Behalf of Plaintiff Joshua Arguelles and the Aggrieved Employees.

The Court requested details on GGH's work for this case:

> Plaintiffs indicate the lodestar includes $33,387 in fees for work done by Gundzik & Gundzik, but Gundzik & Gundzik has never entered an appearance in this matter and there is no explanation in either Ms. Humphrey or Mr. Sagafi's declarations as to what work they performed in this matter. (Dkt. No. 180-2, Sagafi Decl. at ¶ 45(stating that Gundzik & Gundzik's lodestar is $33,387 without any discussion).)

ECF No. 199 at 2.

In July 2020, GGH entered into a retainer agreement with Joshua Arguelles. Gundzik Decl. ¶ 8. GGH submitted a letter to the LWDA notifying the agency of Tesla's alleged violations of the California Labor Code on behalf of Mr. Arguelles in August 2020. *Id.* In October 2020, GGH and Caskey & Holzman filed a PAGA action in Los Angeles County Superior Court and a first amended complaint in January 2021. *Id.* ¶ 9. That complaint overlapped substantially with the allegations in this Action. *Id.* ¶ 15.

Between July 2021 and July 2021, in addition to investigating the claims, filing the PAGA letter, and drafting the complaint, Mr. Arguelles's counsel engaged in discovery and prepared and sent out *Belaire-West* notices. *Id.* ¶¶ 12-14. GGH learned of this Action in May 2021, after which

-4-

1  Mr. Gundzik discussed the nature of the related cases with Mr. Sagafi of Outten & Golden LLP.
2  *Id.* ¶ 15.  GGH and Outten & Golden, together with Christina Humphrey, determined it would be
3  most efficient for Outten & Golden and Christina Humphrey to take over litigation of Mr.
4  Arguelles's case.  *Id.* ¶ 16.  After August 2021, GGH did not expend significant time on this case.
5  *Id.*  Mr. Arguelles was added as a plaintiff in this case and his Los Angeles Superior Court case
6  was dismissed.  *Id.* ¶ 17.
7      In total GGH spent over 46 hours litigating *Arguelles* and incurred $2,990.80 in costs as
8  filing and jury fees.  *Id.* ¶ 18.  Aaron C. Gundzik entered his appearance for Plaintiffs in this action
9  on April 21, 2023 in response to the Court's inquiry about his contributions.  ECF No. 200.

### B. Plaintiffs' Counsel Received $▮▮▮▮▮▮ in Fees in the Arbitration Settlements.

The Court stated the following about Plaintiffs' request for attorneys' fees and seeks additional information regarding the amount of attorneys' fees obtained through the arbitration of Plaintiffs' claims:

> Plaintiffs have not identified what amount Plaintiffs' counsel received in attorney's fees as part of the prior settlements. Mr. Sagafi's declaration states that:
>
>> Details about the arbitrations and their resolutions are confidential. Assuming Plaintiffs' counsel received fees of $200,000 the impact on total lodestar described above would be negligible. Because the requested fee is $600,000 and total lodestar is $2,065,282, even subtracting $200,000 would yield an adjusted lodestar multiplier of $600,000/$1,865,282, 0.32x, which is still far below the typical fee recovery in PAGA settlements. A full breakdown of time can be provided to the Court upon request.)
>
> (Dkt. No. 180-2 at ¶ 46.) The Court has no idea if the "assumption" is simply made up or close to the actual amount. And Ms. Humphrey's declaration includes no similar information regarding what amount her firm might have received in settlement. Regardless, to make an informed decision as to an appropriate fee award, the Court must know what Plaintiffs' counsel have already been paid for the work on which they are seeking an additional fee award. To address confidentiality concerns, such submission can be made under seal consistent with N.D. Cal. Civ. L.R. 79-5.

ECF No. 199 at 2.

> Relatedly, regarding Plaintiffs' costs, the Court notes:
>
> Plaintiffs' counsel also seek $180,821 in their actual costs. (Dkt. No. 190-1, Humphrey Decl. at ¶ 52; Dkt. No. 190-2, Sagafi Decl. at ¶ 47.) Mr. Sagafi's

    supplemental declaration includes a cost breakdown (Dkt. No. 193-1), but the declaration does not address whether they recovered any portion of their costs as part of the individual settlements.

ECF No. 199 at 3.

    As part of the settlement of Plaintiffs' arbitration claims, Plaintiffs[3] received $███ in attorneys' fees and no costs. *See* Second Supplemental Sagafi Decl ¶ 4. In December 2020, SolarCity conveyed to us, for each Plaintiff, a confidential settlement offer. In each offer, SolarCity specified ███████████████████████████████████████████████." The total amount of fees offered in those five offers was $███.

    The arbitrations covered both the non-PAGA individual wage and hour claims of each Plaintiff as well as, for Mr. Carranza, his wrongful termination claim for disability discrimination and retaliation. Mr. Carranza was injured in an accident while driving to work in a SolarCity van and suffered brain damage and extensive nerve damage to his arm. SolarCity accommodated Mr. Carranza by allowing him to work in the warehouse after he recovered, but then terminated him after the class action lawsuit was filed. The original complaint for Mr. Carranza's claims was filed in Santa Cruz Superior Court and later compelled to arbitration. *See* Supplemental Humphrey Decl. ¶ 3, Ex. A.[4]

    Because activity in the arbitrations was confidential, Plaintiffs understood that they could not provide any actual information or evidence from those arbitrations with anyone outside the arbitration process, including the Court. Recognizing that fees paid via the arbitration settlements are certainly relevant to the Court's assessment of the reasonableness of Plaintiffs' pending motion for Settlement approval and fees, Plaintiffs determined that the safest and most appropriate way to disclose that information would be to provide a conservative estimate that deliberately overstated

---

[3] Plaintiffs' Counsel Outten & Golden LLP and Christina Humphrey Law, P.C. received these fees from the settlement of all five individual arbitrations, which were brought on behalf of Plaintiffs Whitworth, Whitford, Frias, Farrokhi, and Carranza. Plaintiff Arguelles was not ordered to individual arbitration.

[4] Ms. Humphrey excluded the time and costs incurred in Mr. Carranza's individual non-wage and hour claims for purposes of calculating her lodestar set forth in the previous declaration provided to the Court. Those hours were tracked separately. Supplemental Humphrey Decl. ¶ 5.

1  fees received (which would understate Plaintiffs' entitlement to fees in this pending motion).  In
2  light of the Court's question for further information, Plaintiffs asked SolarCity's permission to
3  share the fee figure listed above with the Court, under seal.  SolarCity has agreed.

4        Having disclosed this figure, Plaintiffs are now able to present a more precise calculation to
5  support their request for $600,000 in fees from the PAGA action.  The total lodestar figure
6  Plaintiffs provided to the Court in their initial motion was $2,065,282.  ECF No. 190 at 27.
7  Plaintiffs revise this figure in two ways: (1) by providing 2022 (as opposed to historical) rates for
8  Outten & Golden (which results in an increased lodestar amount for Outten & Golden), and (2) by
9  decreasing rates for Christina Humphrey Law, P.C. to reflect rates approved by other courts (which
10 results in a decreased lodestar amount for Christina Humphrey Law, P.C.).[5]  The revised lodestar
11 for those hours worked is $1,881,305 (which excludes the time worked since filing the settlement
12 approval motion in January 2023).  *See* Second Supplemental Sagafi Decl ¶ 3; Supplemental
13 Humphrey Decl. ¶ 8.  Once the arbitration settlement fees are subtracted, the net lodestar is
14 $■■■■.  Whereas Plaintiffs' initial motion calculated a 0.29x lodestar multiplier, the revised
15 lodestar multiplier is ■■ x ( $600,000 / ( $1,881,305 - $■■■■ ) ).

16       For the reasons stated in the initial motion, ECF No. 190 at 27-28, Plaintiffs respectfully
17 submit that $600,000 is a reasonable fee in light of the work performed and recovery achieved for
18 the State and the Aggrieved Employees.

19       With respect to costs, because the total costs of $180,821.14 exceed the negotiated cap of
20 $180,000, Plaintiffs are requesting reimbursement for only the $180,000 allowed under the
21 settlement.  Again, for the reasons stated in the initial motion, ECF No. 190 at 27-28, Plaintiffs

---

[5] Outten & Golden's lodestar has been adjusted upward from $890,131.00, ECF No. 190-2 at 16 (using historical hourly rates) to $928,812.75, Second Supp. Sagafi Decl. ¶ 3 (using 2022 rates, as is customary).  Christina Humphrey Law, P.C.'s lodestar has been adjusted downward from $1,141,763.42 (using rates comparable to Outten & Golden), ECF No 190-1 at 21, to $919,106 (using rates approved by other courts), Supplemental Humphrey Decl. ¶¶ 7-8.  Because Plaintiffs' counsel have performed additional work in the months since those data were calculated, the true lodestar amount is now higher.

1  respectfully submit that they should be reimbursed for $180,000 of the costs they actually
2  expended to achieve this result.

Dated:  April 26, 2023

Respectfully submitted,

By: /s/ Jahan C. Sagafi_____
Jahan C. Sagafi (Cal. Bar No. 224887)
jsagafi@outtengolden.com
**OUTTEN & GOLDEN LLP**
One California Street, 12th Floor
San Francisco, CA 94111
Telephone:  (415) 638-8800
Facsimile:  (415) 638-8810

Christina A. Humphrey (Cal. Bar No. 226326)
christina@chumphreylaw.com
**CHRISTINA HUMPHREY LAW, PC**
1117 State Street
Santa Barbara, CA 93101
Telephone: (805) 618-2924
Facsimile: (805) 618-2939

Aaron C. Gundzik (SBN 132137)
aaron.gundzik@gghllp.com
Rebecca G. Gundzik (SBN 138446)
rebecca.gundzik@gghllp.com
**GUNDZIK GUNDZIK HEEGER LLP**
14011 Ventura Blvd., Suite 206E
Sherman Oaks, CA 91423
Telephone: (818) 290-7461
Facsimile: (818) 918-2316

*Attorneys for Plaintiffs and Aggrieved Employees*

SECOND SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFFS' UNOPPOSED
MOTION FOR APPROVAL OF PAGA SETTLEMENT