Jahan C. Sagafi (SBN 224887)
**OUTTEN & GOLDEN LLP**
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800
Facsimile: (415) 638-8810
Email: jsagafi@outtengolden.com

Christina A. Humphrey (SBN 226326)
**CHRISTINA HUMPHREY LAW, P.C.**
1117 State Street
Santa Barbara, CA 93101
Telephone: (805) 618-2924
Email: christina@chumphreylaw.com

*Counsel for Plaintiffs and the Aggrieved Employees*

[Additional Counsel Listed on Next Page]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| RAVI WHITWORTH, JAVIER FRIAS, GREG CARRANZA, and JOSHUA ARGUELLES on behalf of themselves, the State of California, and all other aggrieved employees,<br><br>Plaintiffs,<br><br>v.<br><br>SOLARCITY CORP. and TESLA ENERGY OPERATIONS, INC.,<br><br>Defendants. | Case No. 3:16-cv-01540-JSC<br><br>[~~PROPOSED~~] JUDGMENT RE: APPROVAL OF SETTLEMENT<br><br>Judge: Jacqueline Scott Corley<br>Courtroom: Courtroom 8—19th Floor |

1  **GUNDZIK GUNDZIK HEEGER LLP**
   Aaron C. Gundzik (SBN 132137)
2  Rebecca G. Gundzik (SBN 138446)
   14011 Ventura Blvd., Suite 206E
3  Sherman Oaks, CA 91423
   Telephone: (818) 290-7461
4  Facsimile: (818) 918-2316
   Email: aaron.gundzik@gghllp.com
5
   *Counsel for Plaintiffs and the Aggrieved*
6  *Employees*

7  **MORGAN, LEWIS & BOCKIUS LLP**
   John S. Battenfeld, Bar No. 119513
8  Brian D. Fahy, Bar No. 266750
   Daniel R. Rodriguez, Bar. No. 323955
9  john.battenfeld@morganlewis.com
   brian.fahy@morganlewis.com
10 daniel.rodriguez@morganlewis.com
   300 South Grand Avenue
11 Twenty-Second Floor
   Los Angeles, CA 90071-3132
12 Tel: 1.213.612.2500
   Fax: 1.213.612.2501
13
   *Attorneys for Defendant*
14 *Tesla Energy Operations, Inc. formerly known*
   *as SolarCity Corporation*
15

| | |
|---|---|
| 1 | The Court, having considered Plaintiffs' Ravi Whitworth, Javier Frias, Greg Carranza, and |
| 2 | Joshua Arguelles' Unopposed Motion for Approval of Private Attorneys General Act (PAGA) |
| 3 | Settlement, the PAGA Representative Action Settlement and Release Agreement ("Settlement |
| 4 | Agreement"), and all evidence and supplemental briefing filed in support thereof, and GOOD |
| 5 | CAUSE appearing, HEREBY ORDERS THE FOLLOWING: |
| 6 | 1.    The Court hereby grants approval of the Labor Code Private Attorneys General |
| 7 | Act ("PAGA") Settlement pursuant to California Labor Code § 2699(l)(2). |
| 8 | 2.    This Order incorporates by reference the definitions in the Settlement Agreement |
| 9 | and all terms defined therein shall have the same meaning in this Order. |
| 10 | 3.    The Court finds that the Settlement Agreement has been submitted to the Labor |
| 11 | and Workforce Development Agency ("LWDA") in conformity with California Labor Code § |
| 12 | 2699(l)(2), and that the LWDA has not sought to intervene or appear in the Action. |
| 13 | 4.    The PAGA Settlement Employees covered by the Settlement consist of the |
| 14 | following individuals: approximately 6,210 current and former non-exempt employees who |
| 15 | worked for Defendant with job titles such as Photo Installer, Junior Installer, Crew Lead, PV |
| 16 | Installer and other similar job roles to install, repair, and/or maintain solar power units located in |
| 17 | customers' homes or worksites in California at any time from April 14, 2015 through September |
| 18 | 1, 2022. |
| 19 | 5.    The Court finds that the parties reached the Settlement as a result of arms-length |
| 20 | negotiations and that the settlement is fair, reasonable and adequate in view of PAGA's purposes |
| 21 | to remediate present labor law violations, deter future ones, and to maximize enforcement of state |
| 22 | labor laws. *See Patel v. Nike Retail Servs.*, No. 14-cv-04781-RS, 2019 U.S. Dist. LEXIS 77988, |
| 23 | at *5 (N.D. Cal. May 8, 2019); *Moniz v. Adecco USA, Inc.*, 72 Cal. App. 5th 56, 77 (2021).  The |
| 24 | Court has considered the nature of the claims, the procedural history of the case, the amounts to |
| 25 | be paid under the Settlement, the involvement of an experienced private mediator to facilitate the |
| 26 | Settlement, the risks of continued litigation that Plaintiffs would face, the potential civil penalties |
| 27 | recoverable by Plaintiffs  and Defendant's defenses to such claimed penalties well as the potential |
| 28 | |

Court reduction of penalties, and the fact that a settlement represents a compromise of the parties' respective positions rather than the result of a finding of liability at trial.

6.  Pursuant to California Labor Code § 2699(l)(2), the Court has reviewed the sum allocated for payment of penalties under PAGA ("PAGA Payment"), and determined that the PAGA Payment is fair, reasonable, and adequate. The Court hereby approves the PAGA Payment. The PAGA Payment shall be $697,500, which equals the Gross Settlement Amount ($1,500,000) less the approved Attorneys' Fees and Costs of $780,000, and Settlement Administrators' Fees and Costs of $22,500. Seventy-five percent (75%) of the PAGA Payment shall be distributed to the LWDA ("LWDA Payment") and twenty-five percent (25%) of the PAGA Payment shall be distributed to the PAGA Settlement Employees ("Individual PAGA Payments") in accordance with this Order and Judgment and the Settlement Agreement.

7.  The Court hereby directs the parties to effectuate, and the Settlement Administrator to administer, the Settlement and to make the payments as provided by the Settlement Agreement.

8.  The Court finds that Plaintiffs' Counsel has adequately represented the Plaintiffs, the PAGA Settlement Employees, and the LWDA for purposes of entering into and implementing the Settlement. The Court approves the payment of $600,000 in fees and $180,000 in costs to Plaintiffs' Counsel.

9.  The Court approves the payment of $22,500 to the Settlement Administrator, ILYM Group, Inc., for Administrator Costs, which the Settlement Administrator shall pay itself in accordance with the Settlement Agreement.

10. The Court has reviewed and approves the Notice of Settlement and Your Payment letter, for distribution to the PAGA Settlement Employees.

11. Defendant is directed to deposit the Gross Settlement Amount with the Settlement Administrator thirty (30) calendar days after the Effective Date, as defined in the Settlement Agreement.

12. Within seven (7) calendar days after the receipt of the Gross Settlement Amount, the Settlement Administrator will pay from the Gross Settlement Amount to the LWDA the

LWDA Payment, and will pay to Plaintiffs' Counsel the Attorneys Fees and Costs as approved by the Court. The Settlement Administrator will issue to each PAGA Settlement Employee at their last known address a check for their Individual PAGA Payment within fifteen (15) calendar days after the receipt of the Gross Settlement Amount.

13. The sum total of Settlement checks issued to PAGA Settlement Employees that are not cashed within 180 calendar days from the date the checks were issued will be paid to California Rural Legal Assistance, Inc., as *cy pres*.

14. Upon the Effective Date, Plaintiffs on behalf of themselves, the LWDA, and the PAGA Settlement Employees, will fully release the Released Parties of the PAGA Released Claims, as set forth in the Settlement Agreement. In accordance with California law as stated in *inter alia Arias v. Superior Court* (2009) 46 Cal. 4th 969, 985, a judgment "in a representative action brought by an aggrieved employee under the Labor Code Private Attorneys General Act of 2004 … is binding not only on the named employee plaintiff but also on government agencies and any aggrieved employees not a party to the proceeding." Thus, the named Plaintiffs, the LWDA and related state agencies, and all PAGA Settlement Employees are bound by this Order and Judgment.

15. Notice of this Order and Judgment shall be given to the LWDA by submission through the online system established for the filing of notices and documents, in conformity with California Labor Code § 2699(1)(3).

16. Judgment in this matter is entered in accordance with the terms of the Settlement Agreement and the Court directs the Clerk of the Court to enter the Court's Order as a Judgment. This Judgment is intended to be a final disposition of the above captioned action in its entirety, but is not and may not be construed as a finding or admission of any violations or wrongdoing by Defendant. The Court hereby dismisses with prejudice Plaintiffs' individual and representative PAGA claims.

17. Without affecting the finality of the Court's judgment in any way, the Court will retain continuing jurisdiction over this matter for purposes of supervising the implementation, enforcement, construction, administration, and interpretation of the Settlement Agreement and

this Order and Judgment. Nothing herein will preclude any action to enforce the parties' obligations under the Settlement Agreement.

18. Neither the Settlement nor any of the terms set forth in the Settlement Agreement are admissions by Defendant, or any of the Released Parties, of liability or violations as to any of the allegations alleged in the Action, all of which are denied by Defendant, nor is this Order and Judgment a finding of any Labor Code or other violations by Defendant or of the validity of any claims in the Action, or of any wrongdoing by the Defendant, or any of the Released Parties.

**IT IS SO ORDERED.**

DATED: May 9, 2023

_____
Hon. Judge



GRANTED
Judge Jacqueline Scott Corley